UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **MICHAEL DAWE,** | \| |
| Plaintiff | \| |
| | \| |
| v. | \|   C.A. No. 04-40192 |
| | \| |
| **CAPITAL ONE BANK,** | \| |
| Defendant. | \| |

### CAPITAL ONE BANK'S MOTION TO AMEND ITS ANSWER

Defendant Capital One Bank ("Capital One") hereby moves for leave to amend its answer to the complaint filed by plaintiff Michael Dawe ("Dawe") and to file the proposed Amended Answer attached hereto as Exhibit A. In reviewing its answer to the complaint and the documents attached to the complaint, Capital One has discovered that it inadvertently admitted that the copies of certain dated documents attached as exhibits to the complaint were "true and accurate" when, upon further review, it appears that the plaintiff's complaint misstated the dates that appear on the face of the documents. In paragraph 19, the plaintiff alleged that "a true and accurate copy of ASG's November 10, 2004, collection letter is attached," and in paragraph 20, the plaintiff alleged that "a true and accurate copy of ASG's November 19, 2004, collection letter is attached." In fact, the only letters from ASG (Account Solutions Group LLC) attached to the complaint are letters dated "11-10-03" and "11-19-03." Therefore, although Capital One inadvertently admitted the allegations in these paragraphs, it appears that the allegations contained in these paragraphs are not consistent with the documents to which they refer and, accordingly, these allegations should properly be denied.

Under the Federal Rules of Civil Procedure, leave of court to amend a pleading "shall be freely given when justice so requires." Fed.. R. Civ. P. 15(a). Rule 15(b) also contemplates

motions to amend in order to conform the pleadings to the evidence. Mass. R. Civ. P. 15(b). Allowance of this motion will not prejudice Dawe as discovery has only recently commenced and Capital One's proposed amendment to its answer will not delay discovery or any other phase of pre-trial preparation.

    Wherefore, Capital One requests that the Court allow its motion to amend its answer.

**CAPITAL ONE BANK**

By its attorney,

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188

Date: April 11, 2005

**EXHIBIT A**

**Proposed Amended Answer**

Case 4:04-cv-40192-FDS   Document 12   Filed 04/11/2005   Page 3 of 9

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION (WORCESTER)**

| | |
|---|---|
| **MICHAEL DAWE**        Plaintiff, <br> **V.** <br><br> **CAPITAL ONE BANK**        Defendant. | **CASE NO. 04-40192 FDS** |

I.   FIRST AMENDED ANSWER

Defendant Capital One Bank ("Capital One") answers the similarly numbered paragraphs of the Complaint as follows:

1. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

2. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

4. Admits.

5. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

6. Capital One admits that it makes credit card offers to Massachusetts residents and states that the remaining allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

7. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

8. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

9. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

10. Admits.

11. Capital One denies that the debt at issue was merely "alleged" but otherwise admits the allegations contained in this paragraph.

12. Admits.

13. Denies.

14. The document speaks for itself.

15. The allegations contained in this paragraph state conclusions of law as to which no response by Capital One is required.

16. Admits.

17. Admits.

18. Admits.

19. Denies.  Further answering, Capital One admits that a true and accurate copy of a letter from Account Solutions Group LLC dated November 10, 2003 is attached to the complaint.

20. Denies.  Further answering, Capital One admits that a true and accurate copy of a letter from Account Solutions Group LLC dated November 19, 2003 is attached to the complaint.

21. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

22. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

23. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

24. The documents speak for themselves.

25. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

26. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

27. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

28. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

29. Admits.

30. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

31. Denies.

## Count I

32. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 31 above.

33. Denies.

34. Denies.

## Count II

35. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 34 above.

36. Denies.

37. Denies.

## Count III

38. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 37 above.

39. Denies.

40. Denies.

41. Capital One is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

42. Capital One denies the allegations contained in the first sentence of this paragraph, admits that it continued to attempt to collect on the plaintiff's debt after the dismissal of the collection action referred to in the complaint, and denies the remaining allegations contained in this paragraph.

43. Admits.

44. Denies.

## Count IV

45. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 44 above.

46. Denies.

47. Denies.

## Count V

48. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 47 above.

49. Denies.

50. Denies.

## Count VI

51. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 50 above.

52. Denies.

53. Denies.

54. Denies.

## Count VII

55. Capital One incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 54 above.

56. Denies.

57. Denies.

## First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by his own negligence.

## Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the negligence or other acts or omissions of third parties for whose conduct Capital One is not responsible.

**Fifth Affirmative Defense**

Plaintiff's claims are barred because Capital One acted at all times in accordance with reasonable commercial standards.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

**Seventh Affirmative Defense**

Capital One is entitled to setoff amounts owed to Capital One by the plaintiff on his delinquent loan account against any damages awarded to the plaintiff in this case.

**Eighth Affirmative Defense**

Plaintiff's claims are barred because he has suffered no damages.

**Ninth Affirmative Defense**

Plaintiff's claims are barred because he has failed to mitigate his damages.

WHEREFORE, Capital One prays that the Court dismiss plaintiff's claims with prejudice and award Capital One its attorneys' fees and expenses in connection with defending this action.

**CAPITAL ONE BANK**

By its attorney,

_____
Bruce D. Berns (BBO# 551010)
Abendroth Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188
E-mail: Lawyers@ABWLLC.com

Date: April ___, 2005