```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS
                  CENTRAL DIVISION AT WORCESTER
```

MICHAEL DAWE,                    :         No. 04-40192-FDS
    Plaintiff            :
                         :
    v.                   :
                         :
CAPITAL ONE BANK,                :
    Defendants           :
_____

Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to File an Amended Answer
_____

Plaintiff Michael Dawe respectfully opposes Defendant's motion for leave to file an amended answer. Defendant's proposed answer is insufficient on two counts: (1) Defendant continues to fail to respond to allegations it deems to be "legal conclusions", and (2) Defendant fails to set forth the affirmative defense proffered to the Court during the March 25, 2005, scheduling conference. Defendant declined to correct the responses or include the affirmative defense during an April 13, 2005, telephone conference. Based upon the deficiencies in Defendant's proposed

answer, the Court should deny Defendant's motion.[1]

First, Defendant's proposed answer, as in the original, fails to respond to paragraphs 1, 3, 5, 7, 9, 14, 15 & 24, stating the paragraphs are "legal conclusions" that do not require responses. Under Rule 8, however, there are only three valid responses: "admitted", "denied", or "denied for lack of knowledge". <u>Farrell v. Pike</u>, 342 F. Supp.2d 433, 440-41 (M.D.N.C. 2004); <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); <u>cf</u>. <u>Sinclair Refining Co., v. Howell</u>, 222 F.2d 637, 639-40 (5th Cir. 1955) (failure to respond to an allegation is an admission of that allegation). The response "legal conclusion", an artifact from 19th century technical pleading, and has no efficacy under the modern rules. 5 Wright & Miller, <u>Federal Practice and Procedure</u> s. 1218, pp. 273-76 (Thomson-West 3d ed. 2004).

Rule 8's requirement of a response is meant to pare away the undisputed issues. <u>Farrell</u>, 342 F. Supp.2d at 441 (citing 5 Wright & Miller, s. 1261, pp. 526-28). If a defendant can state that an allegation does not need a response, then the defendant leaves the

---

[1] Mr. Dawe could have left Defendant's motion unopposed, then filed his own motion for a more definite statement. Mr. Dawe chose to oppose Defendant's motion as the most expeditious method for addressing these issues. Mr. Dawe realizes that Defendant should be given an opportunity to respond; Mr. Dawe would not oppose Defendant's filing of a reply memorandum.

issue in limbo: Will the defendant dispute the issue, or will the defendant eventually agree to the assertion? In the meantime, discovery ensues, and a diligent plaintiff will have no choice but to expend time and money pinning down the facts that support the assertion, perhaps unnecessarily.

Indeed, the issues unresponded-to by Defendant concern elements of Mr. Dawe's claims. <u>Cf.</u>, <u>e.g.</u>, Complaint, par. 7 (Defendant is engaged in "trade or commerce" within the Commonwealth). Mr. Dawe can spend time and money pinning down the facts that prove Defendant -- a national credit card company that is registered with the Massachusetts Secretary of State -- engages in trade or commerce, or Defendant can simply admit (or deny) the obvious, as required by the rules.

Second, Defendant stated an additional affirmative defense during the March 25 scheduling conference. Since this affirmative defense appears neither in the original complaint nor the proposed amended complaint, Mr. Dawe is unsure exactly what this affirmative defense entails. It is clear that Defendant claims that the state court default judgment, issued in favor of Mr. Dawe, is not a bar to Defendant's continued attempts to collect the alleged debt. Does Defendant claim that the default judgment does not extinguish the alleged debt? Does Defendant claim that the judgment only precludes Defendant from filing suit again? Or does Defendant claim that the default, an "adjudication on the

merits", is not a dismissal with prejudice? Mr. Dawe -- and the Court -- are unfairly left to speculate.

During the scheduling conference, the Court indicated that an early motion to determine the law might be appropriate. Mr. Dawe, however, can have no chance to file such a motion if Defendant refuses to divulge the specifics of its key affirmative defense.[2] Indeed, Mr. Dawe is unsure what to ask during discovery since a direct question -- "Please state the facts supporting your affirmative defenses" -- will no doubt be met with objections such as "immune attorney work product" and "Defendant is under no duty to do Plaintiff's legal research".

Of course, an amended answer addressing these issues would be acceptable and, unless a serious defect appeared on its face, Mr. Dawe would not oppose another motion by Defendant for leave to file. Given Defendant's current unwillingness to admit (or deny) obvious facts and to divulge its one viable affirmative defense,

---

[2] Defendant's other affirmative defenses are typical boilerplate with no facts alleged to support them. For example, Defendant states there is a defense of statute of limitations, but fails to state which statute and what dates were missed. Cf. Shecter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) (affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

the Court should deny Defendant's motion for leave to file an amended answer.

                    Respectfully submitted,

                    /s/ Jason David Fregeau

                    Jason David Fregeau,
                    Trial Attorney (565657)

                    47 Lincoln Road
                    Longmeadow, MA 01106
                    413/567-2461
                    413/567-2932 fax

                    Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to File an Amended Answer has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 15th day of April, 2005.

                    /s/ Jason David Fregeau
                    _____
                    Jason David Fregeau, Esq.