UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL DAWE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.<br>) 04-40192-FDS |
| CAPITAL ONE BANK, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO AMEND ITS ANSWER

**SAYLOR, J.**

This case involves allegations of unfair credit practices on the part of Capital One Bank brought by an alleged debtor, Michael Dawe. Capital One has moved for leave to amend its answer to correct responses to two paragraphs that it inadvertently, and erroneously, admitted. Dawe opposes Capital One's motion, although he does not directly address the issue of the proposed amendment. Instead, he claims that Capital One's proposed amended answer is deficient in two respects: (1) Capital One has failed to respond to allegations that it deems to be legal conclusions, and (2) Capital One has failed to set forth a certain "affirmative defense" regarding prior litigation between the parties that involved Capital One's efforts to collect Dawe's alleged debt. The Court will consider each argument in turn, bearing in mind that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Court rejects Dawe's first argument—that, under Rule 8, Capital One is not permitted to state that certain allegations contain "legal conclusions" as to which no answer is required.

Even if Rule 8(b) is interpreted in such a narrow manner, *see Farrell v. Pike*, 342 F. Supp. 2d 433, 440-41 (M.D.N.C. 2004), that is not a proper basis for denying the motion to amend. While perhaps not perfect, Capital One's proposed amended answer sufficiently puts Dawe on notice with respect to those aspects of the case that it intends to contest. Under the circumstances, to disallow Capital One's motion to amend on the basis of what is, at most, an unrelated technical pleading infraction would be unduly harsh.

The Court also rejects Dawe's second argument—that Capital One's proposed amended complaint is insufficient because it fails to raise a certain unnamed "affirmative defense." Dawe apparently contends that Capital One was obliged in its answer to reveal its position with respect to the continued viability of Dawe's alleged debt. At the outset, it is not at all clear that this is an "affirmative defense" within the meaning of Fed. R. Civ. P. 8(c), as opposed to Capital One's theory of the case. Rule 8(c) sets forth a laundry list of affirmative defenses that must be raised by way of pleading. Failure to raise one of those affirmative defenses is no reason to deny a motion to amend. Such failure carries its own consequences, and, when and if Capital One does attempt to raise an affirmative defense that it failed to place in its answer, Dawe is free to file a motion to strike or otherwise contest Capital One's position.

For the reasons stated above, Capital One's motion to amend is hereby GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Date: May 9, 2005