UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| MICHAEL DAWE, \|<br>      Plaintiff   \|<br>                   \|<br>v.                     \|   C.A. No. 04-40192<br>                   \|<br>CAPITAL ONE BANK, \|<br>      Defendant. \| | |

**MEMORANDUM OF LAW IN SUPPORT OF CAPITAL ONE BANK'S
MOTION TO COMPEL ANSWERS TO INTERROGATORIES
<u>AND PRODUCTION OF DOCUMENTS</u>**

Defendant Capital One Bank ("Capital One") has moved pursuant to Local Rule 37.1(B) to compel plaintiff Michael Dawe ("Dawe") to provide more complete answers to interrogatories and responses to document requests. Despite efforts to confer to narrow the contested issues, the parties have been unsuccessful in this regard, thus necessitating this motion.

**Nature of the Case and Facts Relevant to Discovery Matters**

In September 2000, Dawe accepted an offer from Capital One for a loan in the amount of $15,381.00 and this amount was paid to him on or about September 22, 2000. From October 2000 through March 2002, the plaintiff made monthly payments of $262.55 to Capital One. As of March 26, 2002, the outstanding balance on Dawe's loan account with Capital One was $12,290.66. Aside from a $10.00 payment that Dawe sent to Capital One on April 23, 2002, accompanied by a letter in which he attempted to induce Capital One to accept the payment as full and final payment of his entire debt, no additional payments were made by Dawe and, in December 2002, Capital One commenced an action in Worcester District Court (the "State Court Action") to collect the debt owed by Dawe to Capital One.

In June 2003, Dawe moved to dismiss the State Court Action based upon Capital One's alleged failure to provide complete answers to interrogatories as ordered by the state court, and

his motion was allowed on June 10, 2003. At the same time, Dawe voluntarily dismissed his counterclaim against Capital One in which he sought to avoid the debt. Subsequently, a few attempts were made by a collection agency retained by Capital One to contact Dawe and a number of letters were sent to him, in one case requesting that he pay the amount he owed to Capital One and in another case offering to substantially reduce the amount of the debt in exchange for payment of the reduced amount. In April 2004, in response to a letter from Dawe, Capital One advised Dawe in writing that Capital One had "discontinued collection efforts which should prevent the receipt of additional calls or letters intended for the purpose of debt collection," but reminded him that he continued to have an unpaid debt to Capital One in the amount of $16,032.46.

In his complaint, Dawe claims that Capital One violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681u ("FCRA"), by continuing to attempt to collect the plaintiff's delinquent debt and by continuing to report that delinquency to consumer credit agencies after the State Court Action was dismissed. He also asserts state law claims under Mass. Gen. Laws Chapter 93A and for negligent and intentional infliction of emotional distress, negligence and defamation. The stated basis for the plaintiff's complaint against Capital One is that the state court judge "found" the debt to be "un-owed" even though no such finding was made by the state court, and that the dismissal was "with prejudice" and thus an "adjudication on the merits" thereby precluding Capital One from continuing to attempt to collect the debt. It is Capital One's position that the dismissal of the state court action, even if it is an "adjudication on the merits," did not eliminate Dawe's underlying debt to Capital One and, since the underlying debt

is valid,[1] Capital One was and is not precluded by FCRA from either attempting to collect the debt or reporting the debt to consumer credit reporting agencies.

In an initial attempt to narrow the issues in dispute, Capital One's counsel wrote to plaintiff's counsel to explain the reasons why the plaintiff's objections were without merit and to state the basis for Capital One's position with respect to the contested issues. A true and accurate copy of Capital One's letter is attached hereto as Exhibit A hereto. Plaintiff's counsel rejected virtually all of Capital One's positions on these issues in a letter dated May 17, 2005, a true and accurate copy of which is attached hereto as Exhibit B. A telephone conference was held on May 18, 2005, at 9:00 a.m. between counsel for Capital One and counsel for Dawe. In that conference, Dawe's counsel advised that his letter of May 17, 2005, was his "final word" and that he would "look forward to" Capital One's motion to compel. Capital One's motion followed.

**ARGUMENT**

A.  **CAPITAL ONE IS ENTITLED TO DISCOVERY REGARDING DAWE'S DEBT AND DAWE'S REFUSAL TO PRODUCE DOCUMENTS PERTAINING TO THE DEBT BASED SOLELY UPON HIS LITIGATION POSITION THAT THE DEBT WAS ELIMINATED BY THE DISMISSAL OF THE STATE COURT ACTION IS IMPROPER**

On substantially identical grounds of "lack of relevance," Dawe objected to six of Capital One's document requests and three of Capital One's interrogatories that requested documents and information pertaining to the origination of the underlying loan from Capital One to Dawe; his payment of some of the payments due in connection with the loan and his refusal to pay the remainder of the balance due; and any defenses that he might claim to have that could justify non-payment or that might otherwise make the debt uncollectible aside from his purported claim

---

[1] Capital One believes that this legal issue can be resolved on a motion for summary judgment or partial summary judgment and anticipates filing such a motion. In order to proceed with such a motion, however, Capital One has sought, and the plaintiff has refused to provide, discovery pertaining to the validity of the underlying debt.

3

that the dismissal of the State Court Action precludes collection, which is the fundamental legal issue raised by the plaintiff's complaint in this action. These document requests and interrogatories are grouped together below because the issue raised by each of the requests is the same and Capital One's argument therefore applies equally to all of them:

*Contested Document Requests*

1. Copies of all written communications between you and Capital One.

2. Copies of all written communications between you and American Arbitration Forum, Inc., including but not limited to all documents delivered by you to American Arbitration Forum, Inc. and all documents delivered by American Arbitration Forum, Inc. to you.[2]

7. Copies of all monthly or other periodic statements, disclosures and other printed material delivered to plaintiff in connection with Capital One personal loan account numbered 781260-1777706746.

8. Copies of all checks received from Capital One in connection with personal loan account numbered 781260-1777706746.

9. Copies of all checks that you delivered to Capital One in connection with personal loan account numbered 781260-1777706746.

10. Copies of all written contracts between you and Capital One.

*Plaintiff's Response to Document Requests 1, 2, 7, 8, 9, and 10*

Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim. Consequently, all communications prior to filing suit, December 17, 2002, are beyond the scope. All communications after December 17, 2002, were provided with Mr. Dawe's Rule 26 disclosures or accompany this response.

---

[2] In correspondence with Capital One, Dawe demanded $13,469.32 from Capital One in payment of a purported arbitration award issued by the American Arbitration Forum, Inc., an Internet-based group that facilitates sham arbitrations of credit disputes. *See* Exhibit D hereto. Capital One did not agree to participate in this sham. If the plaintiff does not intend to assert the bogus arbitration "award" in this litigation, Capital One will withdraw this request.

*Contested Interrogatories and Responses*

14. Please state whether you received a check from Capital One in September 2000 in the amount of $15,381.00 and, if so, what you did with the check and the proceeds of the check.

    Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

15. Please state whether you claim that you are not responsible or liable to Capital One for any amounts in connection with a personal loan account with Capital One numbered 781260-1777706746 standing in the name of "Michael J. Dawe," and, if so, state the basis for your claim, including each and every reason that you claim you are not responsible or liable therefor.

    Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim. As of the date of the judgment, there can be no dispute that Mr. Dawe <u>does not</u> owe the alleged debt. (underlining in original)

16. Please state the basis for the claim in your letter of May 23, 2002 to Capital One that you deposited $15,000 with Capital One on the commencement of account 7812601777706746. [3]

    Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

*Capital One's Position*

Capital One respects, but strongly disagrees with, the plaintiff's position that the dismissal of the State Court Action had the effect, as a matter of law, of eliminating his debt to Capital One which was the subject of that action. Although plaintiff's counsel, in his response

---

[3] In a May 23, 2002 letter to Capital One, Dawe asserted that "on the commencement of this account, I deposited $15,000.00 with your organization and I am now requesting that you return it to me. … According to my information, your organization either 'originated' or 'created' the money under an account number and then debited that account to open mine, or an account number was assigned to a deficient or negative account balance and I was issued a 'line of credit' or a check on that account to commence the service. If you cannot establish that you lent me anything, then please return my deposit immediately." *See* Exhibit E hereto. This absurd proposition may have arisen from a thoroughly discredited contention that banks do not have cash to lend and unconstitutionally "create" money and credit. *See, e.g., Kolb v. Naylor*, 658 F. Supp. 520 (N.D. Iowa 1987); *Koll v. Wayzata State Bank*, 397 F.2d 124, 126 (8th Cir. 1968). If the plaintiff has abandoned this view and does not intend to assert this position in this litigation, Capital One will withdraw this request also.

5

to Capital One's attempt to narrow the issues in dispute (*see* Exhibit B hereto), contends that the state court "found" Dawe's debt to Capital One "to be un-owed," this characterization is disputed. The state court judge dismissed Capital One's claim based upon a determination that Capital One had not adequately complied with a discovery order, and therefore did not rule on the merits of either Capital One's claim or the plaintiff's counterclaim, which was voluntarily dismissed. A true and accurate copy of the plaintiff's motion to dismiss the State Court Action and the state court's judgment of dismissal is attached hereto as Exhibit C.

Even if the dismissal was "with prejudice" as the plaintiff contends, the fact that Capital One's judicial remedies may be limited under the principles of claim preclusion does not mean that the debt owed to Capital One is extinguished.[4] If the debt is not extinguished, Capital One may continue to attempt to seek payment of the debt and report the debt to consumer credit reporting agencies without violating the Fair Debt Collection Practices Act, Mass. Gen. Laws Chapter 93A, or any of the plaintiff's rights, provided that it does so in compliance with applicable fair debt collection laws.

In any case, the instant action presents a question of the law for the Court, <u>not the plaintiff</u>, to decide: whether the state court dismissal had the effect of eliminating Dawe's debt to Capital One. Until this issue is properly presented to the Court for determination, Capital One is entitled to discovery in support of its defense to the plaintiff's claims and should not be denied otherwise permissible discovery merely because the plaintiff believes that his position will prevail at trial. Accordingly, documents and information tending to show that the plaintiff is indebted to Capital One, including documents and information pertaining to the origination of

---

[4] Although the issue presented here may be one of first impression, federal courts in other jurisdictions have refused to find violations of fair debt collection laws in circumstances where a creditor attempts to collect a debt after a collection action on that debt is time-barred as long as the creditor does not threaten legal action that it cannot or does not intend to take. *See, e.g., Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 8th Cir. 2001) ("statute of limitations does not eliminate debt; it merely limits the judicial remedies available").

6

the debt (Document Request No. 10 and Interrogatory No. 14); payments that the plaintiff made towards the debt and his refusal to make further payments towards the debt (Document Requests 7, 8 and 9 and Interrogatory No. 15); and any defenses that he might have to payment of the debt (Document Requests 1 and 2 and Interrogatory No. 16) are all highly relevant to this lawsuit.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, Capital One is entitled to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Rule 26(b)(1) further provides that "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Moreover, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under this broad standard, Capital One is entitled to the documents requested in its requests numbered 1, 2, 7, 8, 9, and 10, and the information requested in its interrogatories numbered 14, 15 and 16.

**B.    CAPITAL ONE IS ENTITLED TO AN ANSWER TO INTERROGATORY NO. 17 CONCERNING THE PLAINTIFF'S COMMUNICATIONS WITH CAPITAL ONE NOTWITHSTANDING HIS CONTENTION THAT THE INTERROGATORY "REQUIRES A NARRATIVE RESPONSE"**

In Interrogatory No. 17, Capital One asked simply for the plaintiff to describe all communications he had with any agent or representative of Capital One. After all, the essence of his complaint is that Capital One communicated with him after the dismissal of the State Court Action and that such communications constitute violations of federal and state law. Nonetheless, the plaintiff refused to answer this interrogatory on spurious grounds:

> Interrogatory 17.    Please describe with particularity each and every communication between you or anyone acting on your behalf with any agent or representative of Capital One, including as to each such communication the nature of the communication (writing, telephone, meeting), the date on which the communication took place, the persons present at the time of the communication, the place the communication took place, and the substance of the communication.

7

Response: Objection. Requires a narrative response best suited for deposition. In addition, this question is prohibitively multi-part.

There is no provision in the rules of procedure that permit a party unilaterally to defer until deposition an answer to an interrogatory that is otherwise not objectionable. As noted above, a full and complete answer to this and other interrogatories may establish the basis for a motion for summary judgment (which may be what the plaintiff is hoping to avoid) without the cost and expense of a deposition. In any event, given that the plaintiff's claims are <u>based upon</u> Capital One's communications with the plaintiff, this information is relevant and certainly discoverable.

Moreover, Local Rule 26.1(C) specifically provides that:

> subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

Clearly, each of the subparts in this interrogatory are "logical extensions of the basic interrogatory" and therefore are not objectionable on the grounds that they are "multi-part." The plaintiff's contention that the interrogatory is "prohibitively multi-part" is frivolous and he should be ordered to provide a full and complete answer to this interrogatory.

**C.   TO THE EXTENT THAT THE PLAINTIFF CLAIMS THAT HE HAS BEEN HARMED BY CREDIT INFORMATION REPORTED BY CAPITAL ONE TO CONSUMER CREDIT REPORTING AGENCIES, CAPITAL ONE IS ENTITLED TO UNREDACTED COPIES OF ANY CREDIT REPORTS CONTAINING SUCH INFORMATION.**

In his complaint, Dawe contends that he has been injured by information provided by Capital One that appears on his credit report but he has refused to produce unredacted copies of any such reports.

> 3. Copies of all written communications between you and Equifax, Transunion and/or Experian, including but not limited to copies of any consumer reports provided by any of them to you.
>
> > Response: Objection. Mr. Dawe will not provide unredacted copies of his private credit history. Those documents showing Defendant's entries were provided with Mr. Dawe's demand letter, complaint, and Rule 26 disclosures.

To the extent that the plaintiff contends that he was injured by information reported by Capital One to consumer credit reporting agencies, either because he was denied credit or, as his attorney argues (*see* Exhibit B hereto), because a negative "entry automatically lowers his FICO and Beacon scores,"[5] Capital One is entitled to copies of such reports in their entirety to determine the extent to which information reported by Capital One, as opposed to and in the context of information reported by other creditors, had a material affect on the plaintiff's scores.[6]

### D. CAPITAL ONE IS ENTITLED TO COMPLETE ANSWERS TO INTERROGATORIES AND IS NOT REQUIRED TO WAIT FOR "FURTHER DETAILED EXPLANATION AT DEPOSITION OR AT TRIAL."

In responding to ten of Capital One's seventeen interrogatories, the plaintiff responded with brief answers qualified by the statement "subject to further detailed explanation at deposition or at trial…."[7] In an attempt to justify this qualification, plaintiff's counsel stated in his correspondence with Capital One's counsel that :

> A party is not limited only to those responses in one single form of discovery – Mr. Dawe would not have to read his interrogatory response on the stand and leave it at that. Rather, a party can supplement and explain the facts depending on the form of discovery, e.g. deposition…. What I am saying is that Mr. Dawe's interrogatory responses are not the entire universe of facts and explanations and that only further discovery of different kinds, including trial testimony, can flesh out the interrogatory responses.

---

[5] Although not explained, presumably the implication is that the plaintiff may be denied credit in the future because of his FICO or Beacon scores.

[6] Capital One offered to enter into a confidentiality agreement to protect the privacy of the plaintiff and of Capital One, but the plaintiff declined the offer. Capital One has no objection to the production of the plaintiff's credit reports subject to a confidentiality agreement or protective order.

[7] These interrogatories (Nos. 2, 3, 4, 6, 7, 8, 10, 11, 12 and 13) are reproduced in Exhibit F hereto.

Whatever plaintiff's counsel is saying, there is, in fact, no provision in the rules of civil procedure or otherwise that permit a party to defer a full and complete answer until either deposition or trial, nor is there a provision that permits a party unilaterally to chose the stage of discovery at which he will provide a full and complete answer. Although depositions may, in some cases, be a more efficient means of obtaining information, they also can be costly and might, in some cases, be avoided by summary judgment motions based upon discovery obtained through other means, such as interrogatories, document requests and requests for admissions. Thus, to the extent that the plaintiff <u>presently</u> has additional information responsive to Capital One's interrogatories (Nos. 2, 3, 4, 6, 7, 8, 10, 11, 12 and 13), he should be required to disclose this information, and if he presently has no additional information, he should so state instead of forcing Capital One to go to the expense of conducting a deposition that might be avoidable.

E.   **CAPITAL ONE IS ENTITLED TO ADDRESSES FOR THIRD-PARTIES IDENTIFIED IN RESPONSE TO CAPITAL ONE'S INTERROGATORIES**

Dawe has refused to provide Capital One with addresses for third-parties identified by the plaintiff as having information concerning the subject matter of the complaint:

> Interrogatory 3.   Identify each and every person known by you to have any knowledge or information concerning the subject matter of the Complaint and, as to each such person, describe the knowledge or information possessed by such person.
>
> Response:   Subject to further detailed explanation at deposition or at trial, Mr. Dawe states these individuals have observations about Mr. Dawe's distress: [followed by the names of seven individuals identified only by name and the characterization as "friend," "neighbor," or "former Shop Supervisor."]

When asked to supplement this response with addresses of these individuals, Dawe's counsel stated that "these individuals can be contacted via Mr. Dawe's counsel" and offered to "consider" providing home addresses if Capital One "is willing to give us the home addresses of

its witnesses." *See* Exhibit B hereto. In fact, in its answers to interrogatories, Capital One provided business addresses for all <u>current</u> employees identified in its answers to interrogatories, indicating that these employees may be contacted through Capital One's counsel, but Capital One provided last known <u>home</u> addresses, to the extent known, for all <u>former</u> employees identified in the answers.

Although Dawe's counsel may communicate with Capital One's current employees only through its attorney, the same is not true of third-parties whose only relation to the plaintiff is friend, or neighbor, or former supervisor. *See, e.g., Messing, Rudavsky & Weliky, P.C. v. President and Fellows of Harvard College*, 436 Mass. 347 (2002) (interpreting and applying Rule 4.2 of the Massachusetts Rules of Professional Responsibility); *Amarin Plastics, Inc. v. Maryland Cup Corporation*, 116 F.R.D. 36, 39 (D. Mass. 1987). Thus, Capital One is entitled to home addresses for these individuals not only because it has a right to contact these individuals directly, but also because it can compel their attendance at depositions only by subpoenas served upon them in person or at their usual place of residence. Accordingly, the plaintiff should be compelled to provide home addresses for all individuals identified in response to Interrogatory No. 3.

## Conclusion

For the reasons set forth above, Capital One requests that the Court issue an order compelling the plaintiff to:

(a) produce documents responsive to Request Nos. 1, 2, 7, 8, 9 and 10, that relate to the origination of Dawe's debt to Capital One; payments that the plaintiff made towards the debt and his refusal to make further payments towards the debt; and any defenses that he might have to payment of the debt;

(b) answer Interrogatory Nos. 14, 15 and 16;

(c) provide a full and complete answer to Interrogatory No. 17.

(d) produce unredacted copies of the consumer credit reports requested in Document Request No. 3;

(e) provide full and complete answers to Interrogatory Nos. 2, 3, 4, 6, 7, 8, 10, 11, 12, and 13 with all information currently known to him or a statement that he has no additional information to provide; and

(f) provide home addresses for the individuals identified in response to Interrogatory No. 3.

Respectfully submitted,

**CAPITAL ONE BANK**

By its attorney,

Date: May 26, 2005

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188

**CERTIFICATION OF COMPLIANCE
WITH LOCAL RULE 37.1**

I certify that the provisions of Local Rule 37.1 have been complied with.

_____/s/ Bruce D. Berns_____