# EXHIBIT A

# ABENDROTH, BERNS & WARNER, LLC

*Attorneys at Law*

47 Church Street, Suite 301
Wellesley, MA 02482-6326

William W. Abendroth
Bruce D. Berns
Amy B. Warner

Tel: (781) 237-9188
Fax: (781) 237-8891
E-mail: lawyers@abwllc.com

May 2, 2005

Jason Fregeau, Esq.
47 Lincoln Road
Longmeadow, MA 01106

Re:     *Dawe v. Capital One Bank*
        United States District Court (Central Division) Civil Action No. 04-40192

Dear Jason:

I've received and reviewed the plaintiff's answers to Capital One's interrogatories and responses to Capital One's document requests. Many of the objections that you asserted in responding to these discovery requests are not well-founded and I am writing to explain to you why I believe these objections are not proper in an effort to determine whether we can resolve these issues without involving the Court.

1.      In response to the document requests numbered 1, 2, 7, 8, 9, and 10, you objected to producing the requested documents for the period prior to December 17, 2002, and in response to interrogatories numbered 14, 15 and 16, you objected to producing any information, stating that:

> Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Dawe and the legal effect of the judgment dismissing Defendant's claim.

In fact, as the issues appear to be framed at this time, I agree, for present purposes, that documents and other information pertaining to the time period prior to the date the state court action was dismissed may not be relevant, except for documents and information pertaining to whether Mr. Dawe was indebted to Capital One, and I will not press for such documents or information nor will I produce such documents and information in response to the plaintiff's interrogatories and requests.

However, documents and information pertaining to whether Mr. Dawe was indebted to Capital One are very relevant (they certainly are reasonably calculated to lead to the discovery of admissible evidence) and, in fact, they may turn out to be the <u>only</u> documents that are relevant. As you point out, the threshold issue is the legal effect of the dismissal of the state court action. If, as Capital One contends, the dismissal does not eliminate the underlying debt (regardless of whether it precludes a subsequent court action to enforce the debt under the doctrine of claim preclusion), then Capital One would be entitled to continue to attempt to collect the debt after the dismissal.

Jason Fregeau, Esq.
May 2, 2005
Page 2

Thus, a key factual issue, apart from the key legal issue mentioned above, is whether Mr. Dawe was indebted to Capital One. Accordingly, Capital One is entitled to documents and information that show or may tend to show that Mr. Dawe borrowed money from Capital One and did not repay it as he had agreed to do. Moreover, Capital One is entitled to documents and information that Mr. Dawe might rely upon to argue that the debt was not valid, such as documents relating to sham arbitration proceedings administered by the American Arbitration Forum, Inc.

If you wish to stipulate that Mr. Dawe owed a debt to Capital One, at least when the state court action was commenced, subject to a determination of whether the dismissal of the state court action eliminated the debt, we can dispense with production of many of the requested documents and information. Alternatively, I am willing to agree to informally place a hold on further discovery for the time being and file an appropriate motion asking the Court to decide the narrow legal question of whether the dismissal of the state court action eliminates Mr. Dawe's indebtedness to Capital One, as you contend, or whether it merely precludes Capital One from filing another lawsuit to enforce the debt. Judge Saylor expressed at the scheduling conference his willingness to entertain partial motions for summary judgment and this approach may, in fact, be the most prudent one for both of our clients.

2.      In response to document request no. 3, you refused to produce unredacted copies of consumer credit reports for Mr. Dawe. To the extent that your client claims that he has been harmed by credit information provided by Capital One, such as by an inability to obtain credit or otherwise as a result of the reporting of such information, I am entitled to unredacted copies of these reports in order to determine whether other information contained in the reports may have disqualified Mr. Dawe from obtaining credit. If you confirm in writing that he does not claim that he was harmed by this information and objects only to the fact that this information was reported and not removed, I will not press for unredacted copies of his credit reports.

3.      In response to interrogatories numbered 2, 3, 4, 6, 7, 8, 10, 11, 12 and 13, your client's answers were "subject to further detailed explanation at deposition or at trial." There is nothing in the rules of procedure or otherwise that permit your client to defer a full and complete answer until either deposition or trial. I am entitled to a complete explanation of his answers in advance of deposition or trial in order to adequately prepare for those events. Please have your client supplement these answers in order to provide a full, detailed explanation of his answers to these interrogatories.

4.      In response to Interrogatory No. 3, your client identified seven individuals. Pursuant to the uniform definitions in Rule 26.5 of the Local Rules, a request "to identify" means to give the person's full name, present or last known address, and the present or last known place of employment. Please provide this information with respect to each of the individuals identified in response to this interrogatory.

5.      Interrogatory No. 5 requested that the plaintiff specify the amount of damages allegedly suffered and "each and every act or omission by Capital One" that he contends caused such

Jason Fregeau, Esq.
May 2, 2005
Page 3

damages. Although the plaintiff's response to Interrogatory No. 2, on which the plaintiff relied in answering this interrogatory, identified elements of non-economic loss, it did not identify economic losses as alleged in the complaint, nor did it identify the specific alleged acts or omissions of Capital One. Please have your client supplement this answer.

6.      Finally, your client refused to describe communications that he had with Capital One on the grounds that he believes this question "requires a narrative response best suited for deposition" and "is prohibitively multi-part." These objections are not proper. A party is not permitted under the rules of procedure unilaterally to defer an answer until a deposition. Moreover, Local Rule 26.1(C) specifically provides that:

> subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

Any information that he has about communications with Capital One should be provided in an answer to this interrogatory.

Please supplement your client's responses to capital One's document requests and interrogatories. If you are unwilling to do so, I would like to arrange a conference pursuant to Local Rule 7.1(A)(2).

Very truly yours,

Bruce D. Berns

**EXHIBIT B**

**Jason David Fregeau**
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106
Tel 413/567-2461
Fax 413/567-2932
*Also admitted in Ohio*

May 17, 2005

By Facsimile

Bruce D. Berns, Esq.
Abendroth Berns & Warner LLC
47 Church St., Ste 301
Wellesly, MA 02482-6326

Re: Dawe v. Capital One Bank

Dear Mr. Berns:

I have received Defendant's May 2, 2005, letter in the above
matter. First, we do not agree "that documents and other
information pertaining to the time period prior to the date the
state court action was dismissed may not be relevant...."
Documents and information pertaining to the state court
litigation are quite important -- that is why we chose the date
of the filing of the complaint, December 17, 2002, as the
cutoff.

Second, Defendant states that whether or not Mr. Dawe owed the
alleged debt is "very relevant", but does not provide any reason
why we must revisit an issue that has been litigated. Why is Mr.
Dawe's alleged indebtedness "key"? Why should Defendant have a
second bite at the apple when it failed to chew the first time?
At this juncture, the only documents upon which Mr. Dawe intends
to rely in regard to the alleged debt are those documents that
were filed in the state court, including the judgment in Mr.
Dawe's favor, and those documents showing the efforts put into
the case by the Kreppel law firm and Defendant.

In regard to a narrow motion for summary judgment, we do not
agree to anything, but respond, "Please do!" At the very least,

Bruce D. Berns, Esq.
May 17, 2005
page 2

such a motion will give us fair notice of Defendant's
affirmative defense and provide us with the mysterious case law
that Defendant seems to hold so dear. Of course, we reserve the
right to respond in any manner, including a Rule 56(f) response.

Third, Mr. Dawe need not have been refused credit to be harmed
by a negative entry on his credit history -- such an entry
automatically lowers his FICO and Beacon scores. A jury could
compensate Mr. Dawe for this reduction.

Fourth, in regard to "subject to further detailed explanation
at deposition or trial", this is only a statement of the
obvious. A party is not limited only to those responses in one
single form of discovery -- Mr. Dawe would not have to read his
interrogatory response on the stand and leave it at that.
Rather, a party can supplement and explain the facts depending
on the form of discovery, e.g. deposition. I am not saying that
a party can change responses willy-nilly -- such a tactics would
only expose the party to vicious impeachment anyway. What I am
saying is that Mr. Dawe's interrogatory responses are not the
entire universe of facts and explanations and that only further
discovery of different kinds, including trial testimony, can
flesh out the interrogatory responses.

Fifth, in regard to our witnesses, as with Defendant's
witnesses, these individuals can be contacted via Mr. Dawe's
counsel. If Defendant is willing to give us the home addresses
of its witnesses, then we will consider doing the same.

Sixth, the specific alleged acts and omissions of Defendant
are stated in the complaint and can be summed up thus: Defendant
continued to attempt to collect on a debt that a court of
competent jurisdiction found to be un-owed. Defendant's
continued attempts at collection caused Mr. Dawe distress. As

Bruce D. Berns, Esq.
May 17, 2005
page 3

for economic damages, they are admittedly nominal -- phone
calls, photocopies, postage -- and will be supplemented
seasonably.

   Seventh, in regard to Question 17, Mr. Dawe stands by his
answer and invites Defendant to propose convenient dates, times,
and locations for his deposition.

   Thank you for your attention. Should you like to discuss the
above further, then please feel free to contact me.

                                   Sincerely,

                                   /s/

                                   Jason David Fregeau, Esq.

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETT

## WORCESTER DISTRICT COURT

WORCESTER,SS                          DOCKET NO. 0262CV2639

Capital One Bank
      PLAINTIFF/

v.

Michael J Dawe
      DEFENDANT /

_____ /

### DEFENDANT'S MOTION TO DISMISS

    Comes now the defendant, Michael J Dawe, and hereby applies to this court, with a MOTION TO DISMISS, with respect to the complaint and answer, to wit:

    1. This motion is filed timely.

    2. There are no genuine issues of material fact in dispute and defendant is entitled to judgment as a matter of law. Defendant's motion is supported by the attached affidavit.

    3. That on January 29,2003 the defendant sent to plaintiff discovery requests via first class mail, with certificate of service dated the same day.

    4. In my cover letter, I offered to restate or even replace various questions the plaintiff may have objections too, rather than wait for those objections in the response

    5. On March 10,2003 the plaintiff's motion to strike defendants interrogatories was denied

    6. On March 13,2003 the defendant sent a second letter reminding the plaintiff of the time limits for answering discovery requests and asking for answers in seven days.

7. On March 31,2003 the defendants motion to compel discovery requests was granted, giving plaintiff 30 days to comply

8. On April 2,2003 the defendant sent to the plaintiff notice that motion to compel being granted and 30 days to comply as last request ,with certificate of service

9. On or about May 3,2003 the defendant received the answers to the interrogatories from the plaintiff.

10. With the exception of the first question the plaintiff has objected to every question  asked by the defendant in effect refusing to answer, even failing to answer the last 3 questions

11. Massachusetts Rules Of Civil Procedure, Rule 37,A(3) states in part that: evasive or incomplete answers will be treated as a failure to answer.

12. The answers or objections to the defendants interrogatories were never signed by the person making them as required by  Massachusetts Rules Of Civil Procedure, Rule 33,A(3) in effect  making them the same as not being answered.

13. With the plaintiff's refusal to answer the defendant interrogatories it will make it impossible for the defendant to form his defense in this complaint against him, thereby denying the  defendant his guaranteed rights to due process of the law.


WHEREFORE the defendant respectfully requests  the plaintiff's complaint be dismissed

PLEASE  MARK  THIS  MOTION  FOR  HEARING  ON JUNE  9,2003 at 9AM

DATED this  28  day of May, 2003.


_____

Michael J Dawe
744 Wheelwright Rd.
Barre, Ma. 01005      978-355-6742

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>200262CV002639 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

CASE NAME  CAPITAL ONE BANK vs. MICHAEL J. DAWE

| | |
|---|---|
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 CAPITAL ONE BANK | CURRENT COURT<br>Worcester District Court<br>50 Harvard Street<br>Worcester, MA 01608-1198<br>(508) 757-8350 |

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 MICHAEL J. DAWE | | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
|---|---|---|
| | ROOM/SESSION | ←←←← |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 MICHAEL J. DAWE
    744 WHEELWRIGHT RD.
    BARRE, MA 01005

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED

### JUDGMENT OF DISMISSAL

On the above action, upon motion, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Brennan,  Hon. Dennis J.).

### NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED<br>06/10/2003 | CLERK-MAGISTRATE/ASST. CLERK<br>X Michael from ol |
|---|---|

Date/Time Printed:   06/10/2003 02:45 PM                                                                    FORM NO.

**EXHIBIT D**

Michael J Dawe
744 Wheelwright Rd.
Barre Ma. 01005

Capital One
PO Box 85015
Richmond  Va 23285-5018

May 30, 2002

Re    Notice of Arbitration

Greetings:

Notwithstanding any other agreements which may be in conflict with these terms, be advised that as of this date henceforth, for valuable consideration given, you agree that any disputes arising between us or our assignees shall be resolved in binding arbitration subject to the rules and procedures of the Consumer Arbitration Forum located at:

2183 Buckingham RD, PMB 144
Richardson, TX 75081

You agree that all disputes arising between us shall be resolved through the rules and procedures of binding arbitration established by the arbitration service stated above.

**UPON COMMENCEMENT OF ARBITRATION, NEITHER OF US WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE ARBITRATION RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. THE ARBITRATOR'S DECISION WILL GENERALLY BE FINAL AND BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.**

Best regards,

Michael J Dawe
Account Number  7812601777706746

08/21/2002  08:27    508-829-6313    MAIL BOXES ETC    PAGE  01

## American Arbitration Forum (aafarb2000@yahoo.com)
## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION** is a non-binding process. The mediator assists the parties in working out a solution that is acceptable to them. If you wish for the AAF to contact the other parties to ascertain whether they wish to mediate this matter, please check this box (there is no additional administrative fee for this service) ☐

| TO: Name (Respondent) | Name of Representative (if known) | Name of Firm (if applicable) |
|---|---|---|
| CAPITAL ONE BANK | | |

| Address | Representative's Address |
|---|---|
| PO BOX 85015 | |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| RICHMOND | VA | 33285-5018 | | | |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|
| 1-800-955-2115 | | | |

The claimant named herein, a party to an arbitration agreement contained in a written contract, dated **COMMERCIAL** **DATE OF PROGRAM** and providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Forum, hereby demands arbitration thereunder.

**THE NATURE OF THE DISPUTE**

ACCOUNT NOT PROPERLY CREDITED

**THE CLAIM OR RELIEF SOUGHT (the Amount, if Any)**

$ 13,469.32    ACCOUNT # 7812601777010746

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP? ___ Yes  X  No

**TYPES OF BUSINESS**

Claimant  N/A    Respondent FINANCIAL AND LENDING INSTITUTION

You (respondent) are hereby notified that copies of our arbitration agreement and this demand are being filed with AAF along with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice hereof. The address is American Arbitration Forum, P.O. Box 25141, Tampa, FL 33622-5141. Fax 707-855-8591.

| Signature of Claimant (may be signed by a representative) | Title of Representative |
|---|---|
| Michael J Dawe | N/A |

| Name of Claimant | Name of Representative | Name of Firm |
|---|---|---|
| MICHAEL J DAWE | | |

| Address (to Be Used in Connection with This Case) | Representative's Address |
|---|---|
| 744 WHEELWRIGHT RD | |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| DARWE | MA | 01005 | | | |

| Phone No. | E-mail address or Fax No. | Phone No. | Fax No. |
|---|---|---|---|
| 9783556742 | mkm@gis.net | | |

**TO INSTITUTE PROCEEDINGS: 1) FAX AND MAIL A COPY OF THIS DEMAND FOR ARBITRATION (DFA) TO AAF, ALONG WITH THE ARBITRATION AGREEMENT (NOA), INCLUDING THE FILING FEE AS REQUIRED BY THE RULES, AND 2) SEND THE ORIGINAL DFA TO RESPONDENT. ALL PARTIES HEREIN ARE SUBJECT TO FURTHER INSTRUCTIONS FROM THE AAF INCLUDING, BUT NOT LIMITED TO, THE DECISIONS THEREOF.**

AMERICAN ARBITRATION FORUM, INC

P.O. Box 25141

Tampa, FL  33622-5141

707-885-4551

NOTICE IS HEREBY GIVEN that a claim and demand for binding arbitration has been filed against the Respondent: Capital One Bank by Claimant: Michael J Dawe the date of August 22, 2002.  A copy of the claim is enclosed and an answer is required within fifteen (15) days following the post mark date of this notice.  If respondent fails to answer timely, an arbitration award may be entered by default in favor of the claimant.

All arguments, facts and evidence must be on file with this arbitration forum within thirty (30) days following the post mark date of this notice.  The parties are further advised that an arbitration award will be published within thirty (30) days following the post mark of this notice.

If you wish a copy of the rules of arbitration, please contact:

American Arbitration Forum, Inc.

P.O. Box 25141

Tampa, FL  33622-5141

Email:  aafarb2000@yahoo.com

Fax:  707-885-4551

When contacting AAF, please provide the necessary information to reply to your request.

HWScan00014.bmp

# CapitalOne

PO Box 85015
Richmond, VA 23285-5018

September 16, 2002

Michael Dawe
744 Wheelwright Rd
Barre, MA 01005-8850

Re: 7812601771706746

Dear Michael Dawe

This letter is to inform you that we received the enclosed letter from American
Arbitration Forum regarding the arbitration claim filed with their organization.

All Capital One cardholders are subject to the terms of their respective customer
agreements. To the extent your customer agreement addresses arbitration, choice of an
arbitration administrator is restricted to election of one of the following entities:

American Arbitration Association
National Arbitration Forum
JAMS

The terms of your customer agreement with Capital One were established when you
opened your account. Those terms establish the only method by which modification or
amendments to that agreement can be made. As such, you may not change the terms of
your agreement by naming the American Arbitration Forum as a proper arbitration
administrator.

If you have questions or need additional information, please contact us at 1-800-846-
9066.

Sincerely,

M Rogers
Customer Relations Account Supervisor
Capital One Services, Inc.

Michael J Dawe
744 Wheelwright Rd.
Barre, Ma. 01005

Capital One Bank
Po Box 85015
Richmond, Va.23285-5018

Date: September 23,2002

      Be advised that I have initiated a dispute in good faith against you first,
and there were no existing or legitimate disputes between us at the time you
made the attempt to include any arbitration provision in any purported
agreements. Your so called arbitration clause violates House Resolution 5162
which amends Title 15 USC 1601 of the Consumer Credit Protection Act. It also
violates amendments to the Federal Arbitration Act (S. 192) which make pre-
dispute mandatory arbitration agreements in consumer credit contracts invalid
and unenforceable. Additionally, H.R. 1054 and 3607 that amend the Truth in
Lending Act make pre-dispute mandatory arbitration agreements between a
lender and consumer void and unenforceable. I will never agree to use any
arbitration forums chosen by your organization in the resolution of any disputes I
have with you. They are "rigged" in your favor and they are unfair,
unconstitutionally violate my rights to due process and they constitute an unfair
trade practice as recently established by the California Appellate court (Szetela v.
Discover Bank, 4th Appellate District, Division 3, April 2002). The arbitration
forums you have chosen are nothing more than a fraudulent scheme calculated
to enable you to avoid the public scrutiny of the court system and the formal rules
of discovery.

*Michael J Dawe*

Michael J Dawe
744 Wheelwright Rd.
Barre Ma. 01005

Capital One Bank
PO Box 85015
Richmond Va, 23285-5018

September 26, 2002

Re    Notice of Arbitration Award

Greetings:

NOTICE IS HEREBY GIVEN that an arbitration award has been entered against you in the matter of Michael J Dawe v. Capital One Bank, a copy of which is attached for your records. The award is final and binding against you and your time for appeal has expired. Demand is hereby made upon you to remit payment in full for the amount of the award: $13,469.32. Payment is required in certified funds made payable to the prevailing party named herein.

If you fail to make this payment within thirty (30) days from the date of this notice, a judgment will be entered against you and the order will be enforced by the county court of your residence.

Best regards,

Michael J Dawe

# ARBITRATION AWARD

AMERICAN ARBITRATION FORUM, INC.
P.O. Box 25141
Tampa, FL 33622-5141

IN RE

MICHAEL J DAWE, CLAIMANT

ACCOUNT NO. 7812601777706746

   v.

CAPITOL ONE BANK, RESPONDENT

_____/

## AWARD

NOTICE IS HEREBY GIVEN of the arbitration award rendered in the above captioned matter:

1. That no known conflict of interest exists.

2. That on or before August 19, 2002 the parties entered into an agreement providing that this matter shall be resolved in accordance with the arbitration service procedure.

3. That the claimant has filed a claim with the arbitration service and served it on the respondent.

4. That the matter has proceeded in accord with the applicable arbitration service procedure.

5. The parties have had the opportunity to present all evidence and information to the arbitration committee.

6. The Arbitration Committee, after careful review of the demand and answer, together with the evidence, and after having been properly advised in the premises, this day, has unanimously adjudged this arbitration award in favor of Michael J Dawe, Claimant and against Capitol One Bank, Respondent, for damages, costs and fees not exceeding $13,469.32, which shall accrue interest at a rate not less than 12% per annum from this day.

7. The prevailing party is entitled to have this debt paid immediately upon demand and notification.

_Forrest Patrick_
Committee Member

9-20-02
Date

_Deborah Patrick_
Committee Member

9-20-02
Date

**EXHIBIT E**

Michael J Dawe
744 Wheelwright Rd
Barre, Ma 01005

Capital One
c/o Jennifer Himes
PO Box 85015
Richmond Va 23285-5018

May 23,2002

Re       repayment of deposit

Greetings:

       Thank you for taking a moment to review this request. On the commencement of
this account , I deposited $15,000.00 with your organization and I am now requesting that
you return it to me. I do not find any repayment terms in the written agreement but I am
entitled to set-off in this amount.  Please return my full deposit within thirty (30) days.
The account number is *7812601777706746*

       In the alternative, if you are not able to return my deposit at this time, please
identify the source of the funds for the account in question.  This is not a secured line of
credit, the money in the credit account was created upon my credit approval and was not
debited from another account or asset owned by your organization (please see the
attached information from the Federal Reserve Bank of Chicago).  According to my
information, your organization either "originated" or "created" the money under an
account number and then debited that account to open mine, or an account number was
assigned to a deficient or negative account balance and I was issued a "line of credit" or a
check on that account to commence the service.  If you cannot establish that you lent me
anything, then please return my deposit immediately. Failure to do so on your part will
result in my suspension of performance. [1]

Best regards

_Michael J Dawe_

---

[1] See U.C.C. § 2-609. Right to Adequate Assurance of Performance.
       (1) A contract for sale imposes an obligation on each party that the other's
expectation of receiving due performance will not be impaired. When reasonable grounds
for insecurity arise with respect to the performance of either party the other may in
writing demand adequate assurance of due performance and until he receives such

assurance <u>may if commercially reasonable suspend any performance</u> for which he has not already received the agreed return.

(2) Between merchants the reasonableness of grounds for insecurity and the adequacy of any assurance offered shall be determined according to commercial standards.

(3) Acceptance of any improper delivery or payment does not prejudice the aggrieved party's right to demand adequate assurance of future performance.

(4) After receipt of a justified demand <u>failure to provide within a reasonable time not exceeding thirty days</u> such assurance of due performance as is adequate under the circumstances of the particular case <u>is a repudiation of the contract</u>.

**Here is how the Federal Reserve Bank of Chicago explains the process:**

<u>Two Faces of Debt</u>
Federal Reserve Bank of Chicago
Public Information Center
P. O. Box 834
Chicago, IL 60690-0834
312-322-5111

**Page 19, Paragraphs 3-5:**

"For an individual institution, they arise typically when a depositor brings in currency or checks drawn on other institutions. The depositor's balance rises, but the currency he or she holds or the deposits someone else holds are reduced a corresponding amount. The public's total money supply is not changed.

But a depositor's balance also rises when the depository institution extends credit-either by granting a loan to or buying securities from the depositor. In exchange for the note or security, the lending or investing institution credits the depositor's account or gives a check that can be deposited at yet another depository institution. <u>In this case, no one else loses a deposit. The total of currency and checkable deposits-the money supply-is increased.</u> New money has been brought into existence by expansion of depository institution credit. Such newly created funds are in addition to funds that all financial institutions provide in their operations as intermediaries between savers and users of savings.

But individual depository institutions cannot expand credit and create deposits without limit. Furthermore, most of the deposits they create are soon transferred to other institutions. A deposit created through lending is a debt that has to be paid on demand of the depositor, just the same as the debt arising from a customer's deposit of checks or currency in a bank.

"I can provide the actual publication in addition to several others and the expert opinions of several certified public accounts that would substantiate these facts.

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                      :          No. 04-40192-FDS
        Plaintiff          :
                    :
        v.               :
                    :
CAPITAL ONE BANK,                  :
        Defendants          :

---

Plaintiff's Responses to Defendant's First Set of
Interrogatories

---

## Responses

1. Please state in detail any persons that you expect to call as expert witnesses at trial, and please state in detail as to each such person:

a. the person's identity, including name, address, profession or occupation, employment history, experience, knowledge, education, training and background;

b. the subject matter on which the person is expected to testify;

c. the substance of the facts and opinion to which the person is expected to testify;

d. a summary of the grounds of each opinion;

e. the facts relied upon in forming each opinion and/or conclusion;

f. a complete list of all published articles, books, studies or other works authored, in whole or in part, by such witness;

g. a complete list of all cases involving rollovers and/or automatic shoulder restraints in which such person has produced a report, been deposed an/or testified in the past four years; and

h. a complete bibliography of books, treatises, articles and other works which such witness regards as authoritative on the subject on which he/she will testify.

Response: Objection. Mr. Dawe is confused by Defendant's reference to "all cases involving rollovers and/or automatic shoulder restraints". Mr. Dawe will assume that this phrase is a typographical error.

Subject to this objection and without waiving any objection, Mr. Dawe states that he does not intend to call an expert witness except in rebuttal any expert proffered by Defendant.

2. Please describe with particularity each and every item of damages, of every nature and kind whatsoever, that you claim you suffered as a result of the defendant's actions or failures to act, stating as to each such item the amount of damages and the methodology used to calculate or determine such amount.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states:

Sleeplessness

Increased smoking to two packs a day

Relationship problems at former employment

Stays to himself; rarely sees friends or family

Decreased activity

    Used to golf three times a week, now never

    Used to garden every day, now never

    Weekends in Maine

Distracted from necessary activities

    Did not medicate his bees and lost his hives

    Did not spray his apple trees and lost those as well

Loss of appetite/inconsistent eating

Headaches (aspirin & Tylenol)

Dry heaves in the morning

Depression, sadness

3. Identify each and every person known by you to have any knowledge or information concerning the subject matter of the

Complaint and, as to each such person, describe the knowledge or information possessed by such person.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states these individuals have observations about Mr. Dawe's distress:

Bob Clementa, former Shop Supervisor
Jimmy Hall, friend
Barry Bouttele, friend
Ronny Gagne, friend
Ronny Thibault, friend
Ed Langillier, neighbor
Ralph Morrison, neighbor

4. Please state the basis for the allegation in paragraph 31 of the Complaint that Capital One failed "to remove the wrong information from his consumer report," including in your answer a detailed description of the information that your [sic] contend is or was "wrong."

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that the appearance of Defendant's entry for the alleged debt on Mr. Dawe's credit reports -- after the judgment in favor of Mr. Dawe and Mr. Dawe's written dispute -- is a violation of statute and common law.

5. Please state the basis for your claim that you suffered economic loss, loss of self-esteem and peace of mind, emotional distress, humiliation and embarrassment as alleged in paragraph 31 of the Complaint, describing with particularity each element of alleged damages and each and every act or omission by Capital One that you contend caused such economic loss, loss of self-esteem and peace of mind, emotional distress, humiliation and embarrassment.

Response: Objection. Asked and answered. See Response to Question 2.

6. Please state the basis for the allegation in paragraph 33 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a willful violation of the FCRA.

7. Please state the basis for the allegation in paragraph 36 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a negligent violation of the FCRA.

8. Please state the basis for the allegation in paragraph 39 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are unfair, deceptive, and unconscionable.

9. Please state whether you claim that Capital One is liable to you for continuing to attempt to collect a debt despite the dismissal of the Worcester District Court action referred to in paragraph 10 of the complaint and, if so, state the basis for the claim.

Response: Bingo! Defendant does understand! If Defendant has any case law or statute -- particularly any Massachusetts case law or statute -- that holds a creditor can continue to attempt to collect on a debt after adjudication on the merits -- and that such attempts are not unfair, deceptive, or unconscionable -- then please forward such citations to Mr. Dawe's counsel immediately!

10. Please state the basis for the allegation set forth in

paragraph 46 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are negligent and have caused Mr. Dawe severe emotional distress.

11. Please state the basis for the allegation set forth in paragraph 49 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are intentional or grossly negligent and have caused Mr. Dawe severe emotional distress.

121 [sic - 12]. Please state the basis for your claims in paragraphs 52 and 53 of the Complaint that Capital One had "duties to stop collection attempts and to repair Plaintiff's consumer report" and that Capital One breached said duties.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that, based upon the court judgment favorable to Mr. Dawe, Defendant has a duty to stop telling third parties that Mr. Dawe owes the alleged debt. Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt are negligent and have caused Mr. Dawe harm.

13. Please state the basis for the allegations set forth in paragraph 56 of the Complaint, including an explanation why entries on your credit history reflecting amounts owed to Capital One constitute defamation.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to

collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are untrue public statements meant to harm Mr. Dawe in the eyes of others.

14. Please state whether you received a check from Capital One in September 2000 in the amount of $15,381.00 and, if so, what you did with the check and the proceeds of the check.

Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

15. Please state whether you claim that you are not responsible or liable to Capital One for any amounts in connection with a personal loan account with Capital One numbered 781260-1777706746 standing in the name of "Michael J. Dawe," and, if so, state the basis for your claim, including each and every reason that you claim you are not responsible or liable therefor.

Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim. As of the date of the judgment, there can be no dispute that Mr. Dawe <u>does not</u> owe the alleged debt.

16. Please state the basis for the claim in your letter of May 23, 2002 to Capital One that you deposited $15,000 with Capital One on the commencement of account 781260-1777706746.

Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

17. Please describe with particularity each and every communication between you or anyone acting on your behalf with any agent or representative of Capital One, including as to each

such communication the nature of the communication (writing, telephone, meeting), the date on which the communication took place, the persons present at the time of the communication, the place the communication took place, and the substance of the communication.

Response: Objection. Requires a narrative response best suited for deposition. In addition, this question is prohibitively multi-part.


Respectfully submitted,


Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff


## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories has been served by United States Mail, postage prepaid, upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 26th day of May, 2005.


Jason David Fregeau, Esq.

page 7

**AFFIDAVIT**

State of Massachusetts
County of _Worcester_ , SS:

Michael Dawe being first duly sworn upon oath, deposes and says:

1. I am making this affidavit based upon personal knowledge, and
I am competent to testify in the matters stated. I am Plaintiff
in Dawe v. Capital One Bank, No. 04-40192-FDS.
2. Plaintiff's answers to Defendant's Interrogatories in the
above case are true and accurate to the best of my belief.

Further affiant sayeth naught.

Signed under the pains and penalties of perjury on this 26th day
of April, 2005.

                                        Michael Dawe

As to objections:

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff