IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                          :          No. 04-40192-FDS
                Plaintiff             :
                                      :
            v.                        :
                                      :
CAPITAL ONE BANK,                     :
                Defendants            :

_____

Plaintiff's Memorandum in Opposition to Defendant's Motion to
Compel

_____

I. Introduction

On December 17, 2002, Defendant Capital One submitted itself to
the jurisdiction of the Worcester District Court by filing suit
against Mr. Dawe. Defendant flouted the state court's discovery
orders and, after litigation lasting six months, the state court
entered an involuntary judgment against Defendant.

Defendant, however, continued to attempt to collect the former
alleged debt from Mr. Dawe, up to and including Defendant's
response to Mr. Dawe's Chapter 93A demand letter. According to
Defendant, for some unspecified reason, the Worcester District
Court's judgment is meaningless. Now Defendant seeks information
regarding the former alleged debt so that Defendant may re-try the
validity of the alleged debt in this Court:

"Capital One believes that this legal issue [that the
underlying debt is valid] can be resolved on a motion for
summary judgment or partial summary judgment and anticipates
filing such a motion. In order to proceed with such a motion,
however, Capital One has sought, and the plaintiff has
refused to provide, discovery pertaining to the validity of
the underlying debt."

Defendant's Motion, p. 3, n.1.

Defendant offers no reason -- legal or otherwise -- as to why
the state court judgment is faulty or why the validity of the
former alleged debt should be re-adjudicated. Under the Federal
Rules, discovery is broad, but not so broad as to include matters
that have already been determined. The Court should decline
Defendant's invitation to re-litigate the "validity" of
Defendant's defeated state court claims. The Court should deny
Defendant's motion to compel.

## II. Argument
### A. Mr. Dawe's Former Alleged Debt

Defendant seeks information from Mr. Dawe that allegedly will
prove Mr. Dawe owed the former debt. Defendant's request is
overbroad and should be denied for three reasons: (1) under
Massachusetts law, the Worcester District Court's judgment is a
binding adjudication of the parties' dispute, and any facts
underlying the "validity" of the former alleged debt are not
material, (2) Defendant's attempt to re-litigate the state court

decision is barred by the Rooker-Feldman doctrine, so Defendant's requests are not anticipated to lead to admissible evidence, and (3) Defendant's requests are not relevant to any express claim or defense as required by Rule 26(b)(1). Each issue will be addressed in turn.

### 1. The State Court Decision is a Binding Adjudication

Defendant contends that, "as a matter of law", the judgment in favor of Mr. Dawe does not extinguish the debt. Defendant's Motion, p. 6. Defendant, however, provides no law whatsoever to support this contention. Contrary to Defendant's unsupported argument, the Massachusetts Rules of Civil Procedure and Massachusetts case law hold that Defendant's rights regarding the former alleged debt have been determined in a binding adjudication. Defendant should not be allowed a second attempt to prove Mr. Dawe's former alleged debt.

Massachusetts district courts are courts of general jurisdiction. M.G.L. ch. 218 s. 4. When a party files suit, the party is submitting to the personal and subject matter jurisdiction of the court. 14 Mass. Prac., Summary Of Basic Law § 3.11 (3d ed.) (attached). The court's job is to determine the rights of the parties and bring the controversy to a close: "Jurisdiction concerns and defines the power of courts, encompassing the power to inquire into facts, apply the law, make decisions and declare judgment." Field v. Massachusetts General Hosp., 393 Mass. 117, 119; 469 N.E.2d 819, 821 (1984) (attached);

see Mass. R. Civ. P. 54(a). Even when a Massachusetts trial court does not have subject matter jurisdiction, if a judgment is rendered and not timely appealed, then the principles of finality and judicial economy prohibit the setting aside of the judgment. Possehl v. Ossino, 28 Mass. App. Ct. 918, 919; 547 N.E.2d 59, 60 (1989) (attached).

An involuntary judgment of dismissal "operates as an adjudication upon the merits". Mass. R. Civ. P. 41(b)(3). In Massachusetts, "upon the merits" means just that -- the issue has been adjudicated and cannot be resurrected. Casualty Reciprocal Exchange v. Fazio Enterprises, Inc., 1991 Mass. App. Div. 84 (attached). Pursuant to Rule 54(a), a judgment is "the act of the trial court finally adjudicating the rights of the parties affected by the judgment...." Consequently, a judgment of dismissal determines the controversy not only in the realm of the courts, but also in society as a whole.

Defendant filed its case in the state court, submitting to personal and subject matter jurisdiction. The case against Mr. Dawe was dismissed "upon motion" and thus was involuntary. See Judgment of Dismissal (Jun. 10, 2003) (attached to complaint). As stated in Rule 41(b)(3), this involuntary judgment was "an adjudication upon the merits". As in Casualty Reciprocal, Defendant cannot attempt to resurrect a claim that has been dismissed for failure to comply with discovery orders. Defendant's

rights concerning the alleged debt were finally adjudicated and judgment was entered pursuant to Rule 54.

Defendant offers no law to contradict the above analysis. Defendant states that it has "some" theory that states the alleged debt is not "extinguished", but does not proffer that theory for the review of the Court. Instead, Defendant says to the Court, in effect, "Trust us. We have a good legal theory. Make the Plaintiff spend time and money on discovery, <u>then</u> we will show the theory to you." "Trust us", however, is not a legal argument, and Defendant should not be allowed to offer nothing in support of its motion to compel.

## 2. Re-litigation of the Former Alleged Debt is Barred by the Rooker-Feldman Doctrine

Defendant's stated intention is to re-litigate the validity of the alleged debt. Defendant's Motion, p. 3 n.1. Pursuant to the Rooker-Feldman doctrine, the Court does not have subject matter jurisdiction to review the state court judgment. Since the judgment cannot be collaterally attacked, any information requested by Defendant concerning the former alleged debt is immaterial.

The Rooker-Feldman doctrine was recently reviewed by the United States Supreme Court in <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, No. 03—1696, Slip op. (Mar. 30, 2005) (attached). Since United States District Courts are not appellate

courts, the District Courts do not have jurisdiction to review or modify state court judgments. Id., p. 2. The Rooker-Feldman doctrine applies to

> "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Id. This description precisely describes Defendant's position in this case -- Defendant is the loser of a state court judgment rendered prior to this proceeding. Defendant now wants this Court to review the state court judgment to determine its "binding" or "preclusive" effect on Defendant. Apparently, to make such a review, the Court must find that Mr. Dawe owed the alleged debt, but such a finding would run afoul of the Rooker-Feldman Doctrine.

The Court should find that it has no jurisdiction to modify or overrule the state trial court's judgment regarding the alleged debt. Since the former alleged debt cannot be at issue, the Court should deny Defendant's motion to compel.

### 3. Defendant's Requests are Beyond the Scope under Rule 26

If a defendant fails to plead an affirmative defense, then the defendant will be deemed to have waived that defense. Williams v. Ashland Engineering Co., Inc., 45 F.3d 588, 592 (1st Cir. 1995). An affirmative defense is a defense that asserts new facts or legal issues: "Each defendant either expressly or impliedly treats

the factual allegations in a complaint as true, but then goes on to assert new matter that eliminates or limits the defendant's ordinary liability stemming from those allegations...." Gwin v. Curry, 161 F.R.D. 70, 71 (N.D. Ill. 1995). Notably, Rule 26(b)(1) limits discovery to the "claims and defenses" stated in the pleadings. Consequently, if an affirmative defense is not plead, then the defendant can obtain no discovery concerning that affirmative defense.

In its amended answer, Defendant offers no affirmative defenses beyond the typical insurance-defense "laundry list". Yet Defendant asserts that there is some law that renders the state court judgment inapplicable and requests new facts outside the complaint as to the validity of the former alleged debt. Based upon the introduction of new law and facts, Defendant's argument is not a "theory of the case", but an affirmative defense that must be revealed. Since Defendant has not stated its affirmative defense, pursuant to Rule 26(b)(1) it cannot obtain discovery to support the defense.

Mr. Dawe has requested a statement of Defendant's affirmative defense and has even ask the Court to order Defendant to provide a statement. Plaintiff's Opp. to Amended Answer (Apr. 15, 2005). Defendant, however, explicitly declines to produce any hint as to its key affirmative defense:

"Capital One will assert any additional affirmative defenses

that it might have in accordance with the Federal Rules of
Civil Procedure, not as you direct."

Letter from B.Berns, p. 3 (May 31, 2005).


Defendant's position is unfair and contrary to the spirit of the
Rules: "The purpose of Rule 8(c) is to give the court and the
other parties fair warning that a particular line of defense will
be pursued." Williams, 45 F.3d at 592. Mr. Dawe cannot know what
facts to ask for that might help him overcome Defendant's defense.
For example, some preclusion cases hold that, if the underlying
matter was extensively adjudicated, then the litigation has
preclusive affect. Mr. Dawe has asked for the amount of time spent
by Defendant's counsel in the state court case, but has been
rebuffed because such information is purportedly "irrelevant". Mr.
Dawe may spend time and money forcing such information from
Defendant, only to find that Defendant's theory goes in a
completely different direction. Mr. Dawe is due some fair notice
of Defendant's affirmative defense.


Mr. Dawe seeks to avoid undue surprise, either during the
discovery period or -- more importantly -- after discovery is
closed. Since Defendant explicitly refuses to divulge its key
affirmative defense, either formally or informally, the Court
should decline to enforce Defendant's motion to compel.

## B. Communications with Capital One

Mr. Dawe has supplemented his response to Interrogatory 17.

## C. Credit Reports

Mr. Dawe has provided copies of his credit bureau reports, but has redacted his Social Security Number from those reports.

## D. "Further Detailed Explanation"

Defendant sees avoidance and obfuscation when none exists. As stated in the May 17, 2005, letter to Defendant, Mr. Dawe has no additional substantive information regarding interrogatories 2-4, 6-8 & 10-13. Defendant asked broad questions, and Mr. Dawe gave broad responses. Indeed, Defendant responds broadly to similarly broad questions in its own interrogatory responses.

The only question is whether the responses fully and fairly place Defendant on notice of Mr. Dawe's positions on the issues. While Defendant alleges that the answers are not "full and complete", Defendant does not state in what way the answers are deficient. Obviously, if any surprise fact arises -- e.g. Mr. Dawe's neighbor is an employe of Defendant and knows that the president of Capital One specifically targeted Mr. Dawe for a fraudulent lawsuit -- then Defendant by right would be allowed to ask for exclusion of such evidence. If, however, Mr. Dawe's neighbor testifies that he saw Mr. Dawe's apple trees neglected and dying (as stated in Mr. Dawe's response to Interrogatory No. 2), then that fact has been fully and fairly revealed.

Simply because Mr. Dawe does not include verbatim testimony does not mean his responses are "incomplete". Mr. Dawe does not expect to have to read his interrogatory responses -- as his only responses -- during deposition or at trial. Instead, Mr. Dawe understands and accepts the limitations on the different discovery devices available under the Rules, as should Defendant. The Court should deny Defendant's motion to compel.


## E. Addresses

The addresses and phone numbers of Mr. Dawe's witnesses have been provided.


## III. Conclusion

For the reasons stated above, the Court should deny Defendant's motion to compel.



                              Respectfully submitted,

                              /s/ Jason David Fregeau

                              Jason David Fregeau,
                              Trial Attorney (565657)

                              47 Lincoln Road
                              Longmeadow, MA 01106
                              413/567-2461
                              413/567-2932 fax

                              Attorney for Plaintiff

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 9th day of June, 2005.

/s/ Jason David Fregeau

_____

Jason David Fregeau, Esq.