14 Mass. Prac., Summary Of Basic Law § 3.11 (3d ed.)

(TREATISE)

Massachusetts Practice Series TM
Summary Of Basic Law
Updated By The 2004 Pocket Part
Howard J. Alperin, FNa Lawrence D. Shubow; FNb Pocket Part By Howard J. Alperin, Roland F. Chase FNc

Chapter 3. Civil Procedure
Part I. Pretrial Procedure
B. Jurisdiction

§ 3.11 Nature of Jurisdiction

Link to Pocket Part

   Jurisdiction defines the ability of a court to act. FN1 If a court lacks jurisdiction over the parties or over the subject matter of the actions, then it may not act, and if it does, its actions may be put in question at any stage of a proceeding by any party or by the trial or appellate court. FN2
   The term "subject matter jurisdiction" refers to the power of a court to hear and decide the type of controversy then before it. FN3 Subject matter jurisdiction among the various trial courts in Massachusetts is both conferred and limited by statute, FN4 and it may not be waived by the parties or conferred on a court by their consent. FN5 However, if the case goes to judgment and the appeal period passes, the judgment stands and the doctrine of issue preclusion forbids relitigation of the claims which were placed in issue in the former case. FN6
   "Personal jurisdiction" refers to the power of a court to render a binding judgment declaring the rights and duties of the parties. FN7 The plaintiff's act of seeking relief constitutes a submission to the court's jurisdiction, warranting a judgment against him. FN8 As to the defendant, personal jurisdiction is obtained over him by proper and adequate service of process.
   If the defendant is domiciled in Massachusetts, organized under Massachusetts law, or has a principal place of business here, personal jurisdiction may be acquired. FN9 With respect to a defendant not found within Massachusetts, the "long arm" statute FN10 authorizes the assertion of personal jurisdiction over a defendant who (a) transacts business in Massachusetts, (b) contracts to supply services or things in Massachusetts, (c) causes tortious injury by an act or omission in Massachusetts, (d) causes tortious injury in Massachusetts by an act or omission outside the state if he regularly does or solicits business or derives substantial revenue from goods used or consumed or services rendered here, (e) has an interest in, uses, or possesses real property in Massachusetts, (f) contracts to insure a person, property or risk located in Massachusetts, (g) had a marital domicile in Massachusetts for at least one year within the two immediately preceding years, or (h) had been subject to a valid court order for child support in Massachusetts. FN11 Even if a fact pattern satisfies the literal requirements of the long-arm statute, it must still meet constitutional standards of due process. FN12 That is, personal jurisdiction over a non-resident defendant

requires that the defendant have certain minimum contacts with Massachusetts, so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. FN13

Unlike subject matter jurisdiction, personal jurisdiction can be conferred by the consent of the defendant either expressly by an explicit acceptance of service and waiver of jurisdictional challenges, or impliedly by appearing and defending on the merits without objecting to the lack of personal jurisdiction. FN14 Thus, if a defendant does not raise the issue of personal jurisdiction or insufficiency of service of process by a pretrial motion to dismiss or in his answer, the issue is waived. FN15

The Massachusetts Rules of Civil Procedure and the other procedural rules are entirely procedural and do not extend or limit the jurisdiction of the various courts. FN16

Library References:
C.J.S. Courts § 1-3, 6, 9-11, 14-22, 36-78, 80-92.
West's Key No. Digests, Courts ⚖1-40.

**Pocket Part**

While subject matter jurisdiction is nonwaivable and can be raised at any point in a proceeding, a litigant who raises the issue and does not pursue available administrative and judicial review of an adverse decision cannot relitigate the issue. FN2.5

Personal service of process on a non-resident within Massachusetts is sufficient for Massachusetts courts to exercise personal jurisdiction over him. FN13.5

FNa Of The Massachusetts Bar.

FNb Of The Massachusetts Bar, Consulting Editor.

FNc Of The Massachusetts, Rhode Island and California Bars.

FN1 **Police Commissioner of Boston v. Municipal Court of Dorchester District, 374 Mass. 640, 662, 374 N.E.2d 272, 285 (1978**) ("Jurisdiction concerns and defines the power of courts, encompassing the power to inquire into facts, apply the law, make decisions, and declare judgment"). See Black's Law Dict., 6th Ed. (West Pub. Co., 1990), p. 853.

FN2 General Accident Insurance Company of America v. Bank of New England-West, N.A., 403 Mass. 473, 474, 531 N.E.2d 252, 253 (1988) ("... subject matter jurisdiction may be challenged at any stage of a proceeding."). In Litton Business Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619, 622, 420 N.E.2d 339, 342 (1981), the court said: "... [A] jurisdictional issue must be decided, regardless of the point at which it is first raised. ... Subject matter jurisdiction cannot be conferred by consent, conduct or waiver. Accordingly, this court must take note of lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise."

**Pocket Part FN:** FN2 Jensen v. Daniels, 57 Mass.App.Ct. 811, 786 N.E.2d 1225 (2003) (party questioned subject-matter jurisdiction in appellate court four years after case was entered in Probate Court, although delay posed number of practical problems).

**Pocket Part FN:** FN2.5 Conservation Commission of Falmouth v. Pacheco, 49

Mass.App.Ct. 737, 733 N.E.2d 127 (2000).

FN3 Glick v. Greenleaf, 383 Mass. 290, 295, 419 N.E.2d 272, 276 (1981). See 21 C.J.S., Courts, § 18; Black's Law Dict., 6th Ed. (West Pub. Co., 1990), p. 1425.

FN4 Edgar v. Edgar, 403 Mass. 616, 619, 531 N.E.2d 590, 592 (1988).

FN5 Second Bank--State Street Trust Co. v. Linsley, 341 Mass. 113, 116, 167 N.E.2d 624, 626 (1960); Flynn v. Contributory Retirement Appeal Board, 17 Mass.App.Ct. 668, 670, 461 N.E.2d 1225, 1227 (1984).

**Pocket Part FN:** FN5 See ROPT Limited Partnership v. Katin, 431 Mass. 601, 729 N.E.2d 282 (2000) (subject matter jurisdiction cannot be conferred by consent, conduct or waiver).
   Adoption of Peggy, 436 Mass. 690, 767 N.E.2d 29 (2002) (issues of subject matter jurisdiction are nonwaivable and may be raised at any time).

FN6 Possehl v. Ossino, 28 Mass.App.Ct. 918, 547 N.E.2d 59 (1989) ( "... the tenant argues that the settlement of the negligence counterclaim in the District Court was a nullity as the court lacked subject matter jurisdiction to hear such a claim within a summary process proceeding. The point is governed by Harker v. Holyoke, 390 Mass. 555, 558-560, [457 N.E.2d 1115] (1983). Generally, irrespective of whether a court had subject matter jurisdiction, parties may not relitigate a claim which has been submitted to the court for decision and which has become the subject of a final and unappealed judgment in that forum. Compare Bagley v. Illyrian Gardens, Inc. [401 Mass. 822, 519 N.E.2d 1308] (1989), where the prior judgment was appealed from and, therefore, open. Principles of finality and judicial economy to that degree supplant the doctrine that parties may not confer jurisdiction on a court which the court does not have. ...").

FN7 Kane, Civil Procedure In a Nutshell, 3rd Ed. (West Pub. Co., 1991), § 2-9.

FN8 Id.

FN9 M.G.L.A. c. 223A, § 2.

FN10 M.G.L.A. c. 223A, § 3.

FN11 Id. For further discussion, see § 3.51, infra.

FN12 Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 376 N.E.2d 548 (1978).

FN13 Saporita v. Litner, 371 Mass. 607, 618, 358 N.E.2d 809, 815 (1976). See 21 C.J.S., Courts, § 40.

**Pocket Part FN:** FN13.5 Tracy v. Wanck, 2001 Mass.App.Div. 20 (2001).

FN14 Kane, Civil Procedure In a Nutshell, 3rd Ed. (West Pub. Co., 1991), §§ 2-15, 2-27.

FN15 Mass.R.Civ.P., Rule 12(h)(1).

FN16 Mass.R.Civ.P., Rule 82.

Copyright © 1996 By West Publishing Co.; Pocket Part © 2004 West, a Thomson business

(1996)

14 MAPRAC § 3.11

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.