

West Reporter Image (PDF)

393 Mass. 117, 469 N.E.2d 819
Supreme Judicial Court of Massachusetts,
Suffolk.
Patricia FIELD
v.
MASSACHUSETTS GENERAL HOSPITAL et al. [FN1]


FN1. John A. Parrish, M.D., and Thomas B. Fitzpatrick, M.D.



Argued Sept. 10, 1984.
Decided Oct. 3, 1984.


Paid volunteer in medical research experiment brought action against hospital and doctors for alleged injuries resulting from her participation. The superior court appointed a medical malpractice tribunal which directed dismissal of all counts against the doctors and two counts against hospital if volunteer did not post bond. Superior Court allowed doctors' motions to dismiss with prejudice. Subsequently, volunteer brought motion to vacate judgments in favor of doctors claiming she was not a patient who was engaged in treatment, thus, depriving malpractice tribunal of jurisdiction. The Superior Court Department, Suffolk County, Paul K. Connolly, J., vacated the judgments and reported two questions to the Appeals Court, and volunteer petitioned for direct appellate review. The Supreme Judicial Court, O'Connor, J., held that volunteer was not entitled to relief under rule of procedure for relief from void judgments since rule was only concerned with judgments of courts and only concerned with void, not erroneous judgments.
Reversed and remanded.


West Headnotes

KeyCite Notes
[1]


🔑228 Judgment
  🔑228IX Opening or Vacating
    🔑228k344 k. Discretion of Court. Most Cited Cases

🔑228 Judgment
  🔑228IX Opening or Vacating
    🔑228k346 k. Invalidity of Judgment in General. Most Cited Cases


Rule of procedure concerning relief from void judgments requires that void judgment be vacated; trial court may not vacate a valid judgment; no discretion is granted by the rule. Rules Civ.Proc., Rules 60(b)(4), 60 note, 43B M.G.L.A.


[2] KeyCite Notes

198H Health
    198HV Malpractice, Negligence, or Breach of Duty
        198HV(G) Actions and Proceedings
            198Hk809 k. Judicial Review as to Affidavits or Panel Decisions. Most Cited Cases
            (Formerly 299k17.5 Physicians and Surgeons)

Rule of procedure concerning relief from void judgments did not provide relief from decision of medical malpractice tribunal, since rule concerns only authority of courts. Rules Civ.Proc., Rules 60(b)(4), 60 note, 43B M.G.L.A.



[3] KeyCite Notes

228 Judgment
    228IX Opening or Vacating
        228k346 k. Invalidity of Judgment in General. Most Cited Cases

In medical malpractice action, rule of procedure concerning relief from void judgments could not be invoked to obtain relief from decision of trial court dismissing action against doctors on recommendation of medical malpractice tribunal for failure to post bond, on theory that trial court had erred by convening tribunal, where trial court still had authority to declare judgments, so that the judgments were not void. Rules Civ.Proc., Rules 60(b)(4), 60 note, 43B M.G.L.A.; M.G.L.A. c. 231, §§ 60(B), 111.

**820 *117** Benjamin W. Moulton, Boston, for plaintiff.

Jared H. Adams, Boston, for Thomas B. Fitzpatrick.

David M. Gould, Boston, for John A. Parrish.

Before HENNESSEY, C.J., and LIACOS, NOLAN, LYNCH and O'CONNOR, JJ.


O'CONNOR, Justice.

In 1978, the plaintiff began an action in Superior Court against the Massachusetts General Hospital (MGH) and Doctors Parrish and Fitzpatrick for injuries resulting from her participation as a paid volunteer in a medical research experiment designed to find a cure for psoriasis. She alleged four counts: negligence, misrepresentation, assault and battery, and breach of warranty. Pursuant to *118 G.L. c. 231, § 60B, the Superior Court convened a medical malpractice tribunal which directed dismissal of all counts against the doctors, and of two counts against MGH, unless the plaintiff posted bond. The plaintiff did not post bond, and a Superior Court judge allowed the doctors' motions to dismiss with prejudice. Two counts against MGH remained viable.

In July, 1983, pursuant to Mass.R.Civ.P. 60(b)(4) and (6), 365 Mass. 828 (1974), the plaintiff, by new counsel, requested that the Superior Court vacate the judgments in favor of the doctors. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment." In her motion the plaintiff contended, inter alia, that because she was not a "patient who was engaged in treatment" the medical malpractice tribunal "did not have subject matter jurisdiction over [her] causes of action ..., and the decision of the Tribunal ... as well as the Judgments which were entered thereon are void and a nullity and should be set aside."

Stating that "[u]nder Mass.R.Civ.P. 60(b)(4), the judgment of the Medical Malpractice Tribunal is void," a Superior Court judge vacated the judgments and reported two questions to the Appeals Court. See G.L. c. 231, § 111. The judge took no action on the motion in so far as it sought **\*\*821** relief under rule 60(b)(6), nor did his report address the plaintiff's rule 60(b)(6) arguments. We granted the plaintiff's petition for direct appellate review. We reverse.

[1]    Rule 60(b)(4) allows relief only from void judgments. A court must vacate a void judgment. It may not vacate a valid one. No discretion is granted by the rule. See Reporters' Notes to Mass.R.Civ.P. 60(b)(4), Mass.Ann.Laws, Rules of Civil and Appellate Procedure at 586 (Law.Co-op.1982).

[2]    [3]    The plaintiff argues that because the medical malpractice tribunal "did not have subject matter jurisdiction" the judgments entered in the Superior Court are void. But she errs, as did the Superior Court judge, by focusing on the *tribunal's* authority. Rule 60(b)(4) concerns the authority of *courts.* The Superior **\*119** Court had--and indeed still has-- jurisdiction over the plaintiff's civil action. "==**Jurisdiction concerns and defines the power of courts, encompassing the power to inquire into facts, apply the law, make decisions and declare judgment**==." ***Police Comm'r of Boston v. Municipal Court of the Dorchester Dist.,*** 374 Mass. 640, 662, 374 N.E.2d 272 (1978). Since the Superior Court had the authority to declare the judgments, they are not void, and rule 60(b)(4) affords the plaintiff no relief.

The plaintiff's real complaint is that the Superior Court judge erred by convening the medical malpractice tribunal. We express no opinion about that contention except that it is not relevant to a rule 60(b)(4) motion. "A void judgment is to be distinguished from an erroneous one ...." *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir.1972).

Because the Superior Court judge did not address the plaintiff's rule 60(b)(6) argument, we do not reach it. Nor need we reach the reported questions. See *McStowe v. Bornstein,* 377 Mass. 804, 805 n. 2, 388 N.E.2d 674 (1979). We reverse the order of the Superior Court judge vacating the judgments entered in favor of the doctors, and remand the case to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*

Mass.,1984.

Field v. Massachusetts General Hosp.

393 Mass. 117, 469 N.E.2d 819

END OF DOCUMENT



West Reporter Image (PDF)

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.