West Reporter Image (PDF) 

28 Mass.App.Ct. 918, 547 N.E.2d 59

Appeals Court of Massachusetts,
Middlesex.
William J. POSSEHL
v.
Philip OSSINO.
No. 88-P-922.
Argued Oct. 18, 1989.
Decided Dec. 4, 1989.

Tenant brought negligence action against landlord. The Superior Court, Middlesex County, rendered judgment in favor of landlord and tenant appealed. The Appeals Court held that tenant's claim was barred by res judicata.
Affirmed.

West Headnotes

[1] KeyCite Notes 

228 Judgment
   228XIII Merger and Bar of Causes of Action and Defenses
      228XIII(A) Judgments Operative as Bar
         228k567 k. Judgment by Confession or on Consent or Offer. Most Cited Cases

Tenant's negligence action against landlord was barred by res judicata, where negligence claim had been asserted as counterclaim in previous eviction proceedings and eviction action ended in settlement that was memorialized by filing agreement for judgment in district court.

[2] KeyCite Notes 

21 Affidavits
   21k3 k. Knowledge or Information of Affiant. Most Cited Cases

Personal knowledge of terms of settlement may be attributed to lawyer for one of the parties and absence of recitation of personal knowledge by attorney affiant concerning settlement terms would not render affidavit inadequate.

[3] KeyCite Notes 

30 Appeal and Error
   30V Presentation and Reservation in Lower Court of Grounds of Review
      30V(B) Objections and Motions, and Rulings Thereon
         30k234 Necessity of Motion Presenting Objection
            30k238 As to Judgment, or Modification or Vacation of Judgment
               30k238(1) k. In General. Most Cited Cases

Tenant, having not moved to strike landlord's summary judgment affidavit for defects at trial court level, could not raise those defects on appeal.
**\*\*59 \*919** Alan M. Cohen, Boston, for plaintiff.
**\*\*60** Thomas M. Elcock, Boston, for defendant.

Before KASS, WARNER and FINE, JJ.

RESCRIPT.
When Philip Ossino, the landlord, brought eviction proceedings against William J. Possehl, the tenant, the latter not only defended but fired back with counterclaims raising breach of implied warranty of habitability, breach of covenant of quiet enjoyment in violation of G.L. c. 186, § 14, violation of G.L. c. 186, § 15B, retaliatory eviction, and negligence. That action ended in a settlement, memorializied by the filing in the District Court of an agreement for judgment, whereby the landlord received possession and dropped his claim for some $700 in back rent and the various counterclaims were resolved in favor of the landlord. That was in July, 1984.

Nine months later, in March, 1985, the tenant cranked up a new negligence action in the Superior Court. Judgment entered in favor of the landlord (on a motion for summary judgment) on res judicata grounds, i.e., negligence had been raised and disposed of by judgment in the District Court proceedings. On his appeal, the tenant argues that the settlement of the negligence counterclaim in the District Court was a nullity as the court lacked subject matter jurisdiction to hear such a claim within a summary process proceeding.

[1]    The point is governed by *Harker v. Holyoke,* 390 Mass. 555, 558-560, 457 N.E.2d 1115 (1983). Generally, irrespective of whether a court had subject matter jurisdiction, parties may not relitigate a claim which has been submitted to the court for decision and which has become the subject of a final and unappealed judgment in that forum. Compare *Bagley v. Illyrian Gardens, Inc.,* 401 Mass. 822, 519 N.E.2d 1308 (1989), where the prior judgment was appealed from and, therefore, open. Principles of finality and judicial economy to that degree supplant the doctrine that parties may not confer jurisdiction on a court which the court does not have. *Id.* at 559, 457 N.E.2d 1115 and see *Litton Business Syss. v. Commissioner of Rev.,* 383 Mass. 619, 622, 420 N.E.2d 339 (1981). *Flynn v. Contributory Retirement Appeal Bd.,* 17 Mass.App.Ct. 668, 670, 461 N.E.2d 1225 (1984). Whether a partymay counterclaim for negligence within the context of a summary process action (see *Yorke Mgt. v. Castro,* 406 Mass. 17, 546 N.E.2d 342 [1989] ) is, therefore, a matter we need not decide.

[2]   [3]    There is nothing to the argument that the landlord's affidavit in support of his motion for summary judgment in the Superior Court was inadequate. First, the essential facts recited in the affidavit, what was in the counterclaim at the District Court level and what was in the judgment which had been entered were also ascertainable from the District Court docket, to which the Superior Court judge had access. Second, personal knowledge of the terms of a settlement may be attributed to a lawyer for one of the parties and the absence of a recitation of personal knowledge by an attorney-affiant concerning settlement terms is not a serious defect. See *Lockwood v. Wolf Corp.,* 629 F.2d 603, 611 (9th Cir.1980). Third, the tenant, having not moved to strike the affidavit for defects at the trial court level, may not raise those defects on appeal. See *Madsen v. Erwin,* 395 Mass. 715, 721, 481 N.E.2d 1160 (1985); *Jackson v. Action for Boston Community Dev., Inc.,* 403 Mass.

8, 12 n. 2, 525 N.E.2d 411 (1988); *Klingman v. National Indem. Co.,* 317 F.2d 850, 854 (7th Cir.1963); *Noblett v. General Elec. Credit Corp.,* 400 F.2d 442, 445 (10th Cir.1968); *Associated Press v. Cook,* 513 F.2d 1300, 1303 (10th Cir.1975); *Lacey v. Lumber Mut. Fire Ins. Co.,* 554 F.2d 1204, 1205 (1st Cir.1977); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2738 at 507-509 (2d ed. 1983).

The judgment is affirmed. The appellee is to have double costs.

*So ordered.*

Mass.App.Ct.,1989.

Possehl v. Ossino

28 Mass.App.Ct. 918, 547 N.E.2d 59

END OF DOCUMENT

West Reporter Image (PDF)

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.