1991 Mass.App.Div. 84, 1991 WL 121177 (Mass.App.Div.)
Massachusetts Appellate Division, District Court Department, Northern District.
CASUALTY RECIPROCAL EXCHANGE
v.
FAZIO ENTERPRISES, INC.
No. 9103.
Heard May 15, 1991.
Opinion Certified June 21, 1991.

West Headnotes

KeyCite Notes 

🔑228 Judgment
  🔑228XIII Merger and Bar of Causes of Action and Defenses
    🔑228XIII(A) Judgments Operative as Bar
      🔑228k570 Judgment on Discontinuance, Dismissal, or Nonsuit
        🔑228k570(4) k. Involuntary Dismissal or Nonsuit in General. Most Cited Cases

Judgment dismissing case pursuant to Rule 37(b)(2) for plaintiff's failure to comply with a court order was a binding judgment on the merits which precluded a subsequent action on the same claim for the same relief.

In the Malden Division, Killam, J.; Docket No. 002530.
Joseph A. Riley, Reimer & Braunstein, Boston, for plaintiff.
Michelle J. Lipton, Nutter, McClennan & Fish, Boston, for defendant.

Before SHERMAN, P.J., and BANKS and FLATLEY, JJ.

BANKS, Justice.
*1 This is an appeal by the plaintiff from the trial court's allowance of the defendant's Dist./Mun.Cts.R.Civ.P. 12(b)(6) motion for dismissal on the ground of res judicata, and for sanctions. The report states that the issue presented for appellate consideration is:
whether a judgment dismissing a case pursuant to Rule 37(b)(2) for plaintiff's failure to comply with a court order is a binding judgment on the merits which precludes a subsequent action on the same claim for the same relief.
There is no dispute as to the salient facts. The parties agree that on May 23, 1989, the plaintiff-insurer initiated an action against the defendant-insured to recover the sum of $57,733.00 allegedly owed by the defendant for insurance premiums. On February 16, 1990, the court issued an order compelling the plaintiff to produce documents in accordance with the defendant's discovery requests. The plaintiff failed to comply with this court order and on May 11, 1990, the court allowed the defendant's Dist./ Mun.Cts.R.Civ.P. 37(b)(2) motion to dismiss and imposed costs on the defendant in the amount of $750.00. The judgment of dismissal entered on May 11, 1990 recites in pertinent part:
that the plaintiff, Casualty Reciprocal Exchange, take nothing, that the action be dismissed as to defendant, Fazio Enterprises Inc., (on the merits,) and that the defendant Fazio Enterprises, recover costs in the amount of $750.00.
Seven months later, on December 19, 1990, the plaintiff commenced the

present action against the same defendant seeking the same relief on the same claim which had been dismissed on May 11, 1990. After hearing, the court allowed the defendant's motion to dismiss, ruling that the prior judgment of dismissal pursuant to Rule 37(b)(2) was a binding judgment on the merits which precluded this subsequent action.
There was no error.
We note initially that the plaintiff never appealed the allowance of the motion to dismiss its first action, nor sought relief from the judgment of dismissal entered on May 11, 1990. Accordingly, those of the plaintiff's arguments which are directed to the propriety of the allowance of the original, Rule 37(b)(2) dismissal motion are not herein considered.
The plaintiff's contention on this appeal that the court's order of dismissal was not, or should not be, final flies squarely in the face of Dist./ Mun.Cts.R.Civ.P. 41 which deals with dismissals. Section (b)(3) of that Rule expressly and explicitly provides that an involuntary dismissal under the Rules on motion of the defendant operates as an adjudication on the merits. [FN1] *Encisco v. Zegarelli,* 1981 Mass.App.Div. 171, 172-173.
The plaintiff's sole argument is that, because of the drastic nature of a foreclosure of all claims, a dismissal under the Rules and not on the merits should not be treated as final unless the judge has clearly indicated the intended finality of the action by some unequivocal means, e.g., the use of the term "with prejudice."
*2 The short answer to this argument is that the Rules dictate precisely the opposite effect. Pursuant to Rule 41(b)(3), a dismissal operates as an adjudication on the merits unless otherwise specified by the judge upon entry of the dismissal. See *Porter v. Ackerman,* 380 Mass. 936 (1980).
A still shorter answer applicable in this case is that the trial court in its order of May 11, 1990 did indeed indicate that the dismissal was to be deemed, and was entered, "on the merits."
The plaintiff's claim of appeal is utterly without merit. Accordingly, the report is hereby dismissed with Dist./Mun. Cts.R.Civ.P. 64(i) order for double costs against the plaintiff to be assessed in accordance with G.L. c. 261, s. 26. The defendant's motion for attorney's fees is denied.
So ordered.

> FN1. "(b) Involuntary Dismissal: Effect Thereof .... (3) Effect. Unless the dismissal is pursuant to paragraph (1) of this subdivision (b) or unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Mass.App.Div.,1991.
Casualty Reciprocal Exchange v. Fazio Enterprises, Inc.
1991 Mass.App.Div. 84, 1991 WL 121177 (Mass.App.Div.)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.