UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| MICHAEL DAWE,         Plaintiff | |
| v. | C.A. No. 04-40192 |
| CAPITAL ONE BANK,         Defendant. | |

### CAPITAL ONE'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Defendant Capital One Bank ("Capital One") submits this brief memorandum in reply to the opposition of the plaintiff Michael Dawe ("Dawe") to Capital One's motion to compel answers to interrogatories and production of documents.

1. **The validity of Dawe's debt to Capital One is relevant and Capital One is entitled to discovery on this issue.**

The principal point of contention remaining in connection with the plaintiff's responses to Capital One's discovery requests[1] is the discoverability of information and documents about the plaintiff's debt to Capital One. The plaintiff has refused to provide any discovery about the existence of the underlying debt[2] based upon his belief that the state court "found" the debt to be "un-owed" (no such things happened at the state court) and that continued attempts by Capital One to collect the debt through lawful, non-judicial means violated the Fair Debt Collection Practices Act (among other claims).[3] In order to prevail on his claims, the plaintiff has the

---

[1] The plaintiff has supplemented his response to Interrogatory No. 17 (confirming that he never communicated with Capital One after the dismissal of the state court case other than in writing), provided copies of his credit bureau reports in response to Document Request No. 3, and provided addresses and phone numbers for individuals identified in response to Interrogatory No. 3.

[2] The plaintiff has taken the same position in refusing to admit or deny all but three of Capital One's requests for admissions. *See* Exhibit 1 hereto.

[3] *See* Exhibit B to Capital One's motion to compel.

burden of proving that Capital One's continued efforts to collect the debt violated the FDCPA. Capital One is entitled to discovery in support of its efforts to defeat the plaintiff's claims and to prove that Capital One's actions did not violate the FDCPA.

As the plaintiff concedes,[4] one of the key issues in this case is "the … legal effect of the [state court] judgment dismissing Defendant's claim," an issue that will be presented to the Court by Capital One on a motion for summary judgment upon completion of discovery. Relying upon principles of *claim preclusion*, the plaintiff argues that the validity of the debt was "finally determined" in his favor in the state court action even though the state court judge never considered the merits of Capital One's claim or plaintiff's counterclaims, dismissing the complaint instead based upon a purported failure by Capital One to comply with a discovery order. However, *claim preclusion* applies only in circumstances in which a party commences a second action on the same claims that were the subject of a prior court action that is deemed to be an "adjudication on the merits," as evidenced by the cases cited by the plaintiff, all of which involve *two* lawsuits and a determination that the second lawsuit was barred by the principles of claim preclusion.

Principles of claim preclusion have no application here, even if the state court dismissal is an "adjudication on the merits," because Capital One did not commence this lawsuit and has made no attempted in this lawsuit to try to collect the debt that was at issue in the state court case. Having been sued by the plaintiff, Capital One only seeks here to defeat the plaintiff's claim, and in doing so, Capital One intends to establish that (a) the dismissal of the state court action without reaching the merits of Capital One's claims does not operate to *extinguish* the underlying debt as a matter of law and (b) Capital One was therefore entitled to continue to

---

[4] *See* Exhibit F to Capital One's motion to compel and Plaintiff's Responses to Defendant's First Request for Production of Documents attached hereto as Exhibit 2.

2

collect the debt through the lawful, non-judicial means allegedly employed. In analogous cases involving attempts by creditors to collect a debt after a court action to collect the debt is time-barred, federal courts have refused to find violations of fair debt collection laws, concluding that the expiration of the statute of limitations does not eliminate the debt itself but merely limits the judicial remedies available to the creditor. *See, e.g., Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 8th Cir. 2001).

If, as Capital One contends, the dismissal of the state court action did not operate to eliminate the debt <u>and</u> the underlying debt is valid (e.g., if Dawe does not have a legitimate basis for claiming that the debt was paid or that he does not owe the money), the debt continues to be owed and, although Capital One may not be able to enforce the debt in court, it may continue to seek payment of the debt through lawful, non-judicial means[5] and the plaintiff may choose to accept responsibility for the debt in order to clear his credit record. If that is the case, the plaintiff will be unable to satisfy his burden of proof on his claim.[6]

Before Capital One can present these issues to the Court on summary judgment, however, it must determine through discovery whether the plaintiff claims to have a valid reason for avoiding the debt (other than, of course, simply because of the dismissal of the state court action). Until the Court makes a determination of the legal effect of the dismissal of the state court action (which may or may not be the same determination that the plaintiff seems to have

---

[5] Here, the only *alleged* communications that occurred after the dismissal of the state court action were (a) two notices to the plaintiff from a collection agency and (b) a number of messages on the plaintiff's telephone answering machine from the same agency (messages that plaintiff's counsel "did not find particularly interesting"). *See* Exhibit 3 hereto.

[6] Plaintiff's insistence that Capital One assert its legal theory of the case as an "affirmative defense" in order to obtain discovery about the underlying debt is misguided. Capital One disagrees with the plaintiff's premise that every legal theory available to Capital One to defeat the plaintiff's claims constitutes an "affirmative defense." Moreover, despite his claim to the contrary, the plaintiff has had ample notice of the reason Capital One believes the plaintiff cannot prevail on his claims, which was disclosed at the scheduling conference, in correspondence to plaintiff's counsel, and in Capital One's motion to compel.

already made on his own), Capital One is entitled to discovery about the underlying debt, including whether the plaintiff claims that the debt is invalid or uncollectible for some reason.

2. **The plaintiff has an obligation to provide full and complete answers to interrogatories, and he does not satisfy this obligation merely by placing Capital One on notice of his positions and reserving more detailed answers to deposition or trial.**

With regard to the ten interrogatories with respect to which the plaintiff responded with brief answers qualified by the statement "subject to further detailed explanation at deposition or at trial…," he contends that he need only "place Defendant on notice of Mr. Dawe's positions on the issues" and that Capital One could ask for exclusion of any "surprise fact." This is not what is required of the plaintiff under the Federal Rules of Civil Procedure and Capital One is not required to wait until trial for "surprise facts."

The problem with plaintiff's approach to discovery is highlighted by his objection to Interrogatory No. 17, in which Capital One simply asked the plaintiff to describe all communications he had with Capital One, on the ground that the interrogatory "requires a narrative response best suited for deposition." When he supplemented his answer <u>after</u> Capital One's motion to compel was filed, he advised Capital One that he had already provided copies of all *written* communications and, with respect to non-written communications, he provided a cassette tape of telephone messages that his attorney had forgotten in his desk and further acknowledged that there were <u>no other communications with Capital One or any of its agents</u>. *See* Exhibit 3 hereto. Based upon this new, more complete, albeit brief, answer,[7] Capital One now knows that the communications that the plaintiff is complaining of were extremely limited (and that he never actually spoke with

---

[7] This four-sentence response is inconsistent with the plaintiff's initial objection that the interrogatory "requires a narrative response best suited for deposition." Although a deposition may provide an opportunity to flesh out more details, a deposition should not be required in order to obtain from the plaintiff an enumeration of the communications that he is complaining about.

4

anyone at Capital One) and therefore Capital One will not have to expend unnecessary time and money trying to identify communications that never took place.

With respect to the remaining interrogatories, if the plaintiff has additional information that is responsive to these interrogatories, he has no right to provide a broad, uninformative answer and reserve a "detailed explanation" for a deposition, as he has attempted to do.  He should be ordered to provide a complete answer to each interrogatory, with any information he presently has that is responsive to each interrogatory.  If he has no additional information, he should be required to say so, so that Capital One is not forced to waste time and money trying to find out if he does, in fact, have any additional information.

## Conclusion

For the reasons set forth above, Capital One requests that the Court allow Capital One's motion to compel.

Respectfully submitted,

**CAPITAL ONE BANK**

By its attorney,

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
Date: June 15, 2005         (781) 237-9188