# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

| | | |
|---|---|---|
| MICHAEL DAWE, | : | No. 04-40192-FDS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE BANK, | : | |
| Defendants | : | |

Plaintiff's Responses to Defendant's Requests for Admission

### Repeated Objection

In fifty-three of its fifty-six requests, Defendant focuses on the former alleged debt, an issue that is not calculated to lead to admissible evidence. Since this objection would be repeated constantly and consistently, the text is provided once:

"Objection. How many times must Mr. Dawe defend himself against the alleged debt, and why should the United States District Court for the District of Massachusetts be turned into a collection forum? Defendant submitted to the jurisdiction of the state court and had the chance to litigate the question. The state court rendered judgment in favor of Mr. Dawe. Consequently, whether or not Mr. Dawe owed the alleged debt prior to the date the suit was filed, December 17, 2002, is beyond the scope.

"In addition, pursuant to revised Rule 26(b)(1), Defendant fails to set forth any defense that would allow it to pursue whether or not the alleged debt was valid. Defendant's requests are beyond the scope of the pleadings.

"Finally, Defendant refuses to provide any documents or information prior to the June 10, 2002, judgment:

'Capital One objects to this interrogatory on the ground that [sic -it] is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it includes any time period prior to the date of dismissal of the state court action referred to in the complaint.'

"Defendant's objection is diametrically opposed to the position taken in its requests for admission. Either Defendant's objections or Defendant's requests are proffered in bad faith."


The above will be referred to in the responses below as "Mr. Dawe's Specified Objection" and shall be as if set forth in full.


1. The document attached hereto as Exhibit A is true and accurate copy of a "10.9% Acceptance Certificate" (the "Acceptance Certificate") sent by Capital One to you at your home address at 744 Wheelwright Road, Barre, Massachusetts.
    Response: Mr. Dawe's Specified Objection.

2. You received the acceptance Certificate from Capital One.
Response: Mr. Dawe's Specified Objection.

3. The handwriting on the Acceptance Certificate was made by you.
    Response: Mr. Dawe's Specified Objection.

4. The Social Security Number written on the Acceptance Certificate is your Social Security Number.
    Response: Mr. Dawe's Specified Objection.

5. You signed the Acceptance Certificate.
Response: Mr. Dawe's Specified Objection.

6. You returned the Acceptance Certificate to Capital One.
Response: Mr. Dawe's Specified Objection.

7. You returned the Acceptance Certificate to Capital One prior to September 22, 2000.
Response: Mr. Dawe's Specified Objection.

8. By signing the Acceptance Certificate and returning it to Capital One, you requested that Capital One make a loan to you in the amount of $15,381.00.
Response: Mr. Dawe's Specified Objection.

9. The document attached hereto as Exhibit B is a true and accurate copy of the Federal Disclosure Statement and Loan Agreement (the "Disclosure") enclosed with the Acceptance Certificate that you received from Capital One.
Response: Mr. Dawe's Specified Objection.

10. By signing the Acceptance Certificate, you acknowledged reading the disclosure.
Response: Mr. Dawe's Specified Objection.

11. By signing the Acceptance Certificate, you agreed to be bound by the Disclosure.
Response: Mr. Dawe's Specified Objection.

12. The document attached hereto as Exhibit C contains in the upper two-thirds of the page a true and accurate copy of a check in the amount of $15,381 issued by Capital One payable to you (the Account Opening Check"). [sic]
Response: Mr. Dawe's Specified Objection.

13. The Account Opening Check was sent to you by Capital One after you delivered the Acceptance Certificate to Capital One.
   Response: Mr. Dawe's Specified Objection.

14. You received the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

15. You received the Account Opening Check between September 22, 2000 and September 29, 2000.
   Response: Mr. Dawe's Specified Objection.

16. You endorsed the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

17. The signature on the back of the Account Opening Check is yours.
   Response: Mr. Dawe's Specified Objection.

18. You deposited the Account Opening Check into an account at Country Bank.
   Response: Mr. Dawe's Specified Objection.

19. You received the proceeds of the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

20. You used the proceeds of the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

21. You used the proceeds of the Account Opening Check to pay debts that you owed to persons or entities other than Capital One.
   Response: Mr. Dawe's Specified Objection.

22. You received $15,381.00 from Capital One on or after September 22, 2000.
   Response: Mr. Dawe's Specified Objection.

23. By signing the Acceptance Certificate and accepting the proceeds of the Account Opening Check, you agreed to repay Capital One $15,381 plus interest.

Response: Mr. Dawe's Specified Objection.

24. The document attached hereto as Exhibit D is a true and accurate copy of the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000.

Response: Mr. Dawe's Specified Objection.

25. You received the document attached hereto as Exhibit D.

Response: Mr. Dawe's Specified Objection.

26. The monthly account statement for your loan account with Capital One for the period August 27, 2000 through September 26, 2000, reflected a total new balance of $15,381.00 and an amount due of $262.55.

Response: Mr. Dawe's Specified Objection.

27. You paid $262.55 to Capital One on or about October 10, 2000.

Response: Mr. Dawe's Specified Objection.

28. The document attached hereto as Exhibit E is a true and accurate copy of the payment stub from the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000, with the amount $262.55 handwritten thereon by you.

Response: Mr. Dawe's Specified Objection.

29. The document attached hereto as Exhibit F is a true and accurate copy of a check that you sent to Capital One in the amount of $262.55 drawn on your checking account at Country Bank.

Response: Mr. Dawe's Specified Objection.

30. The check that appears in the document attached hereto as Exhibit F was sent to Capital One with the payment stub that appears in the document attached hereto as Exhibit D.

Response: Mr. Dawe's Specified Objection.

31. The signature on the check that appears in the document attached hereto as Exhibit F is your signature.

Response: Mr. Dawe's Specified Objection.

32. The documents attached hereto as Exhibit G are true and accurate copies of the monthly account statements for your loan account with Capital One for the monthly periods from September 27, 2000 through August 26, 2002.

Response: Mr. Dawe's Specified Objection.

33. You received the documents attached hereto as Exhibit G.

Response: Mr. Dawe's Specified Objection.

34. For each of the monthly periods beginning August 26, 2000 and ending February 26, 2002, you sent a payment to Capital One in the amount of $262.55.

Response: Mr. Dawe's Specified Objection.

35. The documents attached hereto as Exhibit H are true and accurate copies of payment stubs and checks that you sent to Capital One.

Response: Mr. Dawe's Specified Objection.

36. All of the checks that you sent to Capital One were drawn on an paid from your checking account at Country Bank.

Response: Mr. Dawe's Specified Objection.

37. The signatures on the checks that appear in the documents attached hereto as Exhibit H are your signatures.

Response: Mr. Dawe's Specified Objection.

38. As of March 26, 2002, the total new balance of your loan account with Capital One was $12,960.66.

Response: Mr. Dawe's Specified Objection.

39. The documents attached hereto as Exhibit I are true and accurate copies of a payment stub and check that you sent to Capital One on or about April 23, 2002.

Response: Mr. Dawe's Specified Objection.

40. The check that you sent to Capital One for the payment due on April 21, 2002, was for $10.00.

Response: Mr. Dawe's Specified Objection.

41. Capital One did not accept your payment of $10.00 on or about April 23, 2002, as full and final payment of the principal and interest due on your loan account with Capital One.

Response: Mr. Dawe's Specified Objection.

42. The minimum amount due on your loan account with Capital One on April 21, 2002, was $262.55.

Response: Mr. Dawe's Specified Objection.

43. You made no payments to Capital One in connection with your loan account with Capital One after April 23, 2002.

Response: Mr. Dawe's Specified Objection.

44. The document attached hereto as Exhibit J is a true and accurate copy of a letter dated April 23, 2002, that you sent to Capital One along with the payment stub and check attached hereto as Exhibit I.

Response: Mr. Dawe's Specified Objection.

45. The document attached hereto as Exhibit K is a true and accurate copy of a letter from Capital One to you dated May 8,

2002.
　　Response: Mr. Dawe's Specified Objection.

　　46. The document attached hereto as Exhibit K was a response
to your letter to Capital One dated April 23, 2002, a copy of
which is attached hereto as Exhibit J.
　　Response: Mr. Dawe's Specified Objection.

　　47. As of May 8, 2002, the balance of your loan account with
Capital One was $13,079.95.
　　Response: Mr. Dawe's Specified Objection.

　　48. The document attached hereto as Exhibit L is a true and
accurate copy of a portion of a letter that you sent to Capital
One on or about June 7, 2002.
　　Response: Mr. Dawe's Specified Objection.

　　49. The document attached hereto as Exhibit M is a true and
accurate copy of a letter from Capital One to you dated June 20,
2002.
　　Response: Mr. Dawe's Specified Objection.

　　50. The document attached hereto as Exhibit M was sent to you
in response to the letter from you to Capital One attached
hereto as Exhibit L.
　　Response: Mr. Dawe's Specified Objection.

　　51. You received the document attached hereto as Exhibit M.
　　Response: Mr. Dawe's Specified Objection.

　　52. You received with the document attached hereto as Exhibit
M a copy of the Acceptance Certificate.
　　Response: Mr. Dawe's Specified Objection.

　　53. You received with the document attached hereto as Exhibit
M a copy of the monthly account statements for your loan account

with Capital One for the monthly periods from March 2002 to May 2002.

    Response: Mr. Dawe's Specified Objection.

    54. On June 9, 2002, you stipulated to the dismissal of your counterclaims in the Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

    Response: Admitted in part. The stipulation was to a voluntary dismissal of the counterclaims, which the court entered.

    55. On June 9, 2002, you voluntarily dismissed your counterclaims in the Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

    Response: Admitted in part. The parties stipulated to a voluntary dismissal of the counterclaims, which the court entered.

    56. The Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639, was dismissed by the court in response to your motion to dismiss based upon Capital One's failure to comply with a discovery order.

    Response: Admitted in part. The case was not just dismissed -- judgment was entered in favor of Mr. Dawe.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

page 9

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Responses to Defendant's Requests for Admission has been served by United States Mail, postage prepaid, upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 2d day of June, 2005.

Jason David Fregeau, Esq.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                     :        No. 04-40192-FDS

        Plaintiff         :

                          :

        v.                :

                          :

CAPITAL ONE BANK,                 :

        Defendants        :

\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

Plaintiff's Responses to Defendant's First Request for
Production of Documents

\_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_ \_

### Responses

1. Copies of all written communications between you and
Capital One.

Response: Objection. Whether Mr. Dawe owed the alleged debt is
not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,
December 17, 2002, are beyond the scope. All communications
after December 17, 2002, were provided with Mr. Dawe's Rule 26
disclosures or accompany this response.

2. Copies of all written communications between you and
American Arbitration Forum, Inc., including but not limited to
all documents delivered by you to American Arbitration Forum,
Inc. and all documents delivered by American Arbitration Forum,
Inc. to you.

Response: Objection. Whether Mr. Dawe owed the alleged debt is
not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,

December 17, 2002, are beyond the scope. All communications after December 17, 2002, were provided with Mr. Dawe's Rule 26 disclosures or accompany this response.

3. Copies of all written communications between you and Equifax, Transunion [sic] and/or Experian, including but not limited to copies of any consumer reports provided by any of them to you.

Response: Objection. Mr. Dawe will not provide unredacted copies of his private credit history. Those documents showing Defendant's entries were provided with Mr. Dawe's demand letter, complaint, and Rule 26 disclosures.

4. Copies of all written communications between you and Account Solutions Group.

Response:  All communications were provided with Mr. Dawe's demand, complaint, and Rule 26 disclosures or accompany this response.

5. Copies of all written communications concerning Worcester District Court action referred to in the Complaint.

Response:  All communications were provided with Mr. Dawe's demand, complaint, and Rule 26 disclosures or accompany this response.

6. Copies of all documents that you filed in connection with the Worcester District Court referred to in the Complaint.

Response: Objection. These documents are public record; however, if Defendant would like any particular document, then Mr. Dawe would be happy to provide a copy as a courtesy.

7. Copies of all monthly or other periodic statements, disclosures and other printed material delivered to plaintiff in connection with Capital One personal loan account numbered 781260-1777706746.

Response: Objection. Whether Mr. Dawe owed the alleged debt is

not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,
December 17, 2002, are beyond the scope. All communications
after December 17, 2002, were provided with Mr. Dawe's Rule 26
disclosures or accompany this response.

8. Copies of all checks received from Capital One in
connection with personal loan account numbered 781260-
1777706746.

Response: Objection. Whether Mr. Dawe owed the alleged debt is
not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,
December 17, 2002, are beyond the scope. All communications
after December 17, 2002, were provided with Mr. Dawe's Rule 26
disclosures or accompany this response.

9. Copies of all checks that you delivered to Capital One in
connection with personal loan account numbered 781260-
1777706746.

Response: Objection. Whether Mr. Dawe owed the alleged debt is
not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,
December 17, 2002, are beyond the scope. All communications
after December 17, 2002, were provided with Mr. Dawe's Rule 26
disclosures or accompany this response.

10. Copies of all written contracts between you and Capital
One.

Response: Objection. Whether Mr. Dawe owed the alleged debt is
not at issue. Rather, the issue is the litigation against Mr.
Dawe and the legal effect of the judgment dismissing Defendant's
claim. Consequently, all communications prior to filing suit,
December 17, 2002, are beyond the scope. All communications

after December 17, 2002, were provided with Mr. Dawe's Rule 26
disclosures or accompany this response.

11. Copies of all written or printed material that you claim
contain defamatory statements made by Capital One.

Response: All communications were provided with Mr. Dawe's
demand, complaint, and Rule 26 disclosures or accompany this
response. In particular, see Defendant's entries on Mr. Dawe's
credit histories.

12. If you claim that you are not responsible or liable to
Capital One for any amounts in connection with a personal loan
account with Capital One numbered 781260-1777706746 standing in
the name of "Michael J. Dawe," copies of all documents that
support your claim.

Response: All documents were provided with Mr. Dawe's demand,
complaint, and Rule 26 disclosures or accompany this response.
In particular, see the Worcester District Court judgment.

13. Copies of all documents concerning any damages that you
claim to have suffered as a result of any conduct of Capital
One, including but not limited to all documents that support
your claim that you suffered economic loss, loss of self-esteem
and peace of mind, emotional distress, humiliation and
embarrassment, including but not limited to all medical,
psychiatric, psychological and similar records concerning any
loss of self-esteem and peace of mind, emotional distress,
humiliation and embarrassment that you claim to have suffered.

Response: All documents were provided with Mr. Dawe's demand,
complaint, and Rule 26 disclosures or accompany this response.

14. Copies of any and all documents that you intend to use at
the trial of this lawsuit.

Response: Objection. Trial exhibits have not been identified.
Identification of trial exhibits will occur as scheduled by the
Court and required by the Rules.

15. Copies of all documents prepared or reviewed by any person retained by you and expected to testify as an expert witness in the trial of this action, including but not limited to any and all written reports or other documents detailing, describing or otherwise pertaining to any opinion or opinions prepared by any such expert witness, including but not limited to copies of all documents written or prepared in whole or in part by any such expert witness regarding the subject matter of this lawsuit, transcripts of deposition or trial testimony by any such expert witness in connection with any matter, copies of all documents provided to any such expert witness in connection with his or her engagement as an expert in this lawsuit, copies of all documents referenced or relied upon by any such expert witness in rendering his or her opinion or opinions, and list or schedule of cases that said witness(es) have testified in or been retained as an expert witness from January 1, 2000 to date.

Response: Objection to the run-on sentence; Strunk & White are rolling in their graves!

Real Response: Mr. Dawe currently has no expert and does not contemplate having an expert except as a response to any expert identified by Defendant.


16. Copies of the curricular [sic] vitae and resume of all expert witnesses with whom you or your attorney have conferred or consulted or whom you intend to call as an expert witness at the trial of this lawsuit.

Response: Objection. Identification of and communications with expert witnesses not intended to be called at trial constitute immune attorney work product. Subject to this objection and without waiving any objection, Mr. Dawe directs Defendant to his real response to Request 15.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Responses
to Defendant's First Request for Production of Documents has
been served by United States Mail, postage prepaid, upon
Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA
02482-6326, this 26th day of April, 2005.

Jason David Fregeau, Esq.

# EXHIBIT 3

**Jason David Fregeau**
**Attorney at Law**
47 Lincoln Road
Longmeadow, MA 01106
Tel. 413-567-2461
Fax 413-567-2932
*Also admitted in Ohio*

June 9, 2005

<u>By United States Mail</u>

Bruce D. Berns, Esq.
Abendroth Berns & Warner LLC
47 Church St., Ste 301
Wellesly, MA 02482-6326

Re: <u>Dawe v. Capital One Bank</u>

Dear Mr. Berns:

I have enclosed Mr. Dawe's supplemental interrogatory responses, his credit histories (SSN redacted), and an audio cassette tape in the above matter. The tape has telephone messages left by ASG, which I did not find particularly interesting -- that is why I stuffed the tape in a drawer and forgot about it.

Thank you for your attention. Should you have any questions, please feel free to contact me.

Sincerely,

Jason David Fregeau, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                           :        No. 04-40192-FDS

          Plaintiff              :

                           :

          v.                    :

                           :

CAPITAL ONE BANK,                        :

          Defendants             :

Plaintiff's Supplemental Responses to Defendant's First Set of
Interrogatories

## Responses

3. Identify each and every person known by you to have any
knowledge or information concerning the subject matter of the
Complaint and, as to each such person, describe the knowledge or
information possessed by such person.

Response: Subject to further detailed explanation at
deposition or at trial, Mr. Dawe states these individuals have
observations about Mr. Dawe's distress:

Bob Clementa, former Shop Supervisor

Jimmy Hall, friend

Barry Bouttele, friend

Ronny Gagne, friend

Ronny Thibault, friend

Ed Langillier, neighbor

Ralph Morrison, neighbor

Updated Response:

Bob Clementa, former Shop Supervisor

home: 96 Duxbury Rd., Holden, MA 01520

work: PCC. Specialty Products, 18 Industrial Dr.,  Holden MA

01520, 508-829-4491

Jimmy Hall, friend
12 Maple St., Wheelwright, MA 01037, 413-477-8718

Barry Bouttele, friend
100 Mixtner Rd., Holden, MA 01520, 508-829-5051

Ronny Gagnon, friend
117 Howe St., E.Brookfield, MA 01515, 508-867-7664

Ronny Thibault, friend
52 Bacon Hill Rd., Spencer, MA 01562, 508-885-0139

Ed Langillier, neighbor
732 Wheelwright Rd., Barry, MA 01005, 978-355-2812

Ralph Morrison, neighbor
768 Wheelwright Rd., Barry, MA 01005, 978-355-4600

17. Please describe with particularity each and every
communication between you or anyone acting on your behalf with
any agent or representative of Capital One, including as to each
such communication the nature of the communication (writing,
telephone, meeting), the date on which the communication took
place, the persons present at the time of the communication, the
place the communication took place, and the substance of the
communication.

Response: Objection. Requires a narrative response best suited
for deposition. In addition, this question is prohibitively
multi-part.

Updated Response: Mr. Dawe had numerous communications with
Defendant's counsel during the pendency of the state court
litigation. Theses communications are documented in the court
papers and the copies of letters previously sent to Defendant.

In regard to post-litigation communications, Mr. Dawe states
that all correspondence has been provided. Enclosed is a copy of
a cassette tape of messages left by ASG. There were no
conversations with Defendant or any of its agents.


Respectfully submitted,


Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff


## Certificate of Service

I certify that a copy of the foregoing Plaintiff's
Supplemental Responses to Defendant's First Set of
Interrogatories has been served by United States Mail, postage
prepaid, upon Defendant's counsel at 47 Church St., Ste 301,
Wellesly, MA 02482-6326, this 9th day of June, 2005.


Jason David Fregeau, Esq.