UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
MICHAEL DAWE,                      )
        Plaintiff,                 )
                                   )   CIVIL ACTION NO.
vs.                                )   04-40192-FDS
                                   )
CAPITAL ONE BANK,                  )
        Defendant,                 )
_____)

## ORDER

September 27, 2005

**SWARTWOOD, C.M.J**

### Nature of the Proceeding

On July 7, 2005, Defendant's Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 16) was referred to me for disposition.

### Nature of the Case

Michael Dawe commenced this action claiming that Capital One violated the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA") by continuing to collect a debt and continuing to report that debt to consumer credit agencies after a state court collection action commenced by Capital One against Mr. Dawe was dismissed.  Capital One contends that the dismissal of the state court action, even if it was considered an adjudication on the merits, did not eliminate Dawe's underlying debt to Capital One. Since Capital One alleges that the underlying debt is valid

notwithstanding the state court judgment, Capital One contends that it is not precluded by the FCRA from either attempting to collect the debt or reporting the debt to consumer credit reporting agencies.

## Discussion

Defendant seeks to compel Mr. Dawe to provide more complete answers to interrogatories and responses to document requests concerning Mr. Dawe's alleged debt.  Mr. Dawe objected to these requests on the grounds that they are overbroad and irrelevant to any express claim or defense as required by Rule 26(b)(1).  Since the original motion was filed, Mr. Dawe has supplemented his responses to several, but not all, of the deficient interrogatories and provided additional documents in response to Defendant's requests.  The remaining issue is whether the prior dismissal of Defendant's action in state court bars discovery of Plaintiff's underlying debt.

### I. State Court Decision's Effect on Discovery

On December 2002, Capital One commenced an action in Worcester District Court to collect an alleged debt owed by Mr. Dawe to Capital One.  In May 2003, Mr. Dawe moved to dismiss the state court action based upon Capital One's alleged failure to provide complete answers to interrogatories.  That motion was allowed on June 9, 2003 and subsequently on June 10, 2003, the state court entered a judgment of dismissal, as follows:

> On the above action, upon motion, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Brennan, Hon. Dennis J.)

Despite receiving a judgment of dismissal against it, Capital One continued to make attempts to collect the alleged debt from Mr. Dawe. In response to these collection attempts, Mr. Dawe has filed this case.

It is Capital One's position that the dismissal of the state court action does not eliminate Dawe's alleged underlying debt. Mr. Dawe contends that the state court issued an involuntary judgment of dismissal, which operates as an adjudication upon the merits pursuant to Mass. R. Civ. P. 41(b)(3). However, the discovery issue before the Court is not whether a state court dismissal precludes certain claims, but whether the scope of the federal rules of civil procedure require the production of the requested discovery.

II. <u>Scope of Discovery - Federal Rules of Civil Procedure</u>

A party is permitted to seek discovery of relevant information which may lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b); <u>EEOC v. Electro-Term, Inc.</u>, 167 F.R.D. 344, 346 (D.Mass. 1996). This rule is broadly construed at the discovery stage, so that information is discoverable if there is any possibility it might be relevant to the subject matter of the case.

Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass. 1984).  "[R]elevant information includes any matter that is or may become an issue in the litigation." Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n.2 (D.Mass. 1991) (internal citation omitted).  Therefore, the Court must determine whether the requested information *may* lead to admissible and relevant evidence.

Recognizing that there is an issue of law concerning whether the underlying debt has been extinguished, I agree with Capital One that the documents relating to that debt are discoverable.  A party is permitted to seek discovery of relevant information which may lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  Information concerning the alleged debt owed by Mr. Dawe to Capital One, which was the subject of the state court lawsuit, is clearly relevant as to the central issue in this case:  whether Capital One acted improperly in its efforts to collect that debt.  Accordingly, Capital One's motion to compel is allowed insofar as it seeks information and documents concerning plaintiff's alleged debt to Capital One.

<u>Conclusion</u>

1. Capital One Bank's Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 16) is <u>allowed</u> as provided in this Order.

<u>/s/Charles B. Swartwood, III</u>
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE