```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS
                  CENTRAL DIVISION AT WORCESTER
```

MICHAEL DAWE,                    :        No. 04-40192-FDS
      Plaintiff       :
                      :
    v.                      :
                      :
CAPITAL ONE BANK,                :
      Defendants      :
_____

    Plaintiff's Objection to the September 27, 2005, Order
_____


   Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Michael Dawe respectfully objects to the Magistrate Judge's September 27, 2005, order granting Defendant's motion to compel. While the scope of discovery is broad and the power of the courts to shape discovery is discretionary, the subject matter of discovery is not limitless. See, e.g., Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 120-21 (N.D. Ind. 1991). The Court should overrule the September 27 order and deny Defendant's motion to compel.

   "[W]hile admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." Bottaro v. Hatton Associates, 96 F.R.D. 158, 159 (E.D.N.Y. 1982). In Bottaro the

defendant sought to compel the production of a settlement agreement between the plaintiff and a co-defendant. Citing Rule 408, the trial court denied the defendant's motion:

> "Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement."

Id., p. 160. The courts have the discretion to prevent useless discovery, especially when strong public policy is a consideration.

As with Rule 408, there is a strong public policy favoring the finality of judgments:

> "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, <u>the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified</u>. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of

> judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them."

Wright & Miller, 18 Fed. Prac. & Proc. Juris.2d § 4416 (emphasis added). Courts are not and should not be eager to hear cases that other courts have already heard.

Just as the defendant in <u>Bottaro</u> made no "particularized showing" to overcome the presumption of inadmissibility, Defendant has not offered any reason -- legal or factual -- why this Court should decline to give the state court judgment its full preclusive effect, including its effect on discovery. The purpose of *res judicata* is not only to forestall the courts from having to hear cases over and over again, <u>but also to forestall parties from having to litigate over and over again -- including the costly and time consuming discovery phase</u>.

Moreover, Defendant offers no logic, analysis, reason, citations, or authority to support its assertion that it must prove -- and that this Court must decide -- whether the debt was legally valid prior to the state court judgment. <u>See</u> Defendant's Motion to Compel, p. 3. Issue preclusion is subject to a bright line determination. Wright & Miller, 18 Fed. Prac. & Proc. Juris.2d § 4416 ("preclusion ordinarily is an all-or-nothing thing"). Either the judgment is a full adjudication of the merits

or it is not. Yet Defendant is attempting to introduce an issue -- the legal validity of the alleged debt -- that has no material bearing as to the state court adjudication.

The preclusive effect of the judgment is the issue, and the alleged debt itself is immaterial to the legal determination concerning adjudication on the merits. Defendant should not be allowed to do in federal court that which it failed to do in the state court -- prove up its collection case. The Court should decline to accept the September 27 order and should deny Defendant's motion to compel.

                                              Respectfully submitted,

                                              /s/ Jason David Fregeau

                                              Jason David Fregeau,
                                              Trial Attorney (565657)

                                              47 Lincoln Road
                                              Longmeadow, MA 01106
                                              413/567-2461
                                              413/567-2932 fax

                                              Attorney for Plaintiff

### Certificate of Service

I certify that a copy of the foregoing Plaintiff's Objection to the September 27, 2005, Order has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 7th day of October, 2005.

                                              /s/ Jason David Fregeau
                                              _____
                                              Jason David Fregeau, Esq.