UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **MICHAEL DAWE,** | \| |
| Plaintiff | \| |
| | \| |
| v. | \|  C.A. No. 04-40192 |
| | \| |
| **CAPITAL ONE BANK,** | \| |
| Defendant. | \| |

**OPPOSITION TO PLAINTIFF'S OBJECTION PURSUANT TO RULE 72(a)
TO MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL**

On September 27, 2005, Magistrate Judge Swartwood issued an order (the "Order") allowing the motion of defendant Capital One Bank ("Capital One") to compel plaintiff Michael Dawe ("Dawe") to produce documents and answer interrogatories pertaining to Dawe's debt to Capital One. In response, the plaintiff filed an objection to the Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Because the plaintiff has failed to demonstrate or even to attempt to demonstrate, as is required by Rule 72(a), that the Order is "clearly erroneous or contrary to law," his objection should be overruled.

As Judge Swartwood noted in the Order, the fundamental issue of law in this case – whether the plaintiff's underlying debt to Capital One was extinguished by a judgment of dismissal in a state court collection action in which the merits of the collection action were never reached – remains to be resolved. Capital One contends that, even if the dismissal of the state court case precludes the filing by Capital One of another collection action, it did not eliminate the plaintiff's debt to Capital One or Capital One's right to collect through non-judicial means. The plaintiff contends that the dismissal precluded Capital One from attempting to collect the debt or reporting it to consumer credit reporting agencies. The issue presented by Capital One's

motion, however, was "not whether a state court dismissal precludes certain claims, but whether the scope of the federal rules … require the production of the requested discovery."  Order, p. 3.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, Capital One is entitled to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…."  Moreover, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Judge Swartwood concluded that, in light of the broad discovery permitted by Rule 26(b), "information is discoverable if there is any possibility it might be relevant to the subject matter of the case."  Order, p. 3.

As Judge Swartwood held, "information concerning the alleged debt owed by Mr. Dawe to Capital One, which was the subject of the state court lawsuit, is clearly relevant as to the central issue in this case:  whether Capital One acted improperly in its efforts to collect that debt."  *Id*., at p. 4.   Until this central issue is resolved one way or the other, Capital One is entitled to discovery regarding Dawe's debt to Capital One.

Insofar as the plaintiff has failed to offer any basis in law or fact that would permit the Court to conclude that the Order was either "clearly erroneous" or "contrary to law," the plaintiff's objection to the Order should be overruled.

                Respectfully submitted,

                **CAPITAL ONE BANK**
                By its attorney,

                _____/s/ Bruce D. Berns_____
                Bruce D. Berns (BBO# 551010)
                Abendroth, Berns & Warner LLC
                47 Church Street, Suite 301
                Wellesley, MA 02482
Date: October 11, 2005      (781) 237-9188