# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHAEL DAWE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **04-40192-FDS** |
| ) | |
| **CAPITAL ONE BANK,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

**SAYLOR, J.**

This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681u, and various state law theories. Plaintiff Michael Dawe alleges that defendant Capital One Bank improperly continues to collect on a debt and report the debt to consumer credit agencies after collection proceedings on the same debt were dismissed by the Worcester Superior Court in 2003.

On May 26, 2005, Capital One filed a motion to compel answers to interrogatories and production of documents. That matter was referred to Chief Magistrate Judge Swartwood, who granted the motion by Order dated September 27, 2005. Plaintiff Dawe filed a timely objection to that Order on October 7, 2005. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b).

Under Fed. R. Civ. P. 72(a), a district judge "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." The order in this case is neither clearly erroneous nor contrary to law, and therefore will be affirmed.

In this case, plaintiff contends that because (1) the collection action by Capitol One was dismissed involuntarily in the Superior Court, therefore (2) Capital One is barred from collecting on the underlying debt.  It does not follow, however, that Capital One is not entitled to discovery in this action as to the alleged debt.  The amount and nature of that debt are both clearly relevant to this action.  Indeed, the entire factual premise of the complaint is that Capital One is unlawfully attempting to collect that debt.  Plaintiff may well be correct on the underlying legal issues—the Court expresses no opinion on the subject—but this is a motion to compel discovery, not a motion for summary judgment.  And a civil litigant is generally entitled to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  For that reason, and the reasons stated in the Chief Magistrate Judge's Order, the discovery is obviously relevant and should be produced.  The Order is therefore not clearly erroneous or contrary to law.

For the foregoing reasons, plaintiff's objections to the September 27, 2005 order of Chief Magistrate Judge Swartwood are DENIED, and that order is hereby affirmed.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 14, 2005

2