UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION (WORCESTER)

| | |
|---|---|
| MICHAEL DAWE     Plaintiff, | \| \| |
| V. | \|   CASE NO. 04-40192 FDS |
| CAPITAL ONE BANK     Defendant. | \| \| \| |

### DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Defendant Capital One Bank ("Capital One") moves for modification of the current scheduling order by a short (one week) extension to the briefing scheduling for a motion for partial summary judgment on a narrow legal issue, the resolution of which the parties agree may allow them to resolve this case without further discovery or trial. Counsel for plaintiff Michael Dawe has indicated that he will not oppose Capital One's motion as long as he is afforded at least as much time to file an opposition as the current scheduling order permits.

In support hereof, Capital One states as follows:

1. Following a status conference in this case on October 12, 2005, counsel for both parties had a frank discussion and agreed that this case may turn on a narrow, legal issue: whether the state court's judgment extinguished a debt allegedly owed by Mr. Dawe to Capital One. Accordingly, on October 19, 2005, the parties filed a Joint Motion for Extension of Discovery Cutoff ("Joint Motion") requesting a modification of the scheduling order to permit the parties until December 30, 2005, to complete briefing on a motion for partial summary judgment on this central issue. On October 21, 2005, the Court allowed the Joint Motion, vacated the existing scheduling order and directed

that a motion for summary judgment on this issue be filed by December 12, 2005, with any opposition to be filed by December 30, 2005.

2.      Due to an unusually heavy workload during the past two months and the need to attend to certain family obligations, counsel for Capital One was delayed in completing and filing a motion for partial summary judgment prior to December 12, 2005.  In addition, counsel for Capital One was attempting to communicate by e-mail with Mr. Dawe's attorney concerning proposed agreed-upon facts and was unaware, due to an e-mail problem, that Mr. Dawe's counsel had earlier sent a response to the communication.

3.      Capital One requests an extension of one week, until December 19, 2005, to file a motion for partial summary judgment on the narrow legal issue described above. Capital One also requests that Mr. Dawe be permitted to file an opposition to Capital One's motion by January 9, 2006, or later, at the Court's discretion, to ensure that the plaintiff has no less time to oppose Capital One's motion than was afforded under the current scheduling order.

4.      Counsel for Mr. Dawe has advised Capital One's attorney that the plaintiff will not oppose this motion to extend as long as the motion requests that the plaintiff be afforded at least as long to file an opposition (18 days) as was provided for in the Amended Scheduling Order.

5.      Allowance of this motion will not require rescheduling of the scheduling conference presently scheduled for February 16, 2006, to determine whether additional discovery or motion practice will be needed and, if so, to set appropriate deadlines.

6.      The brief extension of the dates for filing a motion for summary judgment and any opposition thereto as requested herein will not prejudice the plaintiff and if, as the parties believe, a decision on a motion for partial summary judgment can assist the parties in resolving this case, the brief extension requested will benefit the parties and the Court. As stated in the Joint Motion, the parties are hopeful that this case will resolve once the Court decides this narrow legal issue. There is no reason to believe that the parties should be any less hopeful at this juncture.

Date:   December 13, 2005

**CAPITAL ONE BANK**

By its attorney,


\_\_\_\_/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188
E-mail:  Lawyers@ABWLLC.com