### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION (WORCESTER)

| | | |
|---|---|---|
| **MICHAEL DAWE** | \| | |
| **Plaintiff,** | \| | |
| **V.** | \| | **CASE NO. 04-40192 FDS** |
| | \| | |
| **CAPITAL ONE BANK** | \| | |
| **Defendant.** | \| | |

### CAPITAL ONE BANK'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56, defendant Capital One Bank ("Capital One") moves for partial summary judgment with respect to the central legal issue in this fair credit reporting case – whether plaintiff Michael Dawe's underlying debt to Capital One was extinguished as a matter of law by a judgment of dismissal in a state court collection action (the "State Court Action") in which the merits of the action were never reached.   Capital One recognizes that motions for partial summary judgment may, in some circumstances, be disfavored.  However, the parties agree that the resolution of this fundamental disputed issue may as a practical matter, be dispositive of all of the plaintiff's claims and thus may allow the parties to resolve this lawsuit without further discovery, motions or trial.

The state court action was dismissed in June 2003 on Mr. Dawe's motion based upon the perceived failure of Capital One to provide complete interrogatory answers, without the state court ever considering the merits of Capital One's claim or Mr. Dawe's counterclaim.     The plaintiff asserts that the dismissal was with prejudice and, pursuant to Mass.R.Civ.P. 41(b)(3), an "adjudication upon the merits," and that Capital One violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-16812(u) ("FCRA") by thereafter continuing to report the delinquency to

consumer credit reporting agencies and to attempt to collect the debt through non-judicial means. He also has asserted state law claims under Mass. Gen. Laws Chapter 93A and for negligent and intentional infliction of emotional distress, negligence and defamation.

Capital One contends that even if the dismissal precludes it from filing another collection action against Mr. Dawe based on the same debt, the dismissal did not impair Mr. Dawe's payment obligations under the credit agreement on which the debt is based.  Because the dismissal did not eliminate the debt itself, Capital One had the right to continue to report the delinquency to consumer credit reporting agencies and to attempt to collect the debt through otherwise lawful, non-judicial means.

In support of its motion, Capital One relies upon the memorandum of law and Affidavit of Counsel filed herewith.

WHEREFORE, Capital One requests that the Court issue an order that the plaintiff's debt to Capital One was not extinguished as a matter of law by the judgment of involuntary dismissal in the State Court Action.

**CAPITAL ONE BANK**

By its attorney,

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188
E-mail: Lawyers@ABWLLC.com

Date:   December 19, 2005