UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION (WORCESTER)

| | |
|---|---|
| MICHAEL DAWE | \| |
|     Plaintiff, | \| |
| V. | \|   CASE NO. 04-40192 FDS |
| | \| |
| CAPITAL ONE BANK | \| |
|     Defendant. | \| |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>CAPITAL ONE BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendant Capital One Bank ("Capital One") has moved for partial summary judgment with respect to the central legal issue in this fair credit reporting case – whether plaintiff Michael Dawe's underlying debt to Capital One was extinguished as a matter of law by a judgment of dismissal in a state court collection action in which the merits of the action were never reached. Resolution of this issue may, as a practical matter, be dispositive of all of the plaintiff's claims and thus may allow the parties to resolve this lawsuit without further discovery, motions or trial.[1]

The state court action was dismissed in June 2003 on Mr. Dawe's motion based upon the perceived failure of Capital One to provide complete interrogatory answers, without the state court ever considering the merits of Capital One's claim or Mr. Dawe's counterclaim. The plaintiff asserts that the dismissal was with prejudice and, pursuant to Mass. R. Civ. P. 41(b)(3), an "adjudication upon the merits," and that Capital One violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-16812(u) ("FCRA") by thereafter continuing to report the delinquency to consumer credit reporting agencies and to attempt to collect the debt through non-

---

[1] Capital One recognizes that motions for partial summary judgment may, in some circumstances, be disfavored. However, the parties agree that the resolution of this fundamental disputed issue may be dispositive of the plaintiff's claims and Capital One's defenses and assist them in resolving this matter more expeditiously.

judicial means.[2]  Capital One contends that even if the dismissal precludes it from filing another collection action against Mr. Dawe based on the same debt, the dismissal did not impair Mr. Dawe's payment obligations under the credit agreement on which the debt is based.  Because the dismissal did not eliminate the debt itself, Capital One had the right to continue to report the delinquency to consumer credit reporting agencies and to attempt to collect the debt through otherwise lawful, non-judicial means.

### Statement of Undisputed and Agreed Facts

It is Capital One's position that the only facts that are material for purposes of its motion for partial summary judgment are that (a) the plaintiff owed to Capital One the debt that was the subject of the Worcester District Court action entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 200262CV002639 (the "State Court Action") and (b) the State Court Action was dismissed on Mr. Dawe's motion based upon his argument that Capital One had failed to provide complete answers to interrogatories.  For purposes of this motion for partial summary judgment, Mr. Dawe agrees that he owed the debt to Capital One.  *See* Joint Motion for Extension of Discovery Cutoff filed on October 19, 2005.[3]  It also is undisputed that in June 2003, Dawe moved to dismiss the State Court Action based upon Capital One's alleged failure to respond to provide complete answers to interrogatories, and his motion was allowed on June 10, 2003.

---

[2] He also has asserted state law claims under Mass. Gen. Laws Chapter 93A and for negligent and intentional infliction of emotional distress, negligence and defamation.

[3] In discovery, the plaintiff resisted Capital One's efforts to obtain discovery regarding the plaintiff's debt to Capital One.  On September 27, 2005, Chief Magistrate Judge Swartwood allowed Capital One's motion to compel discovery about the plaintiff's debt and, on October 14, 2005, the Court denied the plaintiff's Rule 72(a) objection to Judge Swartwood's order.  Following the status conference on October 12, however, counsel agreed that further discovery about the debt may not be necessary if the legal issue presented by Capital One's motion for partial summary judgment can be judicially determined.

Complaint, ¶¶ 12-14; Plaintiff's Responses to Defendant's Requests for Admission ("Plaintiff's Admissions"), ¶ 56.[4]

## Statement of Additional Facts

In order to provide to the Court the context in which the plaintiff's claims in this case arose, Capital One offers the following additional facts. Capital One believes that these facts are not in dispute but, in any event, they are not material for purposes of the instant motion:

In September 2000, Capital One made a loan to Mr. Dawe based on a credit agreement that he signed and delivered to Capital One.[5] As of December 2002, the loan had not been repaid in full before Mr. Dawe stopped making payments to Capital One.[6] In December 2002, Capital One commenced an action in Worcester District Court (the "State Court Action") to collect the debt that Capital One believed was owed by Mr. Dawe to Capital One. Complaint,

---

[4] For the Court's information, a copy of the plaintiff's motion to dismiss the State Court Action is attached to the Affidavit of Counsel filed herewith, as is a copy of Plaintiff's Admissions.

[5] For the Court's information, a copy of the credit agreement is attached to the Affidavit of Counsel filed herewith. Only the existence of the debt, not the terms, are material for purposes of Capital One's motion.

[6] It is not clear why Mr. Dawe stopped making payments to Capital One. At one time, Mr. Dawe demanded that Capital One pay $13,469.32 to him in satisfaction of a purported arbitration award issued by the American Arbitration Forum, Inc., an Internet-based group that facilitates sham arbitrations of credit disputes. In addition, in May 2002, Mr. Dawe asserted in correspondence to Capital One that "on the commencement of this account, I deposited $15,000.00 with your organization and I am now requesting that you return it to me. … According to my information, your organization either 'originated' or 'created' the money under an account number and then debited that account to open mine, or an account number was assigned to a deficient or negative account balance and I was issued a 'line of credit' or a check on that account to commence the service. If you cannot establish that you lent me anything, then please return my deposit immediately." This proposition may have arisen from a thoroughly discredited contention that banks do not have cash to lend and unconstitutionally "create" money and credit. *See, e.g., Kolb v. Naylor*, 658 F. Supp. 520 (N.D. Iowa 1987); *Koll v. Wayzata State Bank*, 397 F.2d 124, 126 (8th Cir. 1968). Copies of the plaintiff's correspondence to Capital One were previously filed with the Court in connection with Capital One's motion to compel discovery. Because the plaintiff has not yet provided discovery about his reasons for failing to make his monthly loan payments, among other things, Capital One is uncertain whether he continues to hold the beliefs reflected in this correspondence.

¶¶ 10-11.[7]  As noted above, for purposes of Capital One's motion, the plaintiff does not dispute that he owes the debt to Capital One (but for the dismissal of the State Court Action).

In June 2003, Dawe moved to dismiss the State Court Action based upon Capital One's alleged failure to respond to provide complete answers to interrogatories, and his motion was allowed on June 10, 2003.  Complaint, ¶¶ 12-14; Plaintiff's Admissions, ¶ 56.  In connection with the dismissal of the State Court Action, Mr. Dawe's counterclaim against Capital One, in which he sought to avoid the alleged debt, was voluntarily dismissed.[8]  Plaintiff's Admissions, ¶¶ 54-55.

Subsequently, a few attempts were made by a collection agency retained by Capital One to contact Dawe and a number of letters were sent to him, in one case requesting that he pay the amount he owed to Capital One and in another case offering to substantially reduce the amount of the debt in exchange for payment of the reduced amount.  *See* Complaint, ¶¶ 19-20.[9]  In April 2004, in response to a letter from Mr. Dawe, Capital One advised Dawe in writing that it had "discontinued collection efforts which should prevent the receipt of additional calls or letters intended for the purpose of debt collection," but reminded him that he continued to have an unpaid debt to Capital One in the amount of $16,032.46.  *See* Complaint, ¶ 17. [10]

## SUMMARY OF THE ARGUMENT

---

[7] For the Court's information, a copy of the docket of the Worcester District Court in the State Court Action is attached to the Affidavit of Counsel filed herewith.

[8] A copy of the motion to dismiss counterclaims filed by Mr. Dawe with the state court, which appears to have been treated as a stipulation of dismissal, is attached to the Affidavit of Counsel filed herewith.

[9] For the Court's convenience, copies of these letters, copies of which also accompanied the Complaint, are attached to the Affidavit of Counsel filed herewith.

[10] For the Court's convenience, a copy of this letter, a copy of which also accompanied the Complaint, is attached to the Affidavit of Counsel filed herewith.

For purposes of Capital One's motion, Mr. Dawe does not dispute that he owed a debt to Capital One prior to the dismissal of the State Court Action. It appears to be his position in this lawsuit, however, that, notwithstanding the fact that the state court never reached the merits of Capital One's claim or Mr. Dawe's counterclaim, the dismissal of the State Court Action constituted a determination that the debt was "un-owed." The plaintiff's position is based upon the assertion that the dismissal was "with prejudice" and therefore operates as an "adjudication upon the merits" pursuant to Mass. R. Civ. P. 41(b)(3). In so doing, however, Mr. Dawe mistakenly equates an "adjudication upon the merits" with a determination by the court of the *merits* of the dismissed claim, which did not occur.

In fact, the state court never made any determination with regard to the validity of Mr. Dawe's debt to Capital One. It is undisputed that all that the state court did was to dismiss the action on Mr. Dawe's motion as a result of a perceived failure by Capital One to provide complete answers to interrogatories. *See* Complaint, ¶¶ 12-14. The state court did not address the validity of the credit agreement that gave rise to the debt or any defense that Mr. Dawe may claim to have had to Capital One's breach of contract claim in the State Court Action. In short, the state court did not consider, and certainly did not issue any ruling with respect to, the relative rights and responsibilities of the parties under the terms of the credit agreement.

Moreover, there is no support in the record or in the case law for the plaintiff's position that the dismissal of the State Court Action on procedural grounds eliminated the debt as a matter of law. On the contrary, the most that the dismissal did was to preclude Capital One, under the doctrine of *res judicata,* or claim preclusion, from re-filing another collection action against Mr. Dawe in the same forum based upon the same debt. Thus, Capital One is not barred from asserting in this forum in its defense the continued viability of the credit agreement or the

existence of the debt itself as justification for continuing to report the delinquency and attempting to collect the debt through lawful, non-judicial means.

**ARGUMENT**

A. **THE CHARACTERIZATION OF AN INVOLUNTARY DISMISSAL IN THE RULES OF CIVIL PROCEDURE AS AN "ADJUDICATION UPON THE MERITS" ONLY MEANS THAT THE DISMISSED PLAINTIFF IS PRECLUDED FROM RE-FILING THE SAME CLAIMS IN THE SAME FORUM**

In the State Court Action, Mr. Dawe moved pursuant to Rule 41(b)(2) of the Massachusetts Rules of Civil Procedure to dismiss the lawsuit based upon a perceived failure of Capital One to comply with a discovery order, and the state court dismissed Capital One's complaint on this basis. *See* Complaint, ¶¶ 12-14. Pursuant to Rule 41(b)(3), such an involuntary dismissal with prejudice operates as an "adjudication upon the merits." Mass. R. Civ. P. 41(b)(3). The plaintiff contends in error that an "adjudication upon the merits" resulting from an involuntary dismissal had the legal effect of <u>extinguishing</u> his debt to Capital One and thus claims, also in error, that Capital One is precluded from defending itself in this action on the ground that the plaintiff continues to owe a debt to Capital One, whether or not Capital One has a judicial remedy to enforce the debt.

There is no legal or factual support for the proposition posited by the plaintiff that an "adjudication upon the merits" is synonymous with a judgment entered by a court on the merits of the case, or that such a judgment somehow operates as a matter of law as a determination of the rights or obligations of the parties to the lawsuit on the underlying claim or claims. In fact, the United State Supreme Court has held that an "adjudication upon the merits" under the federal

analog[11] to Mass.R.Civ.P. 41(b)(3) means only that the action was dismissed <u>with</u> prejudice, as opposed to being dismissed <u>without</u> prejudice.

In *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), the United States Supreme Court considered whether the dismissal on statute of limitations grounds of the plaintiff's first action in California, which was originally filed in state court and then removed to a federal district court on the basis of diversity, precluded the plaintiff from bringing similar claims in a Maryland court, where the plaintiff's causes of action would not have been time-barred under Maryland law. In *Semtek*, the second lawsuit, filed in Maryland state court, was dismissed on *res judicata* grounds based upon the dismissal of the action in California and, on appeal, the Supreme Court held that the claim-preclusive effect of the dismissal of the first action was governed by a federal rule that incorporates the claim-preclusion rule of the state in which the federal court sits. In reaching this conclusion, the Court rejected the notion that the characterization of a dismissal as an "adjudication upon the merits" pursuant to Fed.R.Civ.P. 41(b) of the Federal Rules of Civil Procedure (which is virtually identical, in relevant part, to Mass.R.Civ.P. 41(b)(3)) necessarily is entitled to claim-preclusive effect. 531 U.S. at 503.

After acknowledging that "[t]he original connotation of an 'on the merits' adjudication is one that actually 'passes directly on the substance of a particular claim'" and thus was entitled to preclusive effect, the Court observed that "the meaning of the term 'judgment on the merits'" has undergone change and often is "applied to some judgments (such as the one involved here) that do *not* pass upon the substantive merits of a claim and hence do *not* (in many jurisdictions) entail claim-preclusive effect." 531 U.S. at 501-503. The Court concluded that an "adjudication upon

---

[11] "Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, we interpret our rules consistently with the construction given their Federal counterparts, absent compelling reasons to the contrary or significant differences in content." *Strom v. American Honda Motor Co.,* 423

the merits," as the term appears in Fed.R.Civ.P. 41, is simply "the opposite of a 'dismissal without prejudice,'" which is a dismissal that does not bar the plaintiff from returning to the same court with the same claim.[12]  531 U.S. at 505-06.  Thus, the "effect of the 'adjudication upon the merits' default provision of Rule 41(b) … is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling in the [court that dismissed the first action]."  *Id*. at 506; *see also Styskal v. Weld County Board of County Commissioners, et al.*, 365 F.3d 855 (10th Cir., 2004) (federal court dismissal with prejudice on jurisdictional grounds barred refiling in federal court but not necessarily in state court).

In dismissing Capital One's claims in the State Court Action, the court did not reach the merits of those claims and the characterization of the dismissal of the State Court Action as an "adjudication upon the merits" under Mass.R.Civ.P. 41(b) does not mean, as the plaintiff suggests, that the state court should nonetheless be treated as if the state court actually considered the merits of either Capital One's claims or Mr. Dawe's counterclaims.  At most, the dismissal of the State Court Action precludes Capital One from refiling its claim against Mr. Dawe in state court and thus, to the extent the dismissal is given claim-preclusive effect, only limits the judicial remedies available to Capital One.

---

Mass. 330, 335 (1996), *quoting* Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975) (internal quotations and citations omitted).

[12] This interpretation is supported by the provisions of Mass.R.Civ.P. 41(b)(1), which permits a court on its own motion to dismiss an action for lack of prosecution.  Rule 41(b)(1), like its counterpart in Rule 41(a)(2) of the Federal rules, expressly states that a dismissal pursuant to that paragraph "shall be without prejudice."  In contrast, Mass.R.Civ.P. 41(b)(3) uses the phrase "adjudication upon the merits" to indicate that such a dismissal should be afforded claim-preclusive (but not issue-preclusive) effect.  See

B.   **THE DISMISSAL OF THE STATE COURT ACTION DID NOT EXTINGUISH THE PLAINTIFF'S DEBT TO CAPITAL ONE.**

The claim-preclusive effect of the dismissal of the State Court Action is immaterial in this case, however, because Capital One did not refile its claims in state court and it has made no attempt to assert the same claims in this forum. On the contrary, all that Capital One seeks to do is to defend itself in an action *commenced by Mr. Dawe* in this court by demonstrating that he continues to owe money to Capital One and that Capital One therefore acted lawfully when it continued to report the plaintiff's delinquency to consumer credit reporting agencies. Thus, the fundamental issue requiring resolution in this case is whether, as a matter of law, the involuntary dismissal of the State Court Action on procedural grounds *extinguished* the debt that Mr. Dawe owed to Capital One or stated differently, whether the state court dismissal should be afforded issue-preclusive effect and thus bar Capital One from asserting in this action that Mr. Dawe remains indebted to Capital One.

Issue preclusion or collateral estoppel "prevents the relitigation of issues *actually adjudicated* in a prior action between the same parties or their privies." *Blanchett v. School Comm. of Westwood*, 427 Mass. 176, 179 n.3 (1998). For the doctrine to apply, however, the issue as to which preclusion is sought must have been essential to the prior judgment. *Commissioner of the Dept. of Employment & Training v. Dugan*, 428 Mass. 138, 142 (1998); *Bannister v. Commonwealth*, 411 Mass. 130, 131 (1991). As the plaintiff acknowledged in his objection to Judge Swartwood's discovery order, the principles of issue preclusion operate to bar relitigation only of a "right, question or fact *distinctly put in issue and directly determined.*" Plaintiff's Objection to the September 27, 2005, Order, quoting Wright & Miller, 18 Fed. Prac.

& Proc. Juris.2d § 4416) (italics added).[13]  The party asserting issue preclusion has the burden of showing that the issue to be precluded was actually litigated and adjudged.  *Day v. Kerkorian*, 61 Mass. App. Ct. 804, 809 (2004).

Notwithstanding plaintiff's anticipated argument to the contrary, it is beyond dispute that *no* substantive issues were "distinctly put in issue and directly determined" in the State Court Action.  The state court dismissed Capital One's complaint solely on procedural grounds without considering, let alone determining, the merits of Capital One's complaint, and Mr. Dawe's counterclaim was voluntarily dismissed without prejudice.   Insofar as no issues were actually adjudicated in the State Court Action, the dismissal of that lawsuit had no issue-preclusive effect and thus Capital One is entitled to argue in its defense in this court that Mr. Dawe continues to owe the debt to Capital One and that it was therefore permitted to report to consumer credit reporting agencies his failure to repay the debt in accordance with the terms of the credit agreement.

Although Capital One has been unable to locate a decision that considered whether the payments obligations of a debtor under a credit agreement survive a dismissal with prejudice, a number of courts have, in similar circumstances, concluded that, while an involuntary dismissal may limit the judicial remedies available to the creditor, it does not impair the rights and obligations of the parties with regard to the underlying debt.  In *Semtek*, for example, the Supreme Court concluded that, although the dismissal of the California action on statute of limitations grounds precluded the plaintiff from re-filing in a California court, the plaintiff could

---

[13] In his opposition to Capital One's motion to compel discovery, the plaintiff argued that "upon the merits" as used in the phrase "adjudication upon the merits" means that "the issue has been adjudicated and cannot be resurrected," citing the decision of the Appellate Division of the Massachusetts District Court in *Casualty Reciprocal Exchange v. Fazio Enterprises, Inc.*, 1991 Mass. App. Div. 84.  In fact, the *Casualty Reciprocal Exchange* decision involved claim preclusion, not issue preclusion.  Because Capital

proceed with the same claims in a Maryland court. If, as Mr. Dawe suggests, the dismissal of the first action has issue-preclusive effect, the plaintiff in *Semtek* would have been unable to pursue its claims in *any* court. Thus, although the Supreme Court in *Semtek* ruled that the plaintiff's judicial remedies were limited by the dismissal of the first action, it did not preclude the plaintiff from litigating in the Maryland court any of the rights, questions or facts at issue in the first action.

Similarly, in *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001), the Eighth Circuit Court of Appeals refused to find violations of fair debt collection laws by a creditor who attempted to collect a debt after a court action to collect the debt was time-barred. The Court of Appeals concluded that the claim-preclusive effect of the expiration of the statute of limitations limited the judicial remedies available to the creditor by precluding the filing of a court action (i.e. claim preclusion), but this the limitation on the creditor's judicial remedies did not mean that the debt itself was extinguished. *See also Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001) (statute of limitations bars specific remedy but does not extinguish indebtedness); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526 (D. Md. 2001) (statute of limitations does not extinguish debt but only provides defense against collection); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D. NM 2000) (statutes of limitations merely bar judicial remedies by which party seeks to enforce substantive rights); *Johnson v. Capital One Bank*, 2000 WL 1279661 (W.D. Tex. 2000) (creditors entitled to attempt to pursue even time-barred debts so long as they comply with FDCPA). In all of these cases, the fact that the creditor did not have a judicial remedy did not mean that the underlying debt was extinguished or uncollectible.

---

One did not attempt to re-file its claim against Mr. Dawe, the principles of claim preclusion are not relevant to this discussion.

Capital One's position in this case also is supported by the decision of the Florida Supreme Court in *Singleton v. Greymar Associates*, 882 So. 2d 1004 (2004) in which the court permitted a creditor to file successive foreclosure actions. There, the court held that the doctrine of *res judicata* did not bar a second foreclosure action which alleged a subsequent and separate default from that alleged in the first foreclosure action, which had been dismissed on procedural grounds, because the facts necessary to establish a default in the first proceeding differed from the facts necessary to establish a default in the second proceeding. If the involuntary dismissal of an action to enforce a debtor's obligations under the terms of a promissory note and a mortgage (which every foreclosure entails) <u>eliminates</u> the underlying debt, as the plaintiff suggests, then the creditor in this case would have been barred as a matter of law from bringing the second foreclosure action because there would have been no debt to enforce.

Certainly, a lender's inability to use the courts to compel payment of a debt will diminish the likelihood of collecting on the debt. However, a delinquent borrower could decide to make voluntary payments to a creditor because of, for example, a change in circumstances or a desire to clean up his or her credit history. The fact that the creditor cannot use the courts to collect the debt does not, however, mean that the debt does not exist or that it is uncollectible.

In short, the credit agreement between Mr. Dawe and Capital One is a legal document that, by its execution by Mr. Dawe and his receipt of the proceeds of the loan from Capital One, obligated him to make monthly payments to Capital One to repay the debt, a debt that he concedes he owes for purposes of this motion for partial summary judgment. If, as Capital One contends, the dismissal of the State Court Action did not operate to eliminate the debt <u>and</u> the underlying debt is valid (e.g., if Mr. Dawe does not have a legitimate basis for claiming that he no longer owes anything to Capital One), the debt continues to be valid and, although Capital

One may not be able to use the courts to collect the debt, it may continue to seek voluntary payment of the debt and to report Mr. Dawe's payment history to consumer credit reporting agencies.

**CAPITAL ONE BANK**

By its attorney,

    /s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)
Abendroth Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188
E-mail: Lawyers@ABWLLC.com

Date: December 19, 2005