# EXHIBIT A

COMMONWEALTH OF MASSACHUSETT

WORCESTER DISTRICT COURT

WORCESTER,SS                          DOCKET NO. 0262CV2639

Capital One Bank

       PLAINTIFF/

v.

Michael J Dawe

       DEFENDANT /

_____/

## DEFENDANT'S MOTION TO DISMISS

Comes now the defendant, Michael J Dawe, and hereby applies to this court, with a MOTION TO DISMISS, with respect to the complaint and answer, to wit:

1. This motion is filed timely.

2. There are no genuine issues of material fact in dispute and defendant is entitled to judgment as a matter of law. Defendant's motion is supported by the attached affidavit.

3. That on January 29,2003 the defendant sent to plaintiff discovery requests via first class mail, with certificate of service dated the same day.

4. In my cover letter, I offered to restate or even replace various questions the plaintiff may have objections too, rather than wait for those objections in the response

5. On March 10,2003 the plaintiff's motion to strike defendants interrogatories was denied

6. On March 13,2003 the defendant sent a second letter reminding the plaintiff of the time limits for answering discovery requests and asking for answers in seven days.

7. On March 31,2003 the defendants motion to compel discovery requests was granted, giving plaintiff 30 days to comply

8. On April 2,2003 the defendant sent to the plaintiff notice that motion to compel being granted and 30 days to comply as last request ,with certificate of service

9. On or about May 3,2003 the defendant received the answers to the interrogatories from the plaintiff.

10. With the exception of the first question the plaintiff has objected to every question asked by the defendant in effect refusing to answer, even failing to answer the last 3 questions

11. Massachusetts Rules Of Civil Procedure, Rule 37,A(3) states in part that: evasive or incomplete answers will be treated as a failure to answer.

12. The answers or objections to the defendants interrogatories were never signed by the person making them as required by Massachusetts Rules Of Civil Procedure, Rule 33,A(3) in effect making them the same as not being answered.

13. With the plaintiff's refusal to answer the defendant interrogatories it will make it impossible for the defendant to form his defense in this complaint against him, thereby denying the defendant his guaranteed rights to due process of the law.


WHEREFORE the defendant respectfully requests  the plaintiff's complaint be dismissed

PLEASE  MARK  THIS MOTION FOR HEARING ON JUNE 9,2003 at 9AM

DATED this 28 day of May, 2003.



Michael J Dawe
744 Wheelwright Rd.
Barre, Ma. 01005    978-355-6742

## CERTIFICATE OF SERVICE

I, Michael J Dawe, Defendant hereby certify that a copy of THE DEFENDANTS MOTION  TO DISMISS was mailed to plaintiff's attorney, Law office of Gary Kreppel, by first class mail to:  1661 Worcester Rd. suite 504 Framingham Ma 01701  this 28 day of May, 2003

By: _Michael J Dawe_



COMMONWEALTH OF MASSACHUSETT

## WORCESTER DISTRICT COURT

WORCESTER,SS                         DOCKET NO. 0262CV2639

Capital One Bank
     PLAINTIFF/

v.

Michael J Dawe
     DEFENDANT /

_____/

## DEFENDANT'S MOTION TO DISMISS

Comes now the defendant, Michael J Dawe, and hereby applies to this court, with a MOTION TO DISMISS, with respect to the complaint and answer, to wit:

1. This motion is filed timely.

2. There are no genuine issues of material fact in dispute and defendant is entitled to judgment as a matter of law. Defendant's motion is supported by the attached affidavit.

3. That on January 29,2003 the defendant sent to plaintiff discovery requests via first class mail, with certificate of service dated the same day.

4. In my cover letter, I offered to restate or even replace various questions the plaintiff may have objections too, rather than wait for those objections in the response

5. On March 10,2003 the plaintiff's motion to strike defendants interrogatories was denied

6. On March 13,2003 the defendant sent a second letter reminding the plaintiff of the time limits for answering discovery requests and asking for answers in seven days.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                          :         No. 04-40192-FDS

        Plaintiff              :

                                    :

        v.                      :

                                      :

CAPITAL ONE BANK,                      :

        Defendants             :

---

Plaintiff's Responses to Defendant's Requests for Admission

---

### Repeated Objection

In fifty-three of its fifty-six requests, Defendant focuses on the former alleged debt, an issue that is not calculated to lead to admissible evidence. Since this objection would be repeated constantly and consistently, the text is provided once:

    "Objection. How many times must Mr. Dawe defend himself against the alleged debt, and why should the United States District Court for the District of Massachusetts be turned into a collection forum? Defendant submitted to the jurisdiction of the state court and had the chance to litigate the question. The state court rendered judgment in favor of Mr. Dawe. Consequently, whether or not Mr. Dawe owed the alleged debt prior to the date the suit was filed, December 17, 2002, is beyond the scope.

    "In addition, pursuant to revised Rule 26(b)(1), Defendant fails to set forth any defense that would allow it to pursue whether or not the alleged debt was valid. Defendant's requests are beyond the scope of the pleadings.

"Finally, Defendant refuses to provide any documents or information prior to the June 10, 2002, judgment:

'Capital One objects to this interrogatory on the ground that [sic -it] is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it includes any time period prior to the date of dismissal of the state court action referred to in the complaint.'

"Defendant's objection is diametrically opposed to the position taken in its requests for admission. Either Defendant's objections or Defendant's requests are proffered in bad faith."

The above will be referred to in the responses below as "Mr. Dawe's Specified Objection" and shall be as if set forth in full.

1. The document attached hereto as Exhibit A is true and accurate copy of a "10.9% Acceptance Certificate" (the "Acceptance Certificate") sent by Capital One to you at your home address at 744 Wheelwright Road, Barre, Massachusetts.
    Response: Mr. Dawe's Specified Objection.

2. You received the acceptance Certificate from Capital One.
    Response: Mr. Dawe's Specified Objection.

3. The handwriting on the Acceptance Certificate was made by you.
    Response: Mr. Dawe's Specified Objection.

4. The Social Security Number written on the Acceptance Certificate is your Social Security Number.
    Response: Mr. Dawe's Specified Objection.

5. You signed the Acceptance Certificate.
Response: Mr. Dawe's Specified Objection.

6. You returned the Acceptance Certificate to Capital One.
Response: Mr. Dawe's Specified Objection.

7. You returned the Acceptance Certificate to Capital One prior to September 22, 2000.
Response: Mr. Dawe's Specified Objection.

8. By signing the Acceptance Certificate and returning it to Capital One, you requested that Capital One make a loan to you in the amount of $15,381.00.
Response: Mr. Dawe's Specified Objection.

9. The document attached hereto as Exhibit B is a true and accurate copy of the Federal Disclosure Statement and Loan Agreement (the "Disclosure") enclosed with the Acceptance Certificate that you received from Capital One.
Response: Mr. Dawe's Specified Objection.

10. By signing the Acceptance Certificate, you acknowledged reading the disclosure.
Response: Mr. Dawe's Specified Objection.

11. By signing the Acceptance Certificate, you agreed to be bound by the Disclosure.
Response: Mr. Dawe's Specified Objection.

12. The document attached hereto as Exhibit C contains in the upper two-thirds of the page a true and accurate copy of a check in the amount of $15,381 issued by Capital One payable to you (the Account Opening Check"). [sic]
Response: Mr. Dawe's Specified Objection.

13. The Account Opening Check was sent to you by Capital One after you delivered the Acceptance Certificate to Capital One.
Response: Mr. Dawe's Specified Objection.

14. You received the Account Opening Check.
Response: Mr. Dawe's Specified Objection.

15. You received the Account Opening Check between September 22, 2000 and September 29, 2000.
Response: Mr. Dawe's Specified Objection.

16. You endorsed the Account Opening Check.
Response: Mr. Dawe's Specified Objection.

17. The signature on the back of the Account Opening Check is yours.
Response: Mr. Dawe's Specified Objection.

18. You deposited the Account Opening Check into an account at Country Bank.
Response: Mr. Dawe's Specified Objection.

19. You received the proceeds of the Account Opening Check.
Response: Mr. Dawe's Specified Objection.

20. You used the proceeds of the Account Opening Check.
Response: Mr. Dawe's Specified Objection.

21. You used the proceeds of the Account Opening Check to pay debts that you owed to persons or entities other than Capital One.
Response: Mr. Dawe's Specified Objection.

22. You received $15,381.00 from Capital One on or after September 22, 2000.
Response: Mr. Dawe's Specified Objection.

23. By signing the Acceptance Certificate and accepting the proceeds of the Account Opening Check, you agreed to repay Capital One $15,381 plus interest.
    Response: Mr. Dawe's Specified Objection.

24. The document attached hereto as Exhibit D is a true and accurate copy of the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000.
    Response: Mr. Dawe's Specified Objection.

25. You received the document attached hereto as Exhibit D.
    Response: Mr. Dawe's Specified Objection.

26. The monthly account statement for your loan account with Capital One for the period August 27, 2000 through September 26, 2000, reflected a total new balance of $15,381.00 and an amount due of $262.55.
    Response: Mr. Dawe's Specified Objection.

27. You paid $262.55 to Capital One on or about October 10, 2000.
    Response: Mr. Dawe's Specified Objection.

28. The document attached hereto as Exhibit E is a true and accurate copy of the payment stub from the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000, with the amount $262.55 handwritten thereon by you.
    Response: Mr. Dawe's Specified Objection.

29. The document attached hereto as Exhibit F is a true and accurate copy of a check that you sent to Capital One in the amount of $262.55 drawn on your checking account at Country Bank.

Response: Mr. Dawe's Specified Objection.

30. The check that appears in the document attached hereto as Exhibit F was sent to Capital One with the payment stub that appears in the document attached hereto as Exhibit D.
Response: Mr. Dawe's Specified Objection.

31. The signature on the check that appears in the document attached hereto as Exhibit F is your signature.
Response: Mr. Dawe's Specified Objection.

32. The documents attached hereto as Exhibit G are true and accurate copies of the monthly account statements for your loan account with Capital One for the monthly periods from September 27, 2000 through August 26, 2002.
Response: Mr. Dawe's Specified Objection.

33. You received the documents attached hereto as Exhibit G.
Response: Mr. Dawe's Specified Objection.

34. For each of the monthly periods beginning August 26, 2000 and ending February 26, 2002, you sent a payment to Capital One in the amount of $262.55.
Response: Mr. Dawe's Specified Objection.

35. The documents attached hereto as Exhibit H are true and accurate copies of payment stubs and checks that you sent to Capital One.
Response: Mr. Dawe's Specified Objection.

36. All of the checks that you sent to Capital One were drawn on an paid from your checking account at Country Bank.
Response: Mr. Dawe's Specified Objection.

37. The signatures on the checks that appear in the documents attached hereto as Exhibit H are your signatures.

Response: Mr. Dawe's Specified Objection.

38. As of March 26, 2002, the total new balance of your loan
account with Capital One was $12,960.66.
Response: Mr. Dawe's Specified Objection.

39. The documents attached hereto as Exhibit I are true and
accurate copies of a payment stub and check that you sent to
Capital One on or about April 23, 2002.
Response: Mr. Dawe's Specified Objection.

40. The check that you sent to Capital One for the payment due
on April 21, 2002, was for $10.00.
Response: Mr. Dawe's Specified Objection.

41. Capital One did not accept your payment of $10.00 on or
about April 23, 2002, as full and final payment of the principal
and interest due on your loan account with Capital One.
Response: Mr. Dawe's Specified Objection.

42. The minimum amount due on your loan account with Capital
One on April 21, 2002, was $262.55.
Response: Mr. Dawe's Specified Objection.

43. You made no payments to Capital One in connection with
your loan account with Capital One after April 23, 2002.
Response: Mr. Dawe's Specified Objection.

44. The document attached hereto as Exhibit J is a true and
accurate copy of a letter dated April 23, 2002, that you sent to
Capital One along with the payment stub and check attached
hereto as Exhibit I.
Response: Mr. Dawe's Specified Objection.

45. The document attached hereto as Exhibit K is a true and
accurate copy of a letter from Capital One to you dated May 8,

2002.
  Response: Mr. Dawe's Specified Objection.

  46. The document attached hereto as Exhibit K was a response
to your letter to Capital One dated April 23, 2002, a copy of
which is attached hereto as Exhibit J.
  Response: Mr. Dawe's Specified Objection.

  47. As of May 8, 2002, the balance of your loan account with
Capital One was $13,079.95.
  Response: Mr. Dawe's Specified Objection.

  48. The document attached hereto as Exhibit L is a true and
accurate copy of a portion of a letter that you sent to Capital
One on or about June 7, 2002.
  Response: Mr. Dawe's Specified Objection.

  49. The document attached hereto as Exhibit M is a true and
accurate copy of a letter from Capital One to you dated June 20,
2002.
  Response: Mr. Dawe's Specified Objection.

  50. The document attached hereto as Exhibit M was sent to you
in response to the letter from you to Capital One attached
hereto as Exhibit L.
  Response: Mr. Dawe's Specified Objection.

  51. You received the document attached hereto as Exhibit M.
  Response: Mr. Dawe's Specified Objection.

  52. You received with the document attached hereto as Exhibit
M a copy of the Acceptance Certificate.
  Response: Mr. Dawe's Specified Objection.

  53. You received with the document attached hereto as Exhibit
M a copy of the monthly account statements for your loan account

with Capital One for the monthly periods from March 2002 to May
2002.

Response: Mr. Dawe's Specified Objection.

54. On June 9, 2002, you stipulated to the dismissal of your
counterclaims in the Worcester District Court matter entitled
*Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

Response: Admitted in part. The stipulation was to a voluntary
dismissal of the counterclaims, which the court entered.

55. On June 9, 2002, you voluntarily dismissed your
counterclaims in the Worcester District Court matter entitled
*Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

Response: Admitted in part. The parties stipulated to a
voluntary dismissal of the counterclaims, which the court
entered.

56. The Worcester District Court matter entitled *Capital One
Bank v. Michael J. Dawe*, Docket No. 0262CV2639, was dismissed by
the court in response to your motion to dismiss based upon
Capital One's failure to comply with a discovery order.

Response: Admitted in part. The case was not just dismissed --
judgment was entered in favor of Mr. Dawe.


                                    Respectfully submitted,


                                    Jason David Fregeau,
                                    Trial Attorney (565657)

                                    47 Lincoln Road
                                    Longmeadow, MA 01106
                                    413/567-2461
                                    413/567-2932 fax

                                    Attorney for Plaintiff

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiff's Responses to Defendant's Requests for Admission has been served by United States Mail, postage prepaid, upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 2d day of June, 2005.

Jason David Fregeau, Esq.

**EXHIBIT C**

## 10.9% ACCEPTANCE CERTIFICATE

**Capital**One®

- ■ FIXED MONTHLY PAYMENT
- ■ NO PREPAYMENT PENALTY
- ■ NO APPLICATION FEE
- ■ NO COLLATERAL REQUIRED

**Lending Services**
P.O. Box 85136
Richmond, VA 23285-5136

3949023401693     001     001

Michael J. Dawe
744 Wheelwright Rd
Barre, MA 01005-8850

**Loan Amount:**
$15,381

Please cross out and correct address if necessary.
To avoid delays, please print clearly in black or blue ink.

**Please respond by:**
**August 28, 2000**

The primary use of my loan will be for:
- ☐ 1) automobile financing
- ☒ 2) debt consolidation
- ☒ 3) home improvement
- ☐ 4) vacation/entertainment
- ☐ 5) other

☒ Yes ☐ No  Do you have health insurance?
☒ Yes ☐ No  Do you own a car?
☒ Yes ☐ No  Do you have a checking account? If "Yes," please include account information:

Financial Institution: COUNTRY BANK

Account Number: 210709 80 85    0005222 9983

## APPLICANT

| Social Security # | Date of Birth |
|---|---|
| 016 V 94 - 689 7 | 10/30/55 |

Previous Address (if at present address less than 2 years)

| Home Phone | No. in Household | Time at Present Address | Housing | Monthly Payment |
|---|---|---|---|---|
| 978 355 6742 | 1 | 13 yr 4 mo | ☐ Own ☒ Rent | $ 1,500 |

| Check Here ☐ Retired ☐ Self-Employed | Occupation MACHINIST | Employer FLEER RICO | Length of Employment or Self-Employment 20 yr mo |
|---|---|---|---|

Employer Street Address
INDUSTRIAL RD

| City HOLDEN | State MA | ZIP 01005 |
|---|---|---|

Business Phone
508 827 4491

Your Annual Salary $ 52,000
Other Annual Household Income $
Source of Other Income (for those at least)

## CO-APPLICANT (optional)

| First Name | Middle Initial | Last Name | Social Security # |
|---|---|---|---|

| Employer | Length of Employment |
|---|---|
| | yr mo |

## PLEASE SIGN HERE

I/(We) have read the Federal Disclosure Statement and Loan Agreement enclosed and, if approved, agree to be bound as specified therein. You are authorized to check my/(our) credit and employment history. This offer is nontransferable. $15,000 minimum annual household income required.

X *Michael J Dawe*
**Applicant Signature**

Date 8/14/00

X
**Co-Applicant Signature**
To avoid delays, please provide all information requested. BOTH must sign if joint application.

Date

3949-1

6531     Michael J. Dawe     3949023401693    001    001

# FEDERAL DISCLOSURE STATEMENT
## Capital One, F.S.B.

| | | |
|---|---|---|
| 10.9% | **ANNUAL PERCENTAGE RATE:** the cost of your credit as a yearly rate. | |
| $6,673.20 | **FINANCE CHARGE:** the dollar amount the credit will cost you. | |
| $15,381.00 | **Amount Financed:** the amount of credit provided to you or on your behalf. | |
| $22,054.20 | **Total of Payments:** the amount you will have paid after you have made all payments as scheduled. | |

**Finance Charge.** The finance charge is calculated based on monthly payments being posted to your account on the due date shown on your periodic statement.

**Payment Schedule.** Your payment schedule will be monthly payments of $262.55 for 84 months beginning approximately 32 days after your loan is approved (see below).

**Itemization of Amount Financed.** The amount financed, $15,381.00, consists of the amount disbursed to you directly or on your behalf.

**Delinquency – Entire Balance Due – Demand Feature.** If you don't make a payment on time, your payment is delinquent. When that happens, you agree that without giving you any advance notice, and to the extent permitted by law, we can require you to pay the remaining balance of your loan at once. You agree to pay all collection costs that we may incur, including attorney's fees equal to 15% of the amount outstanding.

**Late Charge.** If any part of a payment is more than seven (7) days late, you agree that we may charge you a late charge equal to 5% of the full monthly payment.

**Prepayment.** If you pay your loan off early, you will not pay a prepayment penalty.

You may refer to the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and charges.

# LOAN AGREEMENT

**CREDITOR – PARTIES.** The words "you" and "your" mean each of the Borrowers who signs the enclosed Acceptance Certificate ("certificate"). The words "we," "us" and "our" refer to Capital One, F.S.B., the creditor in this transaction.

**PAYMENT AGREEMENT AND THE TERMS OF REPAYMENT.** To repay your loan, you jointly and severally agree to pay us the principal sum of $15,381 together with interest at a fixed annual rate of 10.9% (Your Interest Rate). You agree to pay the Total of Payments to us in 84 equal monthly payments of $262.55 each. The Date of Your Loan and Your First Payment Due Date depend on when your loan is approved. The Date of Your Loan will be approximately 7 days after your loan has been approved. Your First Payment Due Date will be approximately 25 days after the Date of Your Loan. Your remaining payments are due on the same day (or the last day) of each following month until your loan is paid in full. Refer to the offer expiration date on the certificate.

**INTEREST CALCULATION METHOD.** Interest is computed on the monthly Average Daily Balance of your loan. To compute your Average Daily Balance, we take the beginning balance of your loan each day, subtract any payments or credits applied to your loan and subtract any unpaid interest included in your balance. This gives us your daily balance. We then add up the balance for each day of the month covered by your monthly billing statement and divide that total by the number of days covered by your monthly statement. This gives us the Average Daily Balance. Then we multiply your Average Daily Balance by Your Interest Rate, divided by 12 months.

**RETURNED CHECK CHARGE.** If you pay with a check which is dishonored or returned, you agree to pay us on demand a charge of $25.

**FINAL PAYMENT, LATE CHARGE AND RETURNED CHECK CHARGE.** A loan which has unpaid principal, interest, late fees, returned check charges or any other fees or charges at the end of the term will not be regarded as "paid in full."

**STATE LAW.** Your loan and this Loan Agreement are governed by the federal law and laws of Virginia.

This offer is non-transferable and is void to residents of U.S. dependent areas. $15,000 minimum household income required.

**Miscellaneous Information:** I am applying to Capital One, F.S.B., for this loan. Everything that I have stated on the certificate is correct to the best of my knowledge. I understand that I must be 18 years or older and a U.S. citizen or permanent resident alien to apply. I understand that approval is based upon satisfying Capital One, F.S.B.'s credit standards. I understand that Capital One, F.S.B., will retain my certificate whether or not it is approved. I understand that Capital One, F.S.B., maintains the right not to open my account if I have responded to a previous Capital One, F.S.B., installment loan offer within the last 90 days. Capital One, F.S.B., is authorized to check my credit and employment history and to answer questions about Capital One, F.S.B.'s credit experience with me. In this paragraph, the words "I", "me" and "my" refer to each person who signs the certificate. An applicant, if married, may apply for a separate account. Capital One is a federally registered service mark of Capital One Financial Corporation. All rights reserved.

Capital One supports information privacy protection: see our website at www.capitalone.com.

**FAIR CREDIT REPORTING ACT NOTICE:**
You were selected for this offer based upon the information in your credit report which satisfies Capital One, F.S.B.'s criteria for creditworthiness. Grant of this offer, after you respond to it, is conditioned upon your satisfying the creditworthiness criteria used to select you for the offer and upon your satisfying any applicable criteria bearing on your creditworthiness, including your income, employment, and any other information provided on your certificate. You have the right to prohibit information contained in your credit report from being used in connection with any credit or insurance transaction that is not initiated by you. You may exercise this right by contacting the credit reporting agencies' notification systems at: Experian Target Marketing, P.O. Box 919, 701 Experian Parkway B2, Allen, TX 75013, 1-888-567-8688; Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123, 1-888-567-8688; Trans Union Corporation, Attn: Marketing Opt Out, P.O. Box 97328, Jackson, MS 39288-7328, 1-888-567-8688.

†Alimony, child support, separate maintenance income, co-applicant's annual income or other income need not be revealed if you do not choose to have it considered as a basis for repaying this loan.

3949-1

# EXHIBIT D

| Civil DOCKET | 200262CV002639 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**CASE NAME**
CAPITAL ONE BANK  vs.  MICHAEL J. DAWE

**CURRENT COURT**
Worcester District Court
50 Harvard Street
Worcester, MA 01608-1196
(508) 757-8350

| ASSOCIATED DOCKET NO. | DATE FILED | DATE DISPOSED | |
|---|---|---|---|
| | 12/16/2002 | 06/10/2003 | |

**PLAINTIFF(S)**
P01   CAPITAL ONE BANK

**PLAINTIFF'S ATTORNEY**
GARY HOWARD KREPPEL
1661 WORCESTER RD., STE. 401
FRAMINGHAM, MA 01701
(508) 820-1150

**DEFENDANT(S)/OTHER SINGLE PARTIES**
D01   MICHAEL J. DAWE
744 WHEELWRIGHT RD.
BARRE, MA 01005

**DEFENDANT'S ATTORNEY**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 12/17/2002 | Complaint filed on 12/16/2002 at Worcester District Court. |
| 2 | 12/17/2002 | Appearance for Capital One Bank filed by Attorney GARY HOWARD KREPPEL 1661 Worcester Rd., Ste. 504 Framingham MA 01701 BBO# 279980 |
| 3 | 12/17/2002 | Filing fee of $150.00 and surcharge of $10.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 12/17/2002 | Statement of damages filed by P01  CAPITAL ONE BANK (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 5 | 12/17/2002 | ADR Uniform Counsel Certification filed by GARY HOWARD KREPPEL 1661 Worcester Rd., Ste. 504  FRAMINGHAM MA 01701 BBO# 279980 regarding P01  CAPITAL ONE BANK (SJC Rule 1:18, Uniform Rules on Dispute Resolution 5). |
| 6 | 12/17/2002 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 03/31/2003 06:01 PM . |
| 7 | 12/17/2002 | DISMISSAL UNDER STANDING ORDER 1-88 TIME STANDARDS potentially applicable on 12/31/2003 06:01 PM . |

| Page 1 of 3 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE |
|---|---|---|---|

Date/Time Printed: 10/27/2004 01:17 PM

**DOCKET CONTINUATION**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 12/17/2002 | Motion for attachment of real estate (Mass.R.Civ.P. 4.1[f]) filed by P01  CAPITAL ONE BANK . |
| 9 | 12/17/2002 | MOTION SCHEDULED FOR HEARING on 01/17/2003 09:00 AM . |
| 10 | 12/31/2002 | Return of service on complaint and summons to D01  MICHAEL J. DAWE : Officer service SERVED in hand IN HAND TO MICHAEL DAWE ON 12-23-02. RECEIVED ON 12-27-02. |
| 11 | 12/31/2002 | DISMISSAL UNDER RULE 4(J) SCHEDULED on 3/31/03 CANCELED. Reason: Other. (RETURN OF SUMMONS ON 12-27-02.) |
| 12 | 01/07/2003 | Motion to dismiss (Mass.R.Civ.P. 12[b]) filed by D01  MICHAEL J. DAWE . |
| 13 | 01/07/2003 | Answer filed by D01  MICHAEL J. DAWE . |
| 14 | 01/07/2003 | Counterclaim filed by D01  MICHAEL J. DAWE against P01  CAPITAL ONE BANK (Mass.R.Civ.P. 13). |
| 15 | 01/09/2003 | Motion to dismiss (Mass.R.Civ.P. 12[b]) filed by D01  MICHAEL J. DAWE . |
| 16 | 01/23/2003 | Motion for attachment of real estate (Mass.R.Civ.P. 4.1[f]) allowed on 1/17/03 ( Brooks, Hon. Michael J. ). |
| 17 | 01/23/2003 | Affidavit of MAISHA DAVIS in support of motion to OF MOTION TO ATTACH REAL ESTATE filed by P01  CAPITAL ONE BANK . |
| 18 | 01/27/2003 | Plantiff's Answer to Defendant's Counterclaim.  filed by P01  CAPITAL ONE BANK . 1-23-03. |
| 19 | 02/03/2003 | Defendants disccovery request to the plaintiff. Filed. Received 1-31-03 |
| 20 | 02/28/2003 | Motion to strike defendant's purported interrogatorie  filed by P01  CAPITAL ONE BANK . |
| 21 | 02/28/2003 | MOTION SCHEDULED FOR HEARING on 03/10/2003 09:00 AM . |
| 22 | 02/28/2003 | Interrogatories, requests for admission and production of documents. Filed.  Recieved 2-27-03 |
| 23 | 03/11/2003 | Plaintiff's motion to strike defendant's purported interrogatories  denied 3/10/03 ( Brennan, Hon. Dennis J. ). |
| 24 | 03/21/2003 | Affidavit of MICHAEL J. DAWE filed. |
| 25 | 03/21/2003 | Motion to compel plaintiff to answer discovery requests  filed by D01  MICHAEL J. DAWE .Received 3-20-03 |
| 26 | 03/21/2003 | MOTION SCHEDULED FOR HEARING on 03/31/2003 09:00 AM . |
| 27 | 04/03/2003 | Motion to compel plaintiff to answer discovery allowed on 3/31/03 30 days to respond( Brennan, Hon. Dennis J. ). |

| | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK

X | | DATE |

**DOCKET CONTINUATION**

DOCKET NUMBER
200262CV002639

| NO. | ENTRY DATE | DOCKET ENTRIES |
|-----|-----------|----------------|
| 28 | 05/09/2003 | Letter from Patrick L. Handlin. Filed. |
| 29 | 06/02/2003 | Motion to dismiss (Mass.R.Civ.P. 12[b]) filed by D01  MICHAEL J. DAWE . |
| 30 | 06/02/2003 | MOTION SCHEDULED FOR HEARING on 06/09/2003 09:00 AM . |
| 31 | 06/10/2003 | Motion to dismiss (Mass.R.Civ.P. 12[b]) allowed 6/9/03 ( Brennan, Hon. Dennis J. ). |
| 32 | 06/10/2003 | Stipulation in open court: STIPULATION OF DISMISSAL OF COUNTERCLAIM FILED ON 6/9/03 |
| 33 | 06/10/2003 | DISMISSAL UNDER ST. ORDER 1-88 SCHEDULED on 12/31/03 CANCELED. Reason: Other. (judgment of dismissal issued) |
| 34 | 06/10/2003 | Judgment of dismissal of claim of P01 CAPITAL ONE BANK against D01 MICHAEL J. DAWE upon motion ( Brennan,  Hon. Dennis J. ); parties notified . |
| 35 | 06/10/2003 | Judgment of dismissal of counterclaim of D01 MICHAEL J. DAWE against P01 CAPITAL ONE BANK by agreement of the parties ( Brennan,  Hon. Dennis J. ); parties notified . |
| 36 | 06/10/2003 | Case Inactivated: No future events scheduled. |
| 37 | 09/24/2003 | Motion FOR COURT AND COURT RELATED COST.  filed by D01  MICHAEL J. DAWE. |
| 38 | 09/24/2003 | MOTION SCHEDULED FOR HEARING on 10/06/2003 09:00 AM. |
| 39 | 09/24/2003 | Affidavit of MICHAEL J. DAWE filed. |
| 40 | 10/07/2003 | Motion for court and court related costs denied ( Brennan, Hon. Dennis J. ). |
| 41 | 10/07/2003 | Case Inactivated: No future events scheduled. |
| 42 | 10/07/2003 | Opposition filed by P01  CAPITAL ONE BANK to Motion to court and court related costs.  that was filed on 09/24/2003. |
|    |            |                |
|    |            |                |
|    |            |                |
|    |            |                |
|    |            |                |

| Page 3 of 3 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK<br>X | | DATE |

# EXHIBIT E

*Filed in open court 6-9-03 (Michael Down) Ass't Clerk*

COMMOMWEALTH OF MASSASHUSETTS

WORCESTER DISTRICT COURT

WORCESTER,SS

Docket No. 0262CV2639

Capital One Bank                )
   PLAINTIFF             )
                        )
                        )
v.                              )          MOTION TO DISMISS
                                  COUNTERCLAIM

*TO BE FILED AS STIPULATION OF DISM OF COUNTERCLAIM (MJD)*

Michael J Dawe                  )
   DEFENDANT             )

_____/

MOTION TO DISMISS

1.  The defendant respectfully requests the court at this time to dismiss without
    prejudice the defendants counter –claim against the plaintiff and co-plaintiff .

Respectfully submitted this the 9th day of June 2003

*Michael J Dawe*                          *Erica J. Glose*

Michael J Dawe                            # 451012
744 Wheelwright Rd.
Barre, Ma. 01005
(978)355-6742

# EXHIBIT F

PO BOX 628
BUFFALO, NY 14240-0628

**ASG**
Account Solutions Group, LLC | 205 Bryant Woods South
Amherst, NY 14228

ADDRESS SERVICE REQUESTED

RE: CAPITAL ONE SERVICES
ACCOUNT #: 3545884
BALANCE: $15,375.20

1-800-741-8860

11-10-03    3545884

#BWNDLZK
#F000 041D KK43#
Illmull Illlndlldldldldlndbbldbhld
MICHAEL J DAWE                    A569
744 WHEELWRIGHT RD               BG29
BARRE MA 01005-8850              N1

ACCOUNT SOLUTIONS GROUP, LLC.
PO BOX 628
BUFFALO, NY 14240-0628

Inlldldldldlldlll.llndlldldldlldldlll

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.*

ANY DISHONORED CHECK OR ITEM MAY BE ASSESSED
A SERVICE CHARGE AS AUTHORIZED BY STATE LAW

Dear Michael J Dawe:

This account has been listed with our office for collection. Enclose your payment in the envelope provided and make your check or money order payable to ACCOUNT SOLUTIONS GROUP, LLC. All payments and correspondence should be sent to our Buffalo, NY mailing address: PO Box 628, Buffalo, NY 14240-0628.

Should you wish to speak to a representative concerning your account you may contact this office toll free at 1-800-741-8860. Please refer to the account number indicated above. Our office hours are Monday through Friday 8am-10pm EST, Saturday 8am-12pm EST, and Sunday 5pm-10pm EST.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that this debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Notice of Important Rights:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency.

All payments and correspondence should be sent to our mailing address: Account Solutions Group, LLC; PO Box 628; Buffalo, NY 14240-0628. Our Massachusetts office is located at 8 Suburban Park Drive, Billerica, MA 01821.

Sincerely,

ACCOUNT SOLUTIONS GROUP, LLC
A Professional Debt Recovery Agency

ASG

PO BOX 628
BUFFALO, NY 14240-0628

**ASG**
Account Solutions Group, LLC | 205 Bryant Woods South
Amherst, NY 14228

ADDRESS SERVICE REQUESTED

1-800-741-8860

11-19-03      3545884

RE: CAPITAL ONE SERVICES
ACCOUNT #: 3545884
SETTLEMENT OFFER: $9000.00
BALANCE: $15,411.72

#BWNDLZK
#F000 042I BCO0#
|||...||||||..||||..|.||.|.|.|||..|.|.|||.|..|..||.|..|||.|
MICHAEL J DAWE                    A029
744 WHEELWRIGHT RD                FC2
BARRE MA 01005-8850               SiF

ACCOUNT SOLUTIONS GROUP, LLC.
PO BOX 628
BUFFALO, NY 14240-0628

|..|||.|.|.|.|..|||.||.|..|||...||..|.|.|..||.|.|..|||

---

*IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment.*

---

Dear Michael J Dawe:

As an authorized representative of our client CAPITAL ONE SERVICES, we have permission to offer you an opportunity to pay less than the amount due. This settlement, as offered, shall be in the total amount of $9000.00.

This settlement offer will expire unless we receive your payment of $9000.00, due in our office on or before 11-30-03.

Should you accept this settlement offer, upon receipt and clearance of your payment, we will notify our client so it can update its records accordingly to reflect a settlement in full.

If you have any questions relative to the above referenced settlement, please do not hesitate to contact our office toll free at 1-800-741-8860. Our office hours are Monday through Friday 8am-10pm EST, Saturday 8am-12pm EST, and Sunday 5pm-10pm EST.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Notice of Important Rights:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency.

All payments and correspondence should be sent to our mailing address: Account Solutions Group, LLC; PO Box 628; Buffalo, NY 14240-0628. Our Massachusetts office is located at 8 Suburban Park Drive, Billerica, MA 01821.

Sincerely,

ACCOUNT SOLUTIONS GROUP, LLC
A Professional Debt Recovery Agency

ASG

# EXHIBIT G



Capital One Services, Inc.
P.O. Box 85699
Richmond, VA 23285-5699

April 23, 2004

Michael J. Dawe
744 Wheelright Rd.
Barre, MA 01005-8850

Re: 7812601777706746

Dear Mr. Dawe,

Thank you for your recent letter to Capital One. I appreciate the opportunity to assist you but apologize for any confusion surrounding the above referenced account.

As you requested, we have discontinued collection efforts which should prevent the receipt of additional calls or letters intended for the purpose of debt collection. Our Financial Solutions and Recoveries Departments, and the agencies we employ, adhere to all applicable guidelines and regulations when contacting customers regarding delinquent accounts.

A review of our records indicates that your account was opened on September 20, 2000, following the receipt of a signed application for credit. Regrettably, not all payments were received in a timely manner as requested and your account was charged off as an unpaid debt on August 27, 2002. As of the date of this letter, your account reflects a balance of $16,032.46. For your reference, I have enclosed a copy of the original application.

I apologize for any inconvenience that this matter has caused and hope that you will not hesitate to call me directly with any questions or remaining concerns. I can be reached by calling 800-955-1455, Ext. 494-2552.

Sincerely,

Will Milligan
Executive Offices
Capital One Services, Inc.

Enclosure

This is not an attempt to collect a debt, but a response to your inquiry.
©2004 Capital One Services, Inc. Capital One is a federally registered service mark. All rights reserved.