```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
              CENTRAL DIVISION AT WORCESTER
```

MICHAEL DAWE,                  :        No. 04-40192-FDS
    Plaintiff             :
                           :
    v.                     :
                           :
CAPITAL ONE BANK,              :
    Defendants             :
_____

Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment

_____

## I. Introduction

The operative facts are simple and uncontroverted. Mr. Dawe owed a debt to Defendant.[1] Defendant filed suit against Mr. Dawe in Massachusetts District Court in Worcester on December 17, 2002. After six months of active litigation, the state trial court dismissed the action because of Defendant's willful failure to comply with the trial court's order to respond to Mr. Dawe's

_____

[1] Mr. Dawe concedes, for purposes of this motion only, that he owed the debt to Defendant prior to the state court litigation. As noted by Defendant, this concession does not mean that Mr. Dawe has no defenses to the debt. Defendant's Memo, p. 12 ("if Mr. Dawe does not have a legitimate basis for claiming that he no longer owes anything to Capital One").

discovery requests. The dismissal entry states:

> "On the above action, upon motion, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Brennan, Hon. Dennis J.)."

After the judgment, Defendant continued to attempt to collect on the debt by sending the account to a third party debt collector, confirming disputes sent to the credit bureaus, and demanding payment in response to Mr. Dawe's Chapter 93A demand letter.

Defendant contends that, because the state trial court never actually determined whether or not Mr. Dawe owed the debt, "the dismissal did not eliminate the debt itself...." Defendant's Motion, p. 2. According to Defendant, even though claim preclusion keeps Defendant out of court, the purported lack of issue preclusion allows Defendant to keep trying to collect. Unfortunately for Defendant, 150 years of American jurisprudence stands in the way of Defendant's argument.

In ancient times (prior to about 1982), *res judicata* was broken down into "merger and bar" and "collateral estoppel". 18 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> s. 4402 (West Group 2002 & Supp. 2005) [hereinafter "FPP"]. If the plaintiff won, then the plaintiff's claim was "merged" with the judgment

and, if the plaintiff lost, then the claim was "barred" by the judgment. Id. If an issue was actually litigated, then the parties were collaterally estopped from re-litigating the issue. Id.

In our current, more enlightened time, "merger and bar" is known as claim preclusion and "collateral estoppel" is known as issue preclusion. Id. The purposes, however, remain the same:

> "The deepest interests underlying the conclusive effect of prior adjudication draw from the purpose to provide a means of finally ending private disputes. The central role of adversary litigation in our society is to provide binding answers. We want to free people from the uncertain prospect of litigation, with all its costs to emotional peace and the ordering of future affairs. Repose is the most important product of res judicata."

Id. s. 4403, pp. 26-27. Regardless of what it is called, the parties, the courts, and the public have an expectation that once a private dispute is taken to the public fora underwritten by our society for resolution of private disputes, then the limited resources of those public fora will not be used to rehash those disputes.

## II. Standards for Determination

The standards for the determination of a motion for summary judgment under Federal Rule of Civil Procedure 56 are long settled. All facts must be construed in favor of the non-moving party, all reasonable inferences must be made in favor of the non-

moving party, and no factual issues can be determined. The moving party's motion will be granted only if there are no material issues of fact and the moving party's position is correct as a matter of law.

### III. Argument

Defendant's arguments are incorrect as a matter of law. First, Defendant assumes without explanation or support that claim preclusion does not apply. In fact, under Massachusetts law claim preclusion prohibits Defendant from re-litigating its claim against Mr. Dawe. Second, Defendant argues that an "adjudication on the merits" under Massachusetts Rule of Civil Procedure 41 cannot constitute issue preclusion. In fact, a judgment "on the merits" -- made after active litigation and in response to the plaintiff's egregious disregard for the court's orders -- constitutes issue preclusion on all issues material to the claims.

### A. Defendant is Barred by Claim Preclusion

Defendant narrowly defines claim preclusion as simply forbidding any further lawsuits: "[T]he most that the dismissal did was to preclude Capital One, under the doctrine of *res judicata,* or claim preclusion, from re-filing another collection action against Mr. Dawe in the same forum based upon the same debt." Defendant's Memo, p. 5. Claim preclusion, however, is broader than Defendant's unsupported definition: "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of *all matters* that were or could have been

adjudicated in the action." Kobrin v. Bd. of Reg'n in Medicine, 444 Mass. 837, 843 (2005) (emphasis added). Claim preclusion has three elements: (1) the same parties to the present and prior actions, (2) identity of the cause of action, and (3) a prior final judgment on the merits. Id.

To determine whether causes of actions are the same, Massachusetts courts use the modern transactional approach. Saint Louis v. Baystate Med. Center, Inc., 30 Mass. App. Ct. 393, 399 (1991); see Restatement (Second) of Judgments § 24 (1982). "A claim is the same for *res judicata* purposes if it is derived from the same transaction or series of connected transactions." Id. The determinations as to what facts constitute a transaction and as to what transactions constitute a series are determined pragmatically. Id. Courts should consider whether the facts are related in origin or motivation and whether the facts form a convenient trial unit. Id.

In this case, there is no dispute that the parties are the same as those in the state court case. Likewise, there is no dispute that there was a final judgment on the merits -- Massachusetts Rule of Civil Procedure 41(b)(3) provides that involuntary dismissals operate as adjudication on the merits. Casualty Reciprocal Exchange v. Fazio Enterprises, Inc., 1991 Mass. App. Div. 84 (attached) (a judgment is "the act of the trial court finally adjudicating the rights of the parties affected by the

judgment...."); see also Nasser v. Isthmian Lines, 331 F.2d 124, 127 (2d Cir. 1964) (same result under Federal Rule of Civil Procedure 41(b)(3)). Defendant's original state court case, dismissed pursuant to Massachusetts Rule of Civil Procedure 37 for Capital One's failure to comply with the trial court's discovery orders, operates as an adjudication on the merits for purposes of claim preclusion.

All that is left to determine is whether the same cause of action is being proffered in this litigation. In the state court case, Defendant sought a judgment holding Mr. Dawe liable for a debt. In that case, Defendant needed to prove the facts showing a valid contract, facts regarding disbursements to Mr. Dawe under the contract, and facts regarding payment or nonpayment by Mr. Dawe. Defendant's claim in the state court lawsuit was that Mr. Dawe legally owed the debt to Defendant.

In this lawsuit, Defendant claims that Mr. Dawe legally owes the debt to Defendant:

> "In short, the credit agreement between Mr. Dawe and Capital One is a legal document that, by its execution by Mr. Dawe and his receipt of the proceeds of the loan from Capital One, obligated him to make monthly payments to Capital One to repay the debt, a debt that he concedes he owes for purposes of this motion for partial summary judgment."

Defendant's Memo, p. 12. Assuming *arguendo* that Defendant wins

this motion, whether Mr. Dawe owes the alleged debt would remain for the Court's determination. The Court would have to review the facts showing a valid contract, the facts regarding disbursement, and the facts regarding payment or non-payment. Moreover, the Court would have to determine the applicability of any defenses, affirmative or otherwise, that Mr. Dawe might have.

There exists an exact one-to-one correlation of the facts underlying the transaction in the state court case and the facts underlying Defendant's argument in this case. That the former plaintiff is now Defendant is irrelevant: "A party cannot avoid the rule by attempting to relitigate a claim 'from a different posture or in a different procedural form.'" Dowd v. Morin, 18 Mass. App. Ct. 786, 794 (1984) (quoting Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974)); see also Martino v. McDonald's Sys., Inc., 598 F.2d 1079, 1084 (7th Cir.), *cert. denied*, 444 U.S. 966 (1979); FPP s. 4414 (the authors term this as "Defendant Preclusion"). Defendant is barred by claim preclusion from attempting to re-litigate the legal validity of the debt.

The cases cited by Defendant are easily distinguishable. The doctrine of *res judicata* has long recognized that, for a judgment to apply, the court rendering the judgment must have had jurisdiction. FPP s. 4406, p. 142. It has long been held that a dismissal pursuant to a statute of limitations is a dismissal that is not on the merits. Sun Oil Co. v. Wortman, 486 U.S. 717, 725-26

(1988). The Semtek decision, relied upon by Defendant, is nothing more than a reiteration that, when a court does not have subject matter jurisdiction, then a "dismissal on the merits" under Federal Rule of Civil Procedure 41 (and its state court cousins) is not *res judicata*.

In this case there is no dispute that the Massachusetts District Court had personal jurisdiction over Capital One -- which brought the suit and submitted to the trial court's jurisdiction -- and had subject matter jurisdiction over the allegations. A statute of limitations was not at issue. The Semtek decision, and the other decisions cited by Defendant regarding the operation of statutes of limitations on un-adjudicated debts, simply do not apply.

B. The Dismissal with Prejudice for Failure to Comply with the Trial Court's Discovery Orders Constitutes Issue Preclusion

Assuming *arguendo* that claim preclusion does not apply (it does), Defendant is still collaterally estopped by issue preclusion. Under Massachusetts law, the elements of issue preclusion are (1) a final judgment on the merits in the prior adjudication; (2) identity of parties; (3) the issue in the prior suit was identical to the issue in the current suit; (4) the issue decided was essential to the earlier judgment, and (5) the issue was actually litigated. Kobrin, 444 Mass. at 843-44.

Again, there is no dispute that the parties are the same, that the issue regarding the debt is the same, and that a final

judgment "on the merits" was entered. As stated above, the Semtek decision is inapplicable; an entry of judgment under Massachusetts Rule 37 pursuant to Massachusetts Rule 41(b) "operates as an adjudication on the merits." Casualty Reciprocal Exchange, 1991 Mass. App. Div. 84. That leaves only whether the issue was essential to the judgment and whether the issue was actually litigated.

In Bush v. Balfour Beatty Bahamas, LTD, the Eleventh Circuit Court of Appeals held that, where a party had substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chose not to defend and defaulted under Rule 37, the judgment could act as collateral estoppel in the second litigation. 62 F.2d 1319, 1325 (11th 1995). While the Court of Appeals acknowledged the general rule denying issue preclusion on a default judgment, the Court of Appeals held that when a party actively participates in litigation, engages in dilatory and deliberately obstructive conduct, and is awarded the ultimate sanction of default under Rule 37, then the trial court is well within its discretion in precluding re-litigation of the issue. Id. The offending party could reasonably foresee the conclusive effect of his actions. Id.

This case is on all fours with Bush. According to the docket appended to Defendant's memo, Defendant Capital One brought suit against Mr. Dawe, invoking the personal and subject matter

jurisdiction of the state court. Defendant moved on February 28, 2002, to strike Mr. Dawe's discovery requests, which was denied on March 10. Mr. Dawe moved to compel responses to the discovery requests on March 21, which was allowed on March 31. Defendant, however, refused to comply with the trial court's order, and on June 10 Mr. Dawe moved to dismiss the suit against him, which was granted after hearing.

Defendant voluntarily submitted itself and its claim to the jurisdiction of the state court. Defendant subsequently refused to cooperate in discovery and, in fact, flouted the trial court's discovery orders. Defendant could reasonably foresee the conclusive effect of its actions. The Court should exercise its discretion by precluding re-litigation of the claims against Mr. Dawe.

## IV. Conclusion

For the reasons stated above, the Court should deny Defendant's motion for summary judgment and should find that re-litigation of the alleged debt is precluded.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 9th day of January, 2006.

/s/ Jason David Fregeau
_____
Jason David Fregeau, Esq.