UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL DAWE, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 04-40192-FDS |
| CAPITAL ONE BANK, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**SAYLOR, J.**

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681u, and various state law theories. Plaintiff Michael Dawe alleges that defendant Capital One Bank improperly continues to collect on a debt and report the debt to consumer credit agencies after collection proceedings on the same debt were dismissed by the Worcester District Court in 2003.

Pending before the court is defendant's motion for partial summary judgment. Defendant asks the Court to find that plaintiff's debt was not extinguished as a matter of law by the judgment of involuntary dismissal in the state court action. For the reasons stated below, the motion will be denied without prejudice.

**I.     Factual Background**

The facts, which are largely undisputed, are set forth in the light most favorable to the plaintiff.

### A. The Indebtedness

In September 2000, Capital One loaned Dawe $15,381.00 pursuant to a credit agreement. At some point, Dawe stopped making payments on the loan; as of March 26, 2002, the outstanding balance on the account was $12,290.66. Dawe concedes that, as of 2002, he owed the debt to Capital One.[1]

### B. State Court Collection Action

On December 17, 2002, Capital One commenced an action in the Worcester District Court to collect the debt. Dawe filed a counterclaim on January 7, 2003. On March 31, 2003, the state court granted a motion by Dawe to compel discovery responses by Capital One. After receiving Capital One's answers to interrogatories on May 3, he filed a motion to dismiss the bank's complaint as a discovery sanction, arguing that Capital One had objected to all of his interrogatories but one and that the objections should be treated as refusals to answer. He also noted that the answers to interrogatories were not signed by the person making them as required by Mass. R. Civ. P. 33(a)(3).

The court allowed the motion to dismiss, and on June 10, 2003, entered a judgment of dismissal against Capital One. By agreement of the parties, Dawe's counterclaim was voluntarily dismissed on the same day.

### C. Subsequent Collection Measures by Capital One

Following the dismissal of the state court action, Capital One continued to seek to collect the debt, although not by judicial means. Capital One reported the unpaid debt to consumer credit

---

[1] Dawe makes the concession only for purposes of this motion.

agencies and retained a third-party debt collection agency.[2] In April 2004, in response to a letter from Dawe, Capital One advised him in writing that it had "discontinued collection efforts which should prevent the receipt of additional calls or letters intended for the purpose of debt collection," although it noted that Dawe continued to owe an unpaid debt of $16,032.46.

## II.    Procedural History

Dawe filed the present action on September 27, 2004. Dawe's seven-count complaint alleges claims of (1) intentional and negligent violations of the FCRA; (2) violation of MASS. GEN. LAWS ch. 93A; (3) negligent infliction of severe emotional distress; (4) intentional infliction of severe emotional distress; (5) negligence; and (6) defamation.

On December 19, 2005, Capital One moved for partial summary judgment as to the issue of the effect of the state court dismissal on Dawe's indebtedness, although it did not seek judgment in its favor as to any specific count. In essence, Capital One contends that the dismissal did not extinguish the underlying debt as a matter of law, whether by principles of claim preclusion or issue preclusion or for any other reason.

## III.    Analysis

Summary judgment may be entered if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence must be viewed in the light most favorable to the non-moving party. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991).

Capital One asks the Court to determine whether the state court dismissal extinguished

---

[2] The collection agency sent Dawe a number of letters. One letter, dated November 10, 2003, requested that he pay the outstanding loan balance of $15,375.20. A subsequent letter, dated November 19, 2003, offered to settle the debt for a payment of $9,000.00.

Dawe's indebtedness. It concedes that the dismissal may preclude it from bringing a second collection action, but argues that the dismissal has no effect on the validity of the underlying debt obligation or defendant's ability to assert the debt as a defense. Dawe argues that the doctrines of claim preclusion and issue preclusion prohibit the bank from asserting the debt's continuing validity or raising it as a factual defense to his claims.

"Under federal law, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." *Torromeo v. Town of Fremont, N.H.*, 438 F.3d 113, 115-16 (1st Cir. 2006) (citation omitted). Thus, the effect of the state court dismissal on this federal action is determined by applying the Massachusetts laws of claim and issue preclusion.

### A.    Claim Preclusion

The first question presented is whether the doctrine of claim preclusion prevents Capital One from asserting the validity of the debt as a factual defense. Under Massachusetts law, the doctrine of claim preclusion bars a party from bringing "an action based on the same claim that was the subject of an earlier action between the same parties or their privies." *Heacock v. Heacock*, 402 Mass. 21, 23 n.2 (1988). Claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action. This is so even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies." *Id*. at 23 (citation omitted). Three elements are required for claim preclusion to apply: (1) identity of parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits. *Kobrin v. Bd of Registration in Med.*, 444 Mass.

837, 843 (2005).

There is no question that the parties to the state and federal actions are identical. Nor is it disputed that, under Massachusetts law, the involuntary dismissal of an action constitutes an "adjudication on the merits." MASS. GEN. LAWS ch. 41(b)(3). Thus, the only issue is whether the two causes of action are sufficiently identical for purposes of claim preclusion.

Massachusetts courts use a transactional approach to determine whether two causes of action are the same for the purpose of claim preclusion. *Saint Louis v. Baystate Med. Ctr., Inc.*, 30 Mass. App. Ct. 393, 399 (1991). "A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions." *Id.*

Dawe maintains that Capital One has asserted identical claims in both the state and federal actions. At the state level, the bank claimed that Dawe legally owed it a debt and sought to collect the amount he purportedly owed. According to Dawe, Capital One makes the same claim in the present case. Dawe's argument fails, however, as Capital One has not brought any cause of action in this court. Rather, the present litigation involves a claim *by Dawe* that Capital One violated federal and state law by attempting to collect the debt extrajudicially subsequent to the state court dismissal. To defend against these claims, Capital One points to the continuing validity of the credit agreement on which the loan was based. The bank has not filed any cross-claims against Dawe, nor is it seeking to recover the debt in this action. Capital One is merely asserting a factual defense, not a claim for relief. As a general matter, pure defenses have not been treated as causes of action for claim preclusion purposes. "[T]he traditional conclusion has been that purely defensive use of a theory does not preclude a later action for affirmative recovery on the same theory." 18 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE,

§4414, at 342, (2002). Dawe has pointed to no case or authority suggesting that the same should not be true in the converse situation (where, as here, a theory is used in seeking affirmative recovery, followed by purely defensive use of the same theory). As such, claim preclusion is inapplicable here and does not bar the defendant from raising the debt's validity as a defense.

### B. Issue Preclusion

The second question presented is whether the doctrine of issue preclusion prevents Capital One from asserting the validity of the indebtedness. Issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies." *Heacock*, 402 Mass at 23 n.2. Issue preclusion requires three elements: (1) a final judgment on the merits in the previous action; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior action; and (3) the issues in the prior and current adjudications are identical. *Kobrin*, 444 Mass. at 843; *Tuper v. N. Adams Ambulance Serv., Inc.*, 428 Mass. 132, 134 (1998). Additionally, "[i]ssue preclusion can be used only to prevent relitigation of issues actually litigated in the prior action" and that were essential to the earlier judgment. *Kobrin*, 444 Mass. at 844.

As a general rule, "a default judgment does not have preclusive effect on an issue in a subsequent action because the issues have not been actually litigated." *Treglia v. MacDonald*, 430 Mass. 237, 241 (1999). Similarly, issue preclusion is typically not applied to penalty dismissals. *See* 18A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 4440, at 210 (2002) ("[o]f itself, the dismissal does not actually adjudicate any issues and does not support issue preclusion"). This general rule suggests that issue preclusion is not applicable in the

present case, as the state court action was dismissed as a discovery sanction for Capital One's failure to comply with the court's discovery order. There is no indication in the record that the state court actually adjudicated or made any findings with respect to the issue of the debt's validity.[3]

Dawe notes, however, that a few circuits have departed from this general rule and applied issue preclusion to default judgments in the context of bankruptcy dischargeability proceedings. *See, e.g., In re Bush*, 62 F.3d 1319, 1324 (11th Cir. 1995) (applying issue preclusion to prior default judgment against debtor where debtor "actively participated" in litigation for almost one year); *Matter of Gober*, 100 F.3d 1195, 1205 (5th Cir. 1996) (holding that issue preclusion applied where default was issued as a discovery sanction against debtor after two years of litigation); *In re Daily*, 47 F.3d 365, 368-69 (9th Cir. 1995) (applying issue preclusion to default judgment after debtor actively and obstructively participated in litigation for two years). Dawe urges the court to apply this exception in the present case.

In *Treglia v. MacDonald*, the Massachusetts Supreme Judicial Court considered the question of "the preclusive effect of a default judgment obtained in the Superior Court in a subsequent bankruptcy proceeding." *Treglia*, 430 Mass at 237. There, the SJC reaffirmed the general rule "that preclusive effect should not be given to issues or claims that were not actually

---

[3] At an earlier stage of this litigation, Dawe appeared to argue that because an involuntary judgment of dismissal "operates as an adjudication upon the merits" pursuant to Mass. R. Civ. P. 41(b)(3), the state court's judgment should be treated as a determination of the rights and obligations of the parties on the underlying claims. He no longer appears to be advancing this position. In any event, it is clear that an "adjudication upon the merits" is not synonymous with the actual litigation and determination of the facts of a case. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001) (holding that "adjudication upon the merits" under the federal counterpart to Mass. R. Civ. P. 41(b)(3) simply means the action was dismissed with, rather than without, prejudice); *Jarosz v. Palmer*, 436 Mass. 526, 536 (2002) (holding that a dismissal with prejudice does not constitute a valid and final judgment for purposes of issue preclusion).

7

litigated in a prior action." *Id.* at 241. The court cautioned, however, that it might be willing to depart from this general rule in appropriate circumstances. *Id.* at 242-43. Though it did not specify the circumstances, it noted that it could "envision circumstances in which a litigant may so utilize our court system in pretrial procedures, but nonetheless be defaulted for some reason, that the principle and rationale behind collateral estoppel would apply." *Id.* at 242.

The Court declines to depart in this case from the general rule. The courts that have applied issue preclusion to default judgments have all shared a common pattern: "[a] penalty default was entered as a discovery sanction against a defendant sued for fraud. The defendant then sought to discharge the judgment in bankruptcy." *See* 18A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 4440, at 212 (2002). This willingness to apply issue preclusion to default judgments in these cases "may be justified by the peculiar concerns of bankruptcy administration and procedural control described in the opinions." *Id.* Also common to these cases is the fact that the default judgment was entered in response to egregious "abuse of the judicial process." *In re Bush*, 62 F.3d at 1324.

Because the present case does not present the same or similar circumstances, the Court is unwilling to depart from the general rule that issue preclusion does not apply to default judgments or penalty dismissals. Accordingly, issue preclusion does not bar Capital One from raising the issue of the debt's continuing validity in the present action.

### C. <u>Extinguishment of the Underlying Debt</u>

There remains, finally, the question whether the absence of a judicial remedy operates to extinguish the underlying debt obligation for all purposes. Although the question appears to be one of first impression, courts have considered the analogous context of a debt that is time-barred

by a statute of limitations. For example, in *Freyermuth v. Credit Bureau Serv., Inc.*, the Eighth Circuit found no violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, where a creditor attempted to collect on a potentially time-barred debt. *Freyermuth v. Credit Bureau Serv., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). A number of other courts have similarly held that while the statute of limitations may eliminate a judicial remedy, it does not extinguish the underlying indebtedness. *See, e.g.*, *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000); *Johnson v. Capital One Bank*, No. Civ. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000). Applying this reasoning in the present context, the Court holds that the state court dismissal – though it may deprive Capital One of a judicial mechanism for recovering the loan – does not erase Dawe's underlying indebtedness.

## IV.   Conclusion

Capital One's summary judgment motion did not actually seek judgment in its favor as to any particular count of the complaint. Rather than attempting to ascertain such effect, the Court simply holds that the doctrines of claim preclusion and issue preclusion do not bar Capital One from raising the debt's validity as a factual defense in this action, and that the state court dismissal did not extinguish the underlying indebtedness as a matter of law. The parties will be given a period of additional time to address the issue of the effect of those rulings upon the claims in this case.

Accordingly, and for the foregoing reasons:

1. Defendant Capital One Bank may file a further motion and memorandum seeking full or partial summary judgment on or before October 25, 2006, and plaintiff Michael Dawe may file any responsive pleadings on or before November 8, 2006;

2. The motion of defendant Capital One Bank for partial summary judgment is DENIED without prejudice subject to its renewal in accordance with the foregoing schedule.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 4, 2006