UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION (WORCESTER)

| | |
|---|---|
| MICHAEL DAWE | \| |
|     Plaintiff, | \| |
| V. | \|   CASE NO. 04-40192 FDS |
| | \| |
| CAPITAL ONE BANK | \| |
|     Defendant. | \| |

**MEMORANDUM OF LAW IN SUPPORT OF
CAPITAL ONE BANK'S MOTION FOR
<u>SUMMARY JUDGMENT ON ALL CLAIMS</u>**

Defendant Capital One Bank ("Capital One") has moved for summary judgment on all of the plaintiff's claims, every one of which is based solely on his contention that Capital One wrongfully reported to consumer credit agencies, and continued to attempt to collect, a debt after a collection action on the debt was dismissed by the Worcester District Court. The plaintiff has asserted in his complaint and in his opposition to Capital One's motion for partial summary judgment that the state court dismissal, which was entered on the plaintiff's motion to dismiss that case as a discovery sanction, extinguished the underlying debt as a matter of law, and that Capital One therefore could not lawfully report the debt or attempt to collect it, even through non-judicial means. However, the plaintiff's position was soundly rejected by the Court in its decision on Capital One's motion for partial summary judgment[1] in which the Court held that "the state court dismissal – though it may deprive Capital One of a judicial mechanism for

---

[1] By agreement and with the Court's indulgence, the parties agreed to hold off on further discovery and to proceed with the filing of a motion for partial summary judgment in an effort to resolve the fundamental legal issues in this case, in the hope that resolution of these issues would allow the parties to end this lawsuit without further discovery or trial. It appears, however, that the plaintiff is intent on appealing the Court's decision on Capital One's motion for partial summary judgment, so Capital One is moving forward with summary judgment in accordance with the Court's order. If Capital One's motion

recovering the loan – does not erase Dawe's underlying debt." Memorandum and Order on Defendant's Motion for Partial Summary Judgment at p. 9.[2]

Insofar as (A) the only claimed basis for each and every count in the plaintiff's complaint is that the state court dismissal extinguished the underlying debt and that it therefore was wrongful for Capital One to continue, after the dismissal, to report the debt to consumer credit agencies and to attempt to collect it, and (B) the Court has ruled that the state court dismissal did not extinguish the debt as a matter of law, all of the plaintiff's claims against Capital One must fail as a matter of law.  Accordingly, summary judgment is appropriate on all claims.

## Statement of Undisputed Material Facts

In September 2000, Capital One made a loan to Mr. Dawe based on a credit agreement that he signed and delivered to Capital One.  Affidavit of Karen Stieffel ("Stieffel Affidavit"), ¶¶ 2-4.[3]  Mr. Dawe made the required monthly payments to Capital One from October 2000 through March 2002, and made a payment of $10.00 to Capital One on April 2002.  Stieffel Affidavit, ¶¶ 5-6.  After April 2002, Capital One never received any further payments from Mr. Dawe.  Stieffel Affidavit, ¶ 7.  In December 2002, Capital One commenced an action in Worcester District Court (the "State Court Action") to collect the debt that Mr. Dawe owed Capital One.  Complaint, ¶¶ 10-11.  On June 10, 2003, the State Court Action was dismissed on Mr. Dawe's motion based on a perceived failure by Capital One to provide complete answers to his interrogatories and Mr. Dawe's counterclaim against Capital One was voluntarily dismissed.

---

is denied, Capital One requests that the Court schedule a conference to establish a schedule for completing discovery, motions and other pre-trial matters.
   [2] In its decision on Capital One's motion for partial summary judgment, the Court also held that the doctrines of claim preclusion and issue preclusion do not bar Capital One from raising the issue of the validity of the underlying debt as a defense in this case.
   [3] The Stieffel Affidavit is filed herewith.

Complaint, ¶¶ 12-14; Plaintiff's Responses to Defendant's Requests for Admissions ("Plaintiff's Admissions"), ¶ 54-56.[4]

Subsequently, a few attempts were made by a collection agency retained by Capital One to contact Dawe and a number of letters were sent to him, in one case requesting that he pay the amount he owed to Capital One and in another case offering to substantially reduce the amount of the debt in exchange for payment of the reduced amount. *See* Complaint, ¶¶ 19-20 and exhibits referenced therein.[5] However, Capital One never commenced another collection action against Mr. Dawe in state or federal court after the State Court Action was dismissed. In addition, in April 2004, in response to a letter from Mr. Dawe, Capital One advised Dawe in writing that it had "discontinued collection efforts which should prevent the receipt of additional calls or letters intended for the purpose of debt collection," but reminded him that he continued to owe Capital One the amount of $16,032.46. *See* Complaint, ¶ 17 and exhibit referenced therein. At the present time, the outstanding balance of the plaintiff's Capital One loan account is approximately $19,700. Stieffel Affidavit, ¶ 8.

The plaintiff commenced this action in September 2004. In his complaint, Mr. Dawe asserted claims against Capital One for intentional and negligent violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-16812(u) ("FCRA");[6] as well as state law claims under Mass. Gen. Laws Chapter 93A and for negligent and intentional infliction of emotional distress, negligence and defamation. As set forth in the complaint, and as further described in the

---

[4] A true and accurate copy of Plaintiff's Admissions is attached to the Affidavit of Counsel filed herewith.

[5] Exhibits attached to the plaintiff's complaint are not numbered but are attached to the complaint in the order in which they are referenced therein.

[6] In short, plaintiff's FCRA claim is that Capital One, as a furnisher of consumer information within the meaning of §1681s-2(b), was required to cause information about the plaintiff's debt to be deleted from his credit history because, according to the plaintiff, the debt was extinguished by the dismissal of the state court action. *See, e.g.*, Complaint, ¶¶ 31, 52, 56.

3

plaintiff's responses to Capital One's discovery requests and herein, all of the claims are based upon Capital One's refusal to delete Mr. Dawe's debt to Capital One from his credit history, and its "allegation that Mr. Dawe owes a debt and [Capital One's] attempts to collect on the alleged debt." Plaintiff's Responses to Defendant's First Set of Interrogatories ("P's Interrogatory Answers"), ¶¶ 4, 6-13;[7] Complaint, ¶ 31; *see also* Complaint, ¶¶ 40-41 and exhibit referenced therein.[8]

**ARGUMENT**

I.  **SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT AND CAPITAL ONE IS ENTITLED TO JUDGMENT IN ITS FAVOR AS A MATTER OF LAW**.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits … show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is genuine where "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Velez-Rivera v. Agosto-Alicea,* 437 F.3d 145, 150 (1st Cir. 2006) (quotation omitted). A fact is "material" where it "has the potential to alter the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." *Smith v. F.W. Morse & Co.,* 76 F.3d 413, 428 (1st Cir. 1996). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

---

[7] A true and accurate copy of P's Interrogatory Answers is attached to the Affidavit of Counsel filed herewith.

[8] In discovery, the plaintiff refused to answer any interrogatories or respond to requests for admissions pertaining to his debt to Capital One. *See* Affidavit of Counsel filed herewith. In connection with Capital One's motion to compel, Magistrate Judge Swartwood ordered the plaintiff to answer interrogatories pertaining to the debt. If the Court allows Capital One's motion for summary judgment on

4

While the moving party bears the initial burden of showing that no genuine issues of material fact exist, the burden then "shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." *Sands v. Ridefilm Corp.,* 212 F.3d 657, 661 (1st Cir. 2001) (quotation omitted). "Neither party may rely on conclusory allegations or unsubstantiated denials ⋯ to demonstrate either the existence or absence of an issue of fact." *Kiman v. NH Dep't of Corr.,* 451 F.3d 274, 282 (1st Cir.2006). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**II.    IN LIGHT OF THE COURT'S RULING THAT THE DISMISSAL OF THE STATE COURT COLLECTION ACTION DID NOT EXTINGUISH THE PLAINTIFF'S DEBT, CAPITAL ONE WAS ENTITLED TO REPORT THE DEBT AND ATTEMPT TO COLLECT IT AND THEREFORE ALL OF HIS FEDERAL AND STATE CLAIMS FAIL AS A MATTER OF LAW**.

Given the Court's ruling that the plaintiff's debt to Capital One was not extinguished by the dismissal of the State Court Action, all of the plaintiff's claims fail as a matter of law because his claims all are based solely upon the plaintiff's contrary contention that the dismissal of the State Court Action eliminated the debt, thereby making it wrongful to continue to collect the debt or report it to consumer credit reporting agencies. Moreover, in light of the Court's determination that the debt survived the dismissal of the State Court Action, the plaintiff cannot satisfy his burden of proof on any of his federal or state law claims.

---

all claims, supplementation of the plaintiff's responses to Capital One's discovery requests will, of course, be unnecessary.

> **A.    Since The Plaintiff's Debt To Capital One Survived The Dismissal Of The State Court Action, It Was Not Wrongful For Capital One To Report The Debt To Consumer Credit Agencies Or To Attempt To Collect It By Non-Judicial Means and Therefore All of the Plaintiff's Claims Fail .**

In the complaint, Dawe alleged that Capital One "continued to allege that Mr. Dawe owed the debt and continued its attempts to collect from Mr. Dawe" after the state court action to collect the debt was dismissed.  Complaint, ¶ 16.  In support of this allegation, Dawe asserted that (i) : after the state court action was dismissed Capital One sent the plaintiff's account to a debt collector; (ii) the debt collector sent two collection letters to the plaintiff; (iii) the plaintiff's credit report continued to show the debt; and (iv) Capital One confirmed the debt with the credit bureaus after the plaintiff disputed the credit reports.  Complaint, ¶¶ 17-30.  According to the complaint, these "acts or omissions," and only these, are the basis for each count in his complaint.  Complaint, ¶¶ 33, 36, 39, 46, 49, 52-53, 56.  In addition, the plaintiff claimed in the complaint that he suffered damages "as a consequence of Defendant's continued attempts to collect and Defendant's failure to remove the wrong information from his consumer report."  Complaint, ¶ 31.  The plaintiff did not allege in the complaint any other conduct by Capital One that he asserted was wrongful.

In discovery, Capital One attempted to confirm with precision the basis in fact for the plaintiff's claims against Capital One.  Thus, in interrogatories the plaintiff was asked to state the basis for the allegations in the complaint that Capital One had violated federal and state statutory and common law, and in response he identified the same "acts and omissions" asserted in the complaint – to wit, continuing to report his debt to consumer credit reporting agencies and continuing to attempt to collect the debt after the dismissal of the state court action.  For example, when asked to state the basis for the allegation in paragraph 31 of the complaint that

6

Capital One failed "to remove the wrong information from his consumer report," the plaintiff stated that:

> The appearance of Defendant's entry for the alleged debt on Mr. Dawe's credit reports – after the judgment in favor of Mr. Dawe and Mr. Dawe's written dispute – is a violation of statute and common law.

P's Interrogatory Answers, No. 4. With respect to each count of the complaint, the plaintiff's stated basis for the allegations of violations of statutory or common law was essentially the same:

| *Count* | *Plaintiff's Stated Basis for the Claim* |
|---|---|
| **I – Intentional Violation of FCRA** | "Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a willful violation of the FCRA." *P's Interrogatory Answers, ¶ 6.* |
| **II – Negligent Violation of FCRA** | "Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a negligent violation of the FCRA." *P's Interrogatory Answers, ¶ 7.* |
| **III – Chapter 93A** | "Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt – after Mr. Dawe won a judgment in court – are unfair, deceptive and unconscionable." *P's Interrogatory Answers, ¶ 8.*<br><br>"If Defendant has any case law or statute – particularly any Massachusetts case law or statute – that holds a creditor can continue to attempt to collect on a debt after adjudication on the merits – and that such attempts are not unfair, deceptive or unconscionable – then please forward such citations to Mr. Dawe's counsel immediately!" *P's Interrogatory Answers, ¶ 9.* |
| **IV – Negligent Infliction of Severe Emotional Distress** | "Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt – after Mr. Dawe won a judgment in court – are negligent and have caused Mr. Dawe severe emotional distress." *P's Interrogatory Answers, ¶ 10.* |

| | |
|---|---|
| **V – Intentional Infliction of Severe Emotional Distress** | "Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt – after Mr. Dawe won a judgment in court – are intentional or grossly negligent and have caused Mr. Dawe severe emotional distress."  *P's Interrogatory Answers, ¶ 11.* |
| **VI – Negligence** | "Mr. Dawe states that, based upon the court judgment favorable to Mr. Dawe, Defendant has a duty to stop telling third parties that Mr. Dawe owes the alleged debt. Defendant's allegations that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt are negligent and have caused Mr. Dawe harm."  *P's Interrogatory Answers, ¶ 12.* |
| **VII – Defamation** | "Mr. Dawe states that Defendant's allegations that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt – after Mr. Dawe won a judgment in court – are untrue public statements meant to harm Mr. Dawe in the eyes of others."  *P's Interrogatory Answers, ¶ 13.* |

Nowhere in the complaint, in any response to a discovery request, or in any paper filed with the court in connection with either Capital One's motion to compel interrogatory answers or Capital One's motion for partial summary judgment has the plaintiff ever asserted any factual basis for any of his claims other than the allegations in the complaint that Capital One continued after the dismissal of the state court action to report the plaintiff's debt and to attempt to collect it through non-judicial means.   In fact, in the letter identified in the complaint as a Mass. Gen. Laws Chapter 93A demand letter, the only allegations of wrongful conduct are that Capital One "continues … to allege that Mr. Dawe owes the debt" and that Capital One failed "to timely eliminate the negative information from Mr. Dawe's credit history."  Complaint, ¶¶ 40-41 and exhibit referenced therein.

Throughout this litigation, moreover, the only reason given by the plaintiff for his claim that these actions were wrongful and caused him harm was that the debt was extinguished by the dismissal of the state court action. *See, e.g.*, P's Interrogatory Answers, ¶¶ 6-13; Plaintiff's Admissions.   Given that the Court has now held that the dismissal of the state court action did <u>not</u> extinguish the plaintiff's debt as a matter of law, and given that it is undisputed that Mr. Dawe stopped making payments to Capital One in April 2002, there is – and can be - no dispute that (a) Mr. Dawe owes a debt to Capital One and (b) Capital One was not required -- after the dismissal of the state court action –to delete information about the debt that had been reported to consumer credit reporting agencies and (c) Capital One had the right to continue to report the delinquency and to attempt to collect the debt.   In short, because the sole premise of the plaintiff's claims has been invalidated, all of the claims must fail as a matter of law.

      **B.**      **THE PLAINTIFF CANNOT SATISFY HIS BURDEN OF PROOF ON ANY OF HIS FEDERAL OR STATE LAW CLAIMS.**

In light of the Court's determination that the plaintiff's undisputed debt to Capital One was not extinguished by the dismissal of the State Court Action, Capital One had the right to continue to report the debt to consumer credit reporting agencies and to attempt to collect the debt, and by doing so it did not violate either the FCRA, Chapter 93A or the plaintiff's common law rights.  Under the circumstances, therefore, the plaintiff cannot satisfy his burden of proof on any of his claims against Capital One as a matter of law.

          1.      <u>Fair Credit Reporting Act Claims</u>.

The plaintiff claims in Counts I and II of the complaint that Capital One either intentionally or negligently violated FCRA by failing to remove his debt from his credit history and by continuing to attempt to collect the debt.  Among other things, FCRA

9

prohibits a creditor from furnishing to consumer reporting agencies information that the creditor knows or consciously avoids knowing is inaccurate, or information that the consumer notifies the creditor is inaccurate and that is, in fact, in accurate. 15 U.S.C. § 1681s-2(a)(1). FCRA also requires furnishers of consumer credit information to notify consumer reporting agencies when the furnisher determines that information furnished to the agencies is not accurate. 15 U.S.C. § 1681s-2(a)(2).

In this case, the plaintiff contends that Capital One violated the federal statute by failing to delete his unpaid debt from his credit history after the State Court Action was dismissed because the debt was extinguished by the dismissal. In light of this Court's determination, contrary to the plaintiff's position, that the debt <u>survived</u> the dismissal, the plaintiff cannot prove that Capital One furnished any inaccurate information about his debt to Capital One, knowingly or otherwise.

      2.    <u>M.G.L. Chapter 93A Claim.</u>

The plaintiff claims in Count III of the complaint that Capital One violated M.G.L. chapter 93A by "failing to timely eliminate the negative information from Mr. Dawe's credit history." *See* Complaint, ¶ 41 and exhibit referenced therein. Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a). The Supreme Judicial Court recently reiterated that a practice or act is unfair under Chapter 93A, in a consumer context, only if it is (i) within the penumbra of a common law, statutory, or other established concept of unfairness or (ii) immoral, unethical, oppressive, or unscrupulous. *Morrison v. Toys "R" Us, Inc.*, 441 Mass. 451, 457 (2004); *see also PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975); *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass. 1, 27 (1997). Thus, in order for a challenged practice to be deemed unfair under

Chapter 93A, the plaintiff has the burden of proving that the practice violates a statute or regulation, or contravenes the common law or some established concept of fairness. In light of the Court's ruling that the plaintiff's debt to Capital One survived the dismissal of the state court action, Capital One was not legally obligated to eliminate negative information about the debt from his credit history. Accordingly, the plaintiff's claim under Chapter 93A fails as a matter of law and should be dismissed.

### 3. Emotional Distress Claims.

The plaintiff claims in Counts IV and V of the complaint that Capital One either intentionally or negligently caused him severe emotion distress by failing to remove his debt from his credit history and by continuing to attempt to collect the debt. In order to prevail on his claim of *intentional* infliction of emotional distress, the plaintiff must show that (1) the defendant intended to cause, or should have known that its conduct would cause, emotional distress; (2) the defendant's conduct was *extreme and outrageous*; (3) the defendant's conduct caused the plaintiff's distress; and (4) the plaintiff suffered severe distress of such a nature that no reasonable person could be expected to endure it. *Payton v. Abbott Labs,* 386 Mass. 540, 555 (1982), *citing Agis v. Howard Johnson Co.,* 371 Mass. 140, 145 (1976); *Conley v. Romeri,* 60 Mass.App.Ct. 799, 803 (2004). For conduct to be considered "extreme and outrageous," it must "be beyond all bounds of decency and ⋯ utterly intolerable in a civilized community. Liability cannot be founded upon mere insults, threats or annoyances." *Sena v. Commonwealth,* 417 Mass. 250, 263-64 (1994). In light of the Court's ruling that the plaintiff's debt to Capital One was not extinguished when the State Court Action was dismissed, there was nothing improper – let alone extreme or outrageous – about continuing to report the debt or attempting to

collect it through non-judicial means. Thus, his claim of intentional infliction of emotional distress also fails as a matter of law and should be dismissed.

Further, to succeed on the *negligent* infliction of emotional distress claim, the plaintiff must prove actual negligence by Capital One *and* that a reasonable person would have suffered emotional distress under the same circumstances.[9] *See Sullivan v. Boston Gas Co.,* 414 Mass. 129, 132 (1993); *Payton v. Abbott Labs,* 386 Mass. 540, 557-58 (1982). A successful claim for negligent infliction of emotional distress "must do more than allege mere upset, dismay, humiliation, grief and anger." *Sullivan v. Boston Gas Co.,* 414 Mass. at 137. Again, in light of the Court's ruling on Capital One's motion for partial summary judgment, there is no evidence to support a claim that Capital One was negligent in continuing to report the debt or attempting to collect it. In addition, the plaintiff cannot prove, as he must in order to prevail on this claim, that "a reasonable person" would have suffered actionable emotional distress as a result of Capital One doing that which it had a legal right to do – continue to report the debt to consumer credit reporting agencies and to continue to attempt to collect the debt other than by means of a collection action, Accordingly, the plaintiff's claim for negligent inflectional of emotional distress also fails as a matter of law and should be dismissed.

    4.    <u>Negligence Claim.</u>

The plaintiff claims in Count VI of the complaint that Capital One had "duties to stop collection attempts and to repair Plaintiff's consumer report," and that Capital One breached these duties. In light of the Court's determination that the plaintiff's debt to Capital One survived dismissal of the State Court Action, Capital One had a legal right to

---

[9] Among other things, the plaintiff also must prove physical harm manifested by objective symptomatology. *Sullivan v. Boston Gas Co.,* 414 Mass. 129, 132 (1993).

continue to attempt to collect the debt through non-judicial means,[10] and it had no duty to discontinue those efforts or to "repair" the plaintiff's credit history.  As there is no basis in fact to support the plaintiff's negligence claim against Capital One, the claim must fail as a matter of law and should be dismissed.

        5.    <u>Defamation Claim.</u>

The plaintiff claims in Count VII of the complaint that Capital One defamed him by reporting his debt to consumer credit reporting agencies.  Defamation involves the unprivileged publication to a third party of a false statement concerning another that exposes its subject to ridicule or contempt.  *See White v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66 (2004); *Draghetti v. Chmielewski,* 416 Mass. 808, 812 (1994).  Insofar as the Court has held that the debt reported by Capital One to consumer credit reporting agencies was not extinguished by the dismissal of the State Court Action and it is undisputed that the plaintiff owed the debt to Capital One, the plaintiff cannot prove that Capital One published a false statement about him.  Accordingly, plaintiff's defamation claim fails as a matter of law and should be dismissed along with all of the plaintiff's other claims.

---

[10] It is undisputed that Capital One never commenced a collection action against Dawe after the State Court Action was dismissed.

13

**Conclusion**

For the foregoing reasons, Capital One's motion for summary judgment on all counts of the Complaint should be granted.

                                    **CAPITAL ONE BANK**

                                    By its attorney,

                                    _____/s/ Bruce D. Berns_____
                                    Bruce D. Berns (BBO# 551010)
                                    Abendroth Berns & Warner LLC
                                    47 Church Street, Suite 301
                                    Wellesley, MA 02482
                                    (781) 237-9188
                                    E-mail:  Lawyers@ABWLLC.com

Date:   October 25, 2006