**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                  :    No. 04-40192-FDS
    Plaintiff         :
                      :
    v.                :
                      :
CAPITAL ONE BANK,              :
    Defendants        :

---

Plaintiff's Responses to Defendant's Requests for Admission

---

### Repeated Objection

In fifty-three of its fifty-six requests, Defendant focuses on the former alleged debt, an issue that is not calculated to lead to admissible evidence. Since this objection would be repeated constantly and consistently, the text is provided once:

"Objection. How many times must Mr. Dawe defend himself against the alleged debt, and why should the United States District Court for the District of Massachusetts be turned into a collection forum? Defendant submitted to the jurisdiction of the state court and had the chance to litigate the question. The state court rendered judgment in favor of Mr. Dawe. Consequently, whether or not Mr. Dawe owed the alleged debt prior to the date the suit was filed, December 17, 2002, is beyond the scope.

"In addition, pursuant to revised Rule 26(b)(1), Defendant fails to set forth any defense that would allow it to pursue whether or not the alleged debt was valid. Defendant's requests are beyond the scope of the pleadings.

"Finally, Defendant refuses to provide any documents or information prior to the June 10, 2002, judgment:

'Capital One objects to this interrogatory on the ground that [sic -it] is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it includes any time period prior to the date of dismissal of the state court action referred to in the complaint.'

"Defendant's objection is diametrically opposed to the position taken in its requests for admission. Either Defendant's objections or Defendant's requests are proffered in bad faith."


The above will be referred to in the responses below as "Mr. Dawe's Specified Objection" and shall be as if set forth in full.

1. The document attached hereto as Exhibit A is true and accurate copy of a "10.9% Acceptance Certificate" (the "Acceptance Certificate") sent by Capital One to you at your home address at 744 Wheelwright Road, Barre, Massachusetts.
    Response: Mr. Dawe's Specified Objection.

2. You received the acceptance Certificate from Capital One.
    Response: Mr. Dawe's Specified Objection.

3. The handwriting on the Acceptance Certificate was made by you.
    Response: Mr. Dawe's Specified Objection.

4. The Social Security Number written on the Acceptance Certificate is your Social Security Number.
    Response: Mr. Dawe's Specified Objection.

5. You signed the Acceptance Certificate.
Response: Mr. Dawe's Specified Objection.

6. You returned the Acceptance Certificate to Capital One.
Response: Mr. Dawe's Specified Objection.

7. You returned the Acceptance Certificate to Capital One prior to September 22, 2000.
Response: Mr. Dawe's Specified Objection.

8. By signing the Acceptance Certificate and returning it to Capital One, you requested that Capital One make a loan to you in the amount of $15,381.00.
Response: Mr. Dawe's Specified Objection.

9. The document attached hereto as Exhibit B is a true and accurate copy of the Federal Disclosure Statement and Loan Agreement (the "Disclosure") enclosed with the Acceptance Certificate that you received from Capital One.
Response: Mr. Dawe's Specified Objection.

10. By signing the Acceptance Certificate, you acknowledged reading the disclosure.
Response: Mr. Dawe's Specified Objection.

11. By signing the Acceptance Certificate, you agreed to be bound by the Disclosure.
Response: Mr. Dawe's Specified Objection.

12. The document attached hereto as Exhibit C contains in the upper two-thirds of the page a true and accurate copy of a check in the amount of $15,381 issued by Capital One payable to you (the Account Opening Check"). [sic]
Response: Mr. Dawe's Specified Objection.

13. The Account Opening Check was sent to you by Capital One after you delivered the Acceptance Certificate to Capital One.
   Response: Mr. Dawe's Specified Objection.

14. You received the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

15. You received the Account Opening Check between September 22, 2000 and September 29, 2000.
   Response: Mr. Dawe's Specified Objection.

16. You endorsed the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

17. The signature on the back of the Account Opening Check is yours.
   Response: Mr. Dawe's Specified Objection.

18. You deposited the Account Opening Check into an account at Country Bank.
   Response: Mr. Dawe's Specified Objection.

19. You received the proceeds of the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

20. You used the proceeds of the Account Opening Check.
   Response: Mr. Dawe's Specified Objection.

21. You used the proceeds of the Account Opening Check to pay debts that you owed to persons or entities other than Capital One.
   Response: Mr. Dawe's Specified Objection.

22. You received $15,381.00 from Capital One on or after September 22, 2000.
   Response: Mr. Dawe's Specified Objection.

23. By signing the Acceptance Certificate and accepting the proceeds of the Account Opening Check, you agreed to repay Capital One $15,381 plus interest.
Response: Mr. Dawe's Specified Objection.

24. The document attached hereto as Exhibit D is a true and accurate copy of the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000.
Response: Mr. Dawe's Specified Objection.

25. You received the document attached hereto as Exhibit D.
Response: Mr. Dawe's Specified Objection.

26. The monthly account statement for your loan account with Capital One for the period August 27, 2000 through September 26, 2000, reflected a total new balance of $15,381.00 and an amount due of $262.55.
Response: Mr. Dawe's Specified Objection.

27. You paid $262.55 to Capital One on or about October 10, 2000.
Response: Mr. Dawe's Specified Objection.

28. The document attached hereto as Exhibit E is a true and accurate copy of the payment stub from the monthly account statement for your loan account with Capital One for the period of August 27, 2000 through September 26, 2000, with the amount $262.55 handwritten thereon by you.
Response: Mr. Dawe's Specified Objection.

29. The document attached hereto as Exhibit F is a true and accurate copy of a check that you sent to Capital One in the amount of $262.55 drawn on your checking account at Country Bank.

Response: Mr. Dawe's Specified Objection.

30. The check that appears in the document attached hereto as Exhibit F was sent to Capital One with the payment stub that appears in the document attached hereto as Exhibit D.
Response: Mr. Dawe's Specified Objection.

31. The signature on the check that appears in the document attached hereto as Exhibit F is your signature.
Response: Mr. Dawe's Specified Objection.

32. The documents attached hereto as Exhibit G are true and accurate copies of the monthly account statements for your loan account with Capital One for the monthly periods from September 27, 2000 through August 26, 2002.
Response: Mr. Dawe's Specified Objection.

33. You received the documents attached hereto as Exhibit G.
Response: Mr. Dawe's Specified Objection.

34. For each of the monthly periods beginning August 26, 2000 and ending February 26, 2002, you sent a payment to Capital One in the amount of $262.55.
Response: Mr. Dawe's Specified Objection.

35. The documents attached hereto as Exhibit H are true and accurate copies of payment stubs and checks that you sent to Capital One.
Response: Mr. Dawe's Specified Objection.

36. All of the checks that you sent to Capital One were drawn on an paid from your checking account at Country Bank.
Response: Mr. Dawe's Specified Objection.

37. The signatures on the checks that appear in the documents attached hereto as Exhibit H are your signatures.

Response: Mr. Dawe's Specified Objection.

38. As of March 26, 2002, the total new balance of your loan account with Capital One was $12,960.66.
Response: Mr. Dawe's Specified Objection.

39. The documents attached hereto as Exhibit I are true and accurate copies of a payment stub and check that you sent to Capital One on or about April 23, 2002.
Response: Mr. Dawe's Specified Objection.

40. The check that you sent to Capital One for the payment due on April 21, 2002, was for $10.00.
Response: Mr. Dawe's Specified Objection.

41. Capital One did not accept your payment of $10.00 on or about April 23, 2002, as full and final payment of the principal and interest due on your loan account with Capital One.
Response: Mr. Dawe's Specified Objection.

42. The minimum amount due on your loan account with Capital One on April 21, 2002, was $262.55.
Response: Mr. Dawe's Specified Objection.

43. You made no payments to Capital One in connection with your loan account with Capital One after April 23, 2002.
Response: Mr. Dawe's Specified Objection.

44. The document attached hereto as Exhibit J is a true and accurate copy of a letter dated April 23, 2002, that you sent to Capital One along with the payment stub and check attached hereto as Exhibit I.
Response: Mr. Dawe's Specified Objection.

45. The document attached hereto as Exhibit K is a true and accurate copy of a letter from Capital One to you dated May 8,

2002.
   Response: Mr. Dawe's Specified Objection.

   46. The document attached hereto as Exhibit K was a response to your letter to Capital One dated April 23, 2002, a copy of which is attached hereto as Exhibit J.
   Response: Mr. Dawe's Specified Objection.

   47. As of May 8, 2002, the balance of your loan account with Capital One was $13,079.95.
   Response: Mr. Dawe's Specified Objection.

   48. The document attached hereto as Exhibit L is a true and accurate copy of a portion of a letter that you sent to Capital One on or about June 7, 2002.
   Response: Mr. Dawe's Specified Objection.

   49. The document attached hereto as Exhibit M is a true and accurate copy of a letter from Capital One to you dated June 20, 2002.
   Response: Mr. Dawe's Specified Objection.

   50. The document attached hereto as Exhibit M was sent to you in response to the letter from you to Capital One attached hereto as Exhibit L.
   Response: Mr. Dawe's Specified Objection.

   51. You received the document attached hereto as Exhibit M.
   Response: Mr. Dawe's Specified Objection.

   52. You received with the document attached hereto as Exhibit M a copy of the Acceptance Certificate.
   Response: Mr. Dawe's Specified Objection.

   53. You received with the document attached hereto as Exhibit M a copy of the monthly account statements for your loan account

with Capital One for the monthly periods from March 2002 to May 2002.

Response: Mr. Dawe's Specified Objection.

54. On June 9, 2002, you stipulated to the dismissal of your counterclaims in the Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

Response: Admitted in part. The stipulation was to a voluntary dismissal of the counterclaims, which the court entered.

55. On June 9, 2002, you voluntarily dismissed your counterclaims in the Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639.

Response: Admitted in part. The parties stipulated to a voluntary dismissal of the counterclaims, which the court entered.

56. The Worcester District Court matter entitled *Capital One Bank v. Michael J. Dawe*, Docket No. 0262CV2639, was dismissed by the court in response to your motion to dismiss based upon Capital One's failure to comply with a discovery order.

Response: Admitted in part. The case was not just dismissed -- <u>judgment</u> was entered in favor of Mr. Dawe.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

Certificate of Service

I certify that a copy of the foregoing Plaintiff's Responses to Defendant's Requests for Admission has been served by United States Mail, postage prepaid, upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 2d day of June, 2005.

_____
Jason David Fregeau, Esq.

**EXHIBIT B**

Case 4:04-cv-40192-FDS    Document 38-2    Filed 10/25/2006    Page 12 of 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                 :         No. 04-40192-FDS
    Plaintiff             :
                          :
v.                            :
                          :
CAPITAL ONE BANK,             :
    Defendants            :

Plaintiff's Responses to Defendant's First Set of Interrogatories

Responses

1. Please state in detail any persons that you expect to call as expert witnesses at trial, and please state in detail as to each such person:

    a. the person's identity, including name, address, profession or occupation, employment history, experience, knowledge, education, training and background;

    b. the subject matter on which the person is expected to testify;

    c. the substance of the facts and opinion to which the person is expected to testify;

    d. a summary of the grounds of each opinion;

    e. the facts relied upon in forming each opinion and/or conclusion;

    f. a complete list of all published articles, books, studies or other works authored, in whole or in part, by such witness;

    g. a complete list of all cases involving rollovers and/or automatic shoulder restraints in which such person has produced a report, been deposed an/or testified in the past four years; and

page 1

    h. a complete bibliography of books, treatises, articles and other works which such witness regards as authoritative on the subject on which he/she will testify.

    Response: Objection. Mr. Dawe is confused by Defendant's reference to "all cases involving rollovers and/or automatic shoulder restraints". Mr. Dawe will assume that this phrase is a typographical error.

    Subject to this objection and without waiving any objection, Mr. Dawe states that he does not intend to call an expert witness except in rebuttal any expert proffered by Defendant.

    2. Please describe with particularity each and every item of damages, of every nature and kind whatsoever, that you claim you suffered as a result of the defendant's actions or failures to act, stating as to each such item the amount of damages and the methodology used to calculate or determine such amount.

    Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states:

    Sleeplessness
    Increased smoking to two packs a day
    Relationship problems at former employment
    Stays to himself; rarely sees friends or family
    Decreased activity
        Used to golf three times a week, now never
        Used to garden every day, now never
        Weekends in Maine
    Distracted from necessary activities
        Did not medicate his bees and lost his hives
        Did not spray his apple trees and lost those as well
    Loss of appetite/inconsistent eating
    Headaches (aspirin & Tylenol)
    Dry heaves in the morning
    Depression, sadness

    3. Identify each and every person known by you to have any knowledge or information concerning the subject matter of the

Complaint and, as to each such person, describe the knowledge or information possessed by such person.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states these individuals have observations about Mr. Dawe's distress:

Bob Clementa, former Shop Supervisor
Jimmy Hall, friend
Barry Bouttele, friend
Ronny Gagne, friend
Ronny Thibault, friend
Ed Langillier, neighbor
Ralph Morrison, neighbor

4. Please state the basis for the allegation in paragraph 31 of the Complaint that Capital One failed "to remove the wrong information from his consumer report," including in your answer a detailed description of the information that your [sic] contend is or was "wrong."

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that the appearance of Defendant's entry for the alleged debt on Mr. Dawe's credit reports -- after the judgment in favor of Mr. Dawe and Mr. Dawe's written dispute -- is a violation of statute and common law.

5. Please state the basis for your claim that you suffered economic loss, loss of self-esteem and peace of mind, emotional distress, humiliation and embarrassment as alleged in paragraph 31 of the Complaint, describing with particularity each element of alleged damages and each and every act or omission by Capital One that you contend caused such economic loss, loss of self-esteem and peace of mind, emotional distress, humiliation and embarrassment.

Response: Objection. Asked and answered. See Response to Question 2.

6. Please state the basis for the allegation in paragraph 33 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a willful violation of the FCRA.

7. Please state the basis for the allegation in paragraph 36 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's explicit refusal to delete incorrect information from his credit history constitutes a negligent violation of the FCRA.

8. Please state the basis for the allegation in paragraph 39 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are unfair, deceptive, and unconscionable.

9. Please state whether you claim that Capital One is liable to you for continuing to attempt to collect a debt despite the dismissal of the Worcester District Court action referred to in paragraph 10 of the complaint and, if so, state the basis for the claim.

Response: Bingo! Defendant does understand! If Defendant has any case law or statute -- particularly any Massachusetts case law or statute -- that holds a creditor can continue to attempt to collect on a debt after adjudication on the merits -- and that such attempts are not unfair, deceptive, or unconscionable -- then please forward such citations to Mr. Dawe's counsel immediately!

10. Please state the basis for the allegation set forth in

paragraph 46 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are negligent and have caused Mr. Dawe severe emotional distress.

11. Please state the basis for the allegation set forth in paragraph 49 of the Complaint.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are intentional or grossly negligent and have caused Mr. Dawe severe emotional distress.

121 [sic - 12]. Please state the basis for your claims in paragraphs 52 and 53 of the Complaint that Capital One had "duties to stop collection attempts and to repair Plaintiff's consumer report" and that Capital One breached said duties.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that, based upon the court judgment favorable to Mr. Dawe, Defendant has a duty to stop telling third parties that Mr. Dawe owes the alleged debt. Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to collect on the alleged debt are negligent and have caused Mr. Dawe harm.

13. Please state the basis for the allegations set forth in paragraph 56 of the Complaint, including an explanation why entries on your credit history reflecting amounts owed to Capital One constitute defamation.

Response: Subject to further detailed explanation at deposition or at trial, Mr. Dawe states that Defendant's allegation that Mr. Dawe owes a debt and Defendant's attempts to

page 5

collect on the alleged debt -- after Mr. Dawe won a judgment in court -- are untrue public statements meant to harm Mr. Dawe in the eyes of others.

14. Please state whether you received a check from Capital One in September 2000 in the amount of $15,381.00 and, if so, what you did with the check and the proceeds of the check.
Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

15. Please state whether you claim that you are not responsible or liable to Capital One for any amounts in connection with a personal loan account with Capital One numbered 781260-1777706746 standing in the name of "Michael J. Dawe," and, if so, state the basis for your claim, including each and every reason that you claim you are not responsible or liable therefor.
Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim. As of the date of the judgment, there can be no dispute that Mr. Dawe <u>does not</u> owe the alleged debt.

16. Please state the basis for the claim in your letter of May 23, 2002 to Capital One that you deposited $15,000 with Capital One on the commencement of account 781260-1777706746.
Response: Objection. Whether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim.

17. Please describe with particularity each and every communication between you or anyone acting on your behalf with any agent or representative of Capital One, including as to each

page 6

such communication the nature of the communication (writing, telephone, meeting), the date on which the communication took place, the persons present at the time of the communication, the place the communication took place, and the substance of the communication.

Response: Objection. Requires a narrative response best suited for deposition. In addition, this question is prohibitively multi-part.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

### Certificate of Service

I certify that a copy of the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories has been served by United States Mail, postage prepaid, upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 26th day of May, 2005.

Jason David Fregeau, Esq.

# AFFIDAVIT

State of Massachusetts
County of Worcester      , SS:

Michael Dawe being first duly sworn upon oath, deposes and says:

1. I am making this affidavit based upon personal knowledge, and I am competent to testify in the matters stated. I am Plaintiff in Dawe v. Capital One Bank, No. 04-40192-FDS.
2. Plaintiff's answers to Defendant's Interrogatories in the above case are true and accurate to the best of my belief.

Further affiant sayeth naught.

Signed under the pains and penalties of perjury on this 26th day of April, 2005.

*Michael Dawe*
Michael Dawe

As to objections:

*Jason David Fregeau*
Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff