```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
                 CENTRAL DIVISION AT WORCESTER
```

MICHAEL DAWE,                         :          No. 04-40192-FDS
      Plaintiff             :
                            :
      v.                    :
                            :
CAPITAL ONE BANK,                     :
      Defendants            :
_____

Plaintiff's Memorandum in Opposition to Defendant's Second Motion
for Summary Judgment

_____

Plaintiff Michael Dawe continues to dispute owing anything to Defendant, which has failed to prove by competent evidence that any contractual obligation exists. As Defendant acknowledges at page 5 of its brief, Defendant has the initial burden of proving genuine issues of material fact. Defendant must prove, by competent evidence, that Mr. Dawe owes the alleged debt.

Documents offered to prove the matter asserted are hearsay and prohibited by Federal Rules of Evidence 801 & 802. An exception to the hearsay rule exists for records of regularly conducted activity. Fed. R. Evid. 803(6). "Admission as a business record requires "'the testimony of the custodian or other qualified witness.'" <u>Belber v. Lipson</u>, 905 F.2d 549, 552 (1st Cir. 1990) (quoting FRE 803(6)). The witness must have personal knowledge about the records and how they were created. <u>Id</u>. If the testimony

is in the form of an affidavit, the inclusion of these requirements is even more critical given that the opponent has no opportunity to cross-examine the witness. Without such a witness, the writings must be excluded. Id.

The documents proffered by Defendant are not authenticated by an individual with sufficient knowledge. Defendant's witness is a "Senior Associate" for Defendant, but just what a "Senior Associate" might be -- the duties and responsibilities for such a position -- are not provided. Moreover, there is no direct testimony that this "Senior Associate" is the custodian of records for Defendant or has any personal knowledge of the record keeping process for Defendant. While the affiant need not have been an employee who entered or oversaw the entry of information, the affiant must nevertheless be familiar with the record generation and retention procedures of the company. See id. Defendant's affiant provides no such testimony, and the affidavit -- along with the records they purportedly authenticate -- should be struck.

Regarding the substance of Mr. Dawe's claims, Defendant failed to note on Mr. Dawe's credit histories the fact that the alleged debt was in dispute and that Defendant could not use the courts to enforce the alleged obligation. This failure to provide complete and accurate information is a violation of the standards required by the Fair Credit Reporting Act ("FCRA") and a deceptive and

unfair act under Chapter 93A as well as negligent, defamatory, and the cause of severe emotional distress to Mr. Dawe.[1]

Under the FCRA, a furnisher of information must meet various standards of reporting. 15 U.S.C. s. 1681s-2. In particular, a furnisher of information is required to report any dispute of information to the credit bureau. 15 U.S.C. s. 1681s-2(a)(3). When a furnisher of information receives a dispute of information, the furnisher must conduct an investigation and correct the information as necessary. 15 U.S.C. s. 1681s-2(b). The "investigation" required by the FCRA is not perfunctory, but must reasonable:

> "The key term at issue here, 'investigation,' is defined as '[a] detailed inquiry or systematic examination.' Am. Heritage Dictionary 920 (4th ed. 2000); see Webster's Third New Int'l Dictionary 1189 (1981) (defining 'investigation' as 'a searching inquiry'). Thus, the plain meaning of 'investigation' clearly requires some degree of careful inquiry by creditors. Further, § 1681s-2(b)(1)(A) uses the term 'investigation' in the context of articulating a creditor's duties in the consumer dispute process outlined by the FCRA. It would make little sense to conclude that, in

---

[1] Mr. Dawe acknowledges that the Court's earlier decision regarding *res judicata* has an extensive deleterious impact on Mr. Dawe's case; however, while Defendant can focus on the fact that it was not estopped from informal collection, Defendant cannot refute the other facts -- of which Defendant is aware -- that underlie Mr. Dawe's claims.

>creating a system intended to give consumers a means to dispute-and, ultimately, correct-inaccurate information on their credit reports, Congress used the term "investigation" to include superficial, un reasonable inquiries by creditors.  Cf. <u>Cahlin v. Gen. Motors Acceptance Corp.</u>, 936 F.2d 1151, 1160 (11th Cir. 1991) (interpreting analogous statute governing reinvestigations of consumer disputes by credit reporting agencies to require reasonable investigations);  <u>Pinner v. Schmidt</u>, 805 F.2d 1258, 1262 (5th Cir. 1986) (same). We therefore hold that § 1681s-2(b)(1) requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified."

<u>Johnson v. MBNA America Bank, NA</u>, 357 F.3d 426, 431-32 (4th Cir. 2004). Therefore, a furnisher of information has a duty to perform a reasonable investigation and correct any inaccurate information.

   Mr. Dawe disputed the alleged debt, both in the context of the litigation against him and in writing to the credit reporting bureaus. Dawe Aff., pars. 3-5; Answer; Letter to Experian (June 4, 2004); Letter to Trans Union (June 4, 2004); Letter to Equifax (also known as "NCAC") (June 4, 2004). Defendant, however, failed to note this dispute on Mr. Dawe's credit histories. Dawe Aff., pars. 6-7; Result of Investigation from Trans Union; Result of Investigation from Experian; Result of Investigation from Equifax. Moreover, Defendant failed to note that it had lost the litigation against Mr. Dawe and was estopped from bringing any further legal actions. A reasonable creditor, reviewing a credit history, would assume that the obligation is legally enforceable and would offer

credit on terms that would reflect that assumption.

Consequently, there remains the jury question as to whether Defendant conducted a reasonable investigation as required FCRA section 1681s-2(b). The evidence currently before the Court, construed in Mr. Dawe's favor, is that any investigation done by Defendant was defective in that the results of that investigation did not cause Mr. Dawe's dispute to be provided and did not cause Defendant's litigation loss to be noted.

In regard to Chapter 93A, the omission of material information is an unfair and deceptive act. <u>Greenfield Country Estates Tenants Ass'n., Inc. v. Deep</u>, 423 Mass. 81, 84, 666 N.E.2d 988, 990 (1996). Moreover, the violation of a statute promulgated to protect consumers is a violation of Chapter 93A:2. 940 C.M.R. s. 3.16(3) Consequently, Mr. Dawe's Chapter 93A:2 claim remains a question to be determined at trial.

In regard to the common law claims, construing the evidence and making all fair inferences in Mr. Dawe's favor, there remains an issue as to whether Defendant's failure to provide accurate information was negligent or intentional, defamatory, and subjected Mr. Dawe to "ridicule and contempt". <u>See</u> Defendant's Motion, p. 13. Again, the FCRA sets the standard as to whether Defendant's investigation was proper in light of the dispute -- just how Defendant conducted its investigation, what documents

were reviewed, and what decisions were made and why remain a mystery. All that is known is that incorrect information appeared on Mr. Dawe's credit histories <u>even though Defendant was told that the information was incorrect</u>.

In regard to emotional distress, Defendant is incorrect in relying upon the *Sullivan* decision, which has been extended by the Supreme Judicial Court. In <u>Gutierrez v. Massachusetts Bay Trans. Auth.</u>, the SJC held that severe distress includes symptoms classified as more mental than physical:

> "The plaintiffs argue that Dominique's tears on the stand provided 'objective manifestations' of her emotional distress. Tears clearly are not the type of objective evidence contemplated in the *Sullivan* case, <u>where one of the plaintiffs presented evidence that he suffered from tension headaches, concentration and reading problems, sleeplessness, upset stomach, nightmares and depression</u>. *Id.*, 414 Mass. at 131. Subsequent cases deemed similar types of symptoms sufficient to provide 'objective evidence.' *See Kelly v. Brigham & Women's Hosp.*, 51 Mass. App. Ct. 297, 306, 745 N.E.2d 969 (2001) (plaintiff alleged symptoms such as <u>depression, cramps, shortness of breath and nightmares</u>); *Bresnahan v. McAuliffe*, supra at 282 (plaintiffs alleged symptoms such as <u>uncontrollable crying spells, stomach pain, headaches, loss of concentration, depression, anger, anxiety, loss of sexual relationship and nightmares</u>)."

437 Mass. 396, 412-13 (2002) (emphasis added). While a plaintiff cannot merely say that he or she was "angry" or

"humiliated", the damages for which a person can be compensated may be shown by the physical manifestations of "anger" or "humiliation". Mr. Dawe gives a sample of those physical manifestations of distress, Dawe Aff., par. 9, and can provide further testimony at trial of the physical manifestations of his emotional distress.

Consequently, Defendant's motion for summary judgment should be denied, and the Court should allow discovery to move forward.

                                Respectfully submitted,

                                /s/ Jason David Fregeau

                                Jason David Fregeau,
                                Trial Attorney (565657)

                                47 Lincoln Road
                                Longmeadow, MA 01106
                                413/567-2461
                                413/567-2932 fax

                                Attorney for Plaintiff

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 17th day of November, 2006.

                                /s/ Jason David Fregeau
                                _____
                                Jason David Fregeau, Esq.