Commonwealth of Massachusetts
## Worcester District Court

Worcester, SS

### Docket NO. 0262CV2639

| | | |
|---|---|---|
| Captial One Bank | ) | |
|     PLAINTIFF | ) | ANSWER |
| v. | ) | and |
| | ) | COUNTERCLAIM |
| Michael J Dawe | ) | |
|     DEFENDANT | ) | |

_____/

### ANSWER

Now comes the defendant and hereby specifically answers the allegations in plaintiff's complaint, to wit:

1. The Defendant denies he owes plaintiff any money for one or more of the following reasons

2. The plaintiff has not produced any evidence that is admittable in a court of proper jurisdiction.

3. On August 20, 2002 the defendant filed for Arbitration against the plaintiff. The plaintiff had every opportunity to answer the claim by the defendant.

4. On September 20, 2002 defendant was awarded arbitration in his favor against plaintiff for the sum of $13,469.32. ( Exhibit A) A copy of award was mailed to plaintiff and plaintiffs council.

5. On September 16,2002 defendant received letter (exhibit B) from plaintiff. Plaintiff claims defendant can only use certain arbitration companies in accordance with plaintiffs purported cardholder agreement. Predispute mandatory arbitration clauses in credit card holder policies are unconcisible and unenforceable as cited in recent court cases. (Exhibit C). (1st instance of fraud) FRAUD (Exhibit D) from law.com dictionary and I stress, "Since fraud is intended to employ dishonesty to deprive another of money,

property or a right." Extrinsic fraud occurs when deceit is employed to keep someone from exercising a right. The plaintiff has denied me my rights given to me under the 14th amendment.

6. On September 23,2002 the Defendant sent letter  (exhibit F) to plaintiff in response to  plaintiffs letter  dated September 16,2002 (exhibit  B)  and got no further response.

7.The plaintiff has filed suit which is in violation of plaintiff's own purported cerditcard holder agreement. I believe it states, " If arbitration is chosen by you or us, you or we will not have the right to go to court(except for small claims court) on that claim. (2nd instance of fraud) exhibit D

8.Plaintiff's council( The Law Office of Gary H. Kreppel) and  its employees know and unknow to me are in violation of the FEDERAL  Fair Debt Collection Practices Act.

9. Request was made  August 27, 2002 per F.D.C.P.A .  Exhibit E

10. Plaintiffs council either  refused to or did not respond to  request for proper validation per  F.D.C.P.A . In accordance with F.D.C.P.A a fine of $1000.00 for each violation is recoverable by the injured party.

11. The plaintiffs council has no standing in this court to bring forth a suit in this matter as per 209CMR 18.04(3) , 209 CMR1815(m) 1 and 209CMR1818(9)

12 Therefore the defendant asks the court  for a dismissal of this complaint.

## COUNTERCLAIM

Now comes the defendant and hereby specifically request actual and punitive damages  against plaintiff $13,469.32 actual damages and $20,000.00 punitive damages and plaintiffs council, hereby referred to as co-plaintiff The  Law office of Gary Kreppel and employees known and unknown to me for. $13,469.32 actual damages and $25,000.00 punitive damages. Damages sought are for  Fraud and conspiracy to commit fraud.

1. Plaintiff(Capital One Bank) ,Co-plaintiff  (The Law Office of Gary Kreppel and employees known and unknown to me)

2. The defendant seeks actual and punitive damages.

3. The plaintiff has use deceit and fraulent means to bring forth this suit against defendant with its purported credit card agreement and which as proof in recent court cases is unenforceable (exhibit C).

4. Fraud in any contract written or oral makes that contract null and void.

5. Conspiracy to commit fraud. The co-plaintiff has also used deceit and fraudulent means to bring forth this suit against the defendant.

6. The co-plaintiff has used inadmissible evidence to try to extort money from the defendant. I believe that is also fraud.

7. The co-plaintiff knows or should know that the predispute arbitration clause as well as other parts known or unknow to me in purported credit card agreements are unenforceable.

8. The co-plaintiff moving as a debt-collector or collection agency involving equity has no standing in law to bring forth a suit on that matter as per 209CMR1804(3), 209CMR1815(m)1and 209CMR1818(9).

9. Therefore the defendant seeks a judgment in his favor for actual and punitive damages against the plaintiff and co-plaintiff.

## VERIFICATION

The foregoing statements are true and correct to the best of my knowledge and belief.

DATED this 3 day of January, 2003.

Michael J Dawe, Defendant
744 Wheelwright Rd
Barre, Ma 01005
(978) 355-6742