UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| MICHAEL DAWE,<br>Plaintiff | │ | |
| v. | │ | C.A. No. 04-40192 |
| CAPITAL ONE BANK,<br>Defendant. | │ | |

## MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT FILED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Capital One Bank ("Capital One") moves pursuant to Fed. R. Civ. P. 56(e) to strike paragraphs 6 and 7 of the affidavit filed by the plaintiff Michael Dawe ("Dawe") in opposition to Capital One's motion for summary judgment because they fail to satisfy the prerequisites in Rule 56(e) for affidavits filed in opposition to motions for summary judgment. Rule 56(e) requires that opposing affidavits must "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein." Fed. R. Civ. P. 56(e). Because paragraphs 6 and 7 of the plaintiff's affidavit fail to satisfy these prerequisites, they should be stricken.

Under Rule 56(e), the "touchstone" of personal knowledge must be established by a particularized showing of the basis in fact for the affiant's knowledge. *Teragram Corporation v. Marketwatch.com, Inc.*, 2004 WL 3086883 (D. Mass. 2004); *see also Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). In paragraph 6 of his affidavit, Dawe asserts that "Defendant verified the alleged debt with all the credit bureaus and noted neither my dispute nor the fact that Defendant could no longer sue me." However, Dawe fails to set forth specific facts demonstrating that he made first-hand observations or has personal knowledge of what Capital One did or did not do with respect to the plaintiff's credit report. Although Capital One does not

dispute that it verified the plaintiff's debt when requested to do so by the credit bureaus to whom the debt was reported, the plaintiff is not competent to testify as to Capital One's actions, including whether Capital One noted the plaintiff's dispute or "the fact that Defendant could no longer sue me."[1] In this regard, his affidavit offers nothing more than "flights of fancy, speculations, hunches, intuitions or rumors about matters remote from" personal experience. *See Payne*, 337 F.3d at 772 (7th Cir. 2003), *citing Visser v. Packer Eng'g Assocs, Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). Accordingly, paragraph 6 of the plaintiff's affidavit should be stricken.

In addition, paragraph 7 of the affidavit and the documents referred to therein should be stricken. The plaintiff avers in this paragraph that "true and accurate copies of the results of investigations from credit bureaus are attached," but the documents at issue are inadmissible hearsay[2] and are not "true and accurate" because they clearly include only portions of the original documents, and therefore they would not be admissible in evidence. The documents purport to be written reports prepared by Equifax, Experian and Transunion, the three major consumer credit reporting agencies, in connection with their investigation of the plaintiff's dispute of his debt to Capital One.[3] However, they cannot be considered either "true" or "accurate" because they clearly are incomplete and therefore should not be relied upon. For example, the Equifax report indicates at the bottom that it is "Page 1 of 2," although the second

---

[1] Capital One denies that it had any obligation under the Fair Credit Reporting Act or any other federal or state statute or under the common law to report to credit bureaus the debt or that the legal effect of the dismissal of Capital One's state court collection action was to preclude Capital One from bringing suit on the debt, as the plaintiff argues for the first time in his opposition to Capital One's motion for summary judgment. In any event, the plaintiff lacks personal knowledge and has offered no evidence as to what Capital One reported or did not report to the credit bureaus.

[2] It is not clear from plaintiff's memorandum why these documents have been offered or what it is that they purport to prove, but Capital One assumes that the plaintiff has offered them to prove the truth of something set forth in or omitted from the documents.

[3] Again, Capital One does not dispute the plaintiff's contention that the consumer credit reporting agencies verified the plaintiff's debt with Capital One (as they were required to do under the Fair Credit Reporting Act) or that Capital One confirmed the debt (because the reported debt was accurate). However, because the documents relied upon by the plaintiff to support this contention are incomplete and not authenticated, the Court should not rely upon them in considering Capital One's motion for summary judgment.

page is not included with the affidavit. Similarly, the affidavit includes only 2 of the 12 pages of the Experian report and 2 of the 9 pages of the Transunion report, and the pages that are included clearly have been redacted to hide undisclosed text. Moreover, the documents are not admissible as business records because they are not accompanied by affidavit testimony of a custodian or other qualified witness to authenticate them. *See Belber v. Lipson*, 905 F.2d 549, 552 (1st Cir. 1990); *see also* Fed. R. Evid. 803(6).

## Conclusion

For the foregoing reasons, paragraphs 6 and 7 (and the documents referred to therein) of the plaintiff's affidavit in opposition to Capital One's motion for summary judgment should be stricken pursuant to Fed. R. Civ. P. 56(e).

Respectfully submitted,

**CAPITAL ONE BANK**

By its attorney,

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
Date: November 22, 2006          (781) 237-9188