UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **MICHAEL DAWE,** | \| |
| Plaintiff | \| |
| | \| |
| v. | \|   C.A. No. 04-40192 |
| | \| |
| **CAPITAL ONE BANK,** | \| |
| Defendant. | \| |

**CAPITAL ONE'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
(Leave to File Granted on November 20, 2006)

Defendant Capital One Bank ("Capital One") submits this brief memorandum in reply to the opposition of the plaintiff Michael Dawe ("Dawe") to Capital One's motion for summary judgment on all of the claims in his complaint.

**1. The Plaintiff Failed to Establish the Existence of a Genuine Issue of Material Fact With Respect to Any of His Claims, Including as to the Existence of His Debt to Capital One.**

As noted in Capital One's memorandum, the plaintiff's claims are based entirely and exclusively upon the assertion that the state court dismissal extinguished Dawe's debt to Capital One and that it therefore was wrong for Capital One to continue, after the dismissal, to report the debt to consumer credit agencies and to attempt to collect it. Summary judgment is appropriate because the plaintiff has failed to establish the existence of a genuine issue of material fact with respect to any of his claims, for two reasons.

First, the plaintiff failed to set forth in his opposition "specific facts showing that there is a genuine issue for trial." Under Rule 56(e), "when a motion for summary judgment is made and supported as provided in this rule, … the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue

for trial." The plaintiff may not rest upon mere allegations but must show by affidavit, deposition testimony or otherwise that a genuine issue of material fact remains for trial. *See* Fed.R.Civ.P. 56(e). Here, the plaintiff has not offered <u>any</u> affidavits, deposition testimony, answers to interrogatories, admissions or other evidence to support any of his claims.

Second, the plaintiff failed to set forth in his opposition "a concise statement of the material facts of record as to which [he] contend[s] that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation," as required by Local Rule 56.1. Pursuant to the rule, "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Local Rule 56.1. Thus, neither the existence of the plaintiff's debt to Capital One, the payment history associated with his account, his delinquency in making payments to Capital One, nor the amount of his debt to Capital One are in dispute.

> **2. The Plaintiff Failed to Establish the Existence of Genuine Issue of Material Fact With Respect to His Newly-Manufactured Allegations.**

Recognizing the "extreme deleterious impact" of the Court's ruling that the state court dismissal did not extinguish the plaintiff's debt as a matter of law, Dawe makes no attempt to refute Capital One's argument that he cannot prevail on any of his claims. Instead, he has offered (without any supporting evidence) an entirely new theory in which he asserts that Capital One failed "to note on Mr. Dawe's credit histories the fact that the alleged debt was in dispute and that Defendant could not use the courts to enforce the alleged obligation" and by failing to conduct a "reasonable investigation." No mention of these allegations – or any facts supporting them - appears anywhere in the complaint, in the letter attached to the complaint purporting to be a demand letter sent pursuant to

2

Mass. Gen. Laws Chapter 93A, or in any of the plaintiff's responses to any of Capital One's interrogatories, which specifically requested that the plaintiff explain the factual basis for all of his claims.[1] In any event, the plaintiff has failed to satisfy his burden of demonstrating the existence of a genuine issue of material fact with respect to these newly-manufactured allegations, and they are therefore insufficient to avoid summary judgment.

Again, the plaintiff's opposition fails to satisfy the requirement in Rule 56(e) that the adverse party's response to a properly supported motion for summary judgment must set forth "by affidavits or as otherwise provided in this rule … specific facts showing that there is a genuine issue for trial." Here, the plaintiff has not offered any admissible affidavits,[2] deposition testimony, answers to interrogatories, admissions or any other evidence as to what Capital One did or did not do in connection with the plaintiff's credit report. Thus, the plaintiff has failed to establish the existence of a genuine issue of material fact with respect to whether Capital One notified the consumer credit reporting agencies that the plaintiff disputed the debt (assuming *arguendo* that the plaintiff properly disputed the debt) or that Capital One "could not use the courts to enforce" the debt,[3] or

---

[1] The plaintiff objected to Capital One's discovery requests on the ground that the requests were irrelevant because the debt was extinguished by the state court dismissal. Having failed to offer this new theory of liability when presented with the opportunity to do so, he should not be permitted to spring it on Capital One in an attempt to avoid summary judgment.

[2] Capital One has moved pursuant to Fed. R. Civ. P. 56(e) to strike paragraph 6 of the plaintiff's affidavit in which he asserts that "Defendant verified the alleged debt with all the credit bureaus and noted neither my dispute nor the fact that Defendant could no longer sue me." The plaintiff lacks personal knowledge of what Capital One did or did not do and therefore this paragraph is inadmissible under Rule 56(e).

[3] The plaintiff has offered no statute, regulation, case law or any other rule of law to support the silly notion that Capital One had a duty to notify consumer credit reporting agencies that the means by which Capital One could collect an otherwise valid debt might be limited by the dismissal of the state court action. Insofar as the dismissal of the state court action did not extinguish the plaintiff's debt, Capital One had the right to report his failure to pay what he owed and it is ludicrous to suggest, as the plaintiff does, that a creditor reviewing the plaintiff's credit history would be more concerned about Capital One's ability to collect its debt than it would be about the plaintiff's history of failing to pay his debts.

with respect to the nature of the investigation that Capital One conducted (again assuming *arguendo* that the plaintiff properly disputed the debt). The mere *allegation* that Capital One did not conduct a reasonable investigation, without any affidavits made on personal knowledge, interrogatory answers, deposition testimony or other record evidence, is insufficient to satisfy the plaintiff's burden on summary judgment of establishing the existence of a genuine issue of material fact.[4]

### 3. Capital One's Affidavit in Support of Summary Judgment Satisfies the Requirements of Fed. R. Civ. P. 56(e) and is Uncontroverted.

The plaintiff does not dispute, and has offered no record evidence to refute, any of the statements of fact set forth in the affidavit filed by Capital One in support of its motion for summary judgment. To short, the plaintiff does not dispute that Capital One loaned him $15,381.00 in September 2000; that he made payments to Capital One from October 2000 until April 2002 but never made another payment to Capital One, and that at the present time he owes Capital One approximately $19,700. Neither does he dispute that any of the documents appended to the affidavit are anything other than what they purport to be – that is, copies of documents pertaining to his loan account with Capital One, including copies of his application for credit, the check he received to open the account, and the checks drawn on his account with Country Bank that he used to make payments to Capital One, each of which includes his Capital One account number and his signature.

---

[4] In fact, the plaintiff's allegation is refuted by correspondence from Capital One that he attached to his complaint that demonstrates that Capital One investigated and responded to his dispute. Given that the plaintiff disputed only the existence of the debt rather than the amount, it is difficult to discern what more Capital One might have been expected to do other than to review its records and determine that the debt (which the plaintiff does not dispute) in fact remained unpaid.

4

Instead, he asks the Court to ignore the affidavit on the spurious grounds that the affidavit fails to satisfy the requirements of Fed. R. Civ. P. 56(e). In particular, the plaintiff argues that Capital One's affiant is not qualified to establish the records attached to the affidavit as business records because he does not know what a "Senior Associate" is or what the duties or responsibilities of this position are. In fact, the affidavit satisfies the requirements of Rule 56.

Rule 56 requires that an affidavit filed in support of or in opposition to a motion for summary judgment be made "on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). In this case, Capital One's affiant testified <u>under oath</u> that she <u>personally</u> reviewed the records of Capital One as they pertain to the plaintiff's loan account, that the records she reviewed were created or maintained by Capital One in the ordinary course of business, and that the documents appended to the affidavit are true and accurate copies of the documents maintained in Capital One's records, most of which are copies of the plaintiff's own checks or documents bearing his signature. If any of these documents were not what Capital One's affiant says they are, the plaintiff would be in the best position to refute her testimony but he did not do so.

Moreover, Capital One's affiant is qualified to establish that the documents appended to the affidavit are admissible as business records based on her unrefuted testimony that the documents are true and accurate copies of documents maintained by Capital One in the ordinary course of business. Fed. R Evid. 803(6). The instant case is distinguishable from the case relied upon by the plaintiff. In *Belber v. Lipson*, the issue

before the First Circuit Court of Appeals was whether the custody by one doctor of the medical records of another make the documents the business records of the custodian. 905 F.2d 549, 552 (1st Cir. 1990).  The First Circuit rejected this notion because the custodian did not create the documents and knew nothing about the documents other than that he had received them from an attorney involved in the litigation.  Here, there is no dispute as to what the documents appended to the affidavit are, or that the documents were in fact maintained by Capital One in the ordinary course of business in connection with the plaintiff's delinquent loan account.  Insofar as the "reliability and trustworthiness of the records" themselves have not been questioned, the Court should not disregard them, as the plaintiff suggests.

## Conclusion

For the reasons set forth above, Capital One requests that the Court allow Capital One's motion for summary judgment on all of the plaintiff's claims.

Respectfully submitted,

**CAPITAL ONE BANK**

By its attorney,

_____/s/ Bruce D. Berns_____
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
Date: December 1, 2006        (781) 237-9188