```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
                CENTRAL DIVISION AT WORCESTER
```

MICHAEL DAWE,                      :         No. 04-40192-FDS
       Plaintiff         :
                         :
   v.                            :
                         :
CAPITAL ONE BANK,                  :
       Defendants        :
_____

Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike
_____

Defendant apparently makes three arguments: (1) Mr. Dawe's testimony in paragraph 6 is speculation, (2) the documents attached are incomplete, and (3) the documents constitute hearsay, though Defendant cannot say exactly how they are hearsay. Each argument is fallacious, and Defendant's motion should be denied.

First, Mr. Dawe's complete testimony in Paragraph 6 is:

> "Defendant verified the alleged debt with all the credit bureaus and noted neither my dispute nor the fact that Defendant could no longer sue me."

Curiously, Defendant admits the first portion of Mr. Dawe's statement as true:

> "Capital One does not dispute that it verified the

>     Plaintiff's debt when requested to do so by the credit
>     bureaus to whom the debt was reported...."

Defendant's Motion, pp. 1-2. Consequently, as to whether Mr. Dawe is competent to testify regarding Defendant's actions is moot.

Regarding the second half of Mr. Dawe's statement, he points out the significance of the credit bureau reports attached to the affidavit: neither his dispute nor Defendant's unsuccessful lawsuit appears on the reports. Mr. Dawe's statement is offered to point out this fact to the Court and is, at worst, cumulative.

<u>Second</u>, Defendant complains that the documents are incomplete, but offers no authority for its assertion that they should be struck. In fact, Federal Rule of Evidence 106 provides procedures for when a partial document is introduced -- the other party may require the introduction of the remainder of the document "which ought in fairness to be considered contemporaneously with it." Nothing in the Rule requires the exclusion of a partial document.

Defendant does not assert that the offered portions -- Defendant's specific credit entries -- are incorrect, disfigured, or incomplete. Defendant has not asked for the introduction of the balance of Mr. Dawe's credit histories. Indeed, credit histories contain protected private information and are discoverable only when absolutely necessary. <u>In re Grand Jury Subpoena to the Credit Bureau of Greater Harrisburg</u>, 594 F. Supp. 229, 233 (M.D. Penn.

1984) (credit reports cannot even be provided in response to grand jury subpoenas). Mr. Dawe has provided the portions of his credit histories that are absolutely necessary to prove his case.

Finally, Defendant makes a nebulous argument that the credit reports constitute hearsay, but cannot explain the assertion for which the documents have been proffered. Defendant's Motion, p. 2 n.3. Indeed, the reports are not offered to prove any matter asserted, but are offered for what they show on their faces -- no dispute and no report of Mr. Dawe's lower court victory appear. If Mr. Dawe offered the credit reports to prove what is stated, e.g. the alleged amount owed, then that offering would constitute hearsay.

Mr. Dawe authenticates these documents as his credit reports in his affidavit, so no business record exception to the hearsay rule is necessary. Since Defendant admits confirming the alleged debt with the credit bureaus, (Defendant's Memo, p. 2 n.3), the Court can make the fair inference that Defendant failed to report accurate information. Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms...." Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993); see also Ditty v. Checkrite, Ltd., Inc., 973 F. Supp. 1320, 1331 (D. Utah 1997). This power is the very reason why Congress, via the FCRA, meant for consumers' credit reports to be accurate. See 15 U.S.C. ss. 1681 & 1681s-2; Williams v. Equifax Credit Info.

Serv., 892 F. Supp. 951, 953 (E.D. Mich. 1995). The Court should deny Defendant's motion to strike.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 4th day of December, 2006.

/s/ Jason David Fregeau
_____
Jason David Fregeau, Esq.