UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| | ) | |
| **MICHAEL DAWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **04-40192-FDS** |
| | ) | |
| **CAPITAL ONE BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

**SAYLOR, J.**

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §
1681-1681u, and various state law theories. Plaintiff Michael Dawe alleges that defendant Capital
One Bank improperly continues to collect on a debt and report the debt to consumer credit
agencies after collection proceedings on the same debt were dismissed by the Worcester District
Court in 2003.

On December 19, 2005, Capital One moved for partial summary judgment, asking the
Court to find that plaintiff's debt was not extinguished by the judgment of involuntary dismissal in
the state court action. The Court held, in a memorandum and order dated October 4, 2006, that
the state court dismissal did not extinguish the underlying indebtedness as a matter of law, and
that the doctrines of claim preclusion and issue preclusion did not bar defendant from raising the
debt's validity as a factual defense in this action. However, because Capital One did not seek
judgment in its favor as to any particular count of the complaint, the Court denied defendant's

motion for partial summary judgment without prejudice and granted the parties additional time to address the effect of the Court's rulings on the claims in this case.

Defendant has now moved for summary judgment as to all counts. Capital One contends that every count in plaintiff's complaint is premised on the theory that the alleged debt was extinguished by the state court dismissal, and that this Court's rejection of that theory entitles defendant to a judgment as a matter of law. In addition, defendant has moved to strike certain paragraphs of plaintiff's affidavit filed in support of the opposition to the motion for summary judgment.

The Court, however, does not reach Capital One's summary judgment arguments at this time. Although no party has raised the issue, it appears that most of plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).[1]

## I.     Federal Law Claims

In Counts 1 and 2 of the complaint, plaintiff asserts that Capital One intentionally and negligently violated the FCRA. The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit" and other information "in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). Prompted by congressional concern over abuses in the credit reporting industry, the FCRA safeguards the "confidentiality, accuracy, relevancy and proper utilization" of consumer credit information. *See id.*

---

[1] 5C CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 1361, at 95 (2004) (stating that Rule 12(b)(6) motions "may be considered by the court even when interposed after the responsive pleading has been filed, although technically they no longer are Rule 12(b) motions").

2

The FCRA imposes responsibilities on three types of entities: (1) users of consumer reports, (2) consumer reporting agencies, and (3) furnishers of information. *See Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004). In the present case, Capital One is a "furnisher of information." Its responsibilities in connection with providing information to consumer reporting agencies is therefore governed by 15 U.S.C. § 1681s-2. *See id.* Section 1681s-2 imposes two duties upon such furnishers of information: "the duty to provide accurate information [§ 1681s-2(a)] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§ 1681s-2(b)]." *Id.* (quotation and internal citation omitted).[2]

To the extent plaintiff's FCRA claims are brought under § 1681s-2(a) (the duty to provide accurate information), they are subject to dismissal. Pursuant to §§ 1681s-2(c) and (d), the enforcement of violations of § 2(a) is limited exclusively to certain state and federal officials. *Id.* "Consequently, courts have consistently held that there is no private action for violations of § 1681s-2(a)." *Id.*; *see also Aklagi v. NationsCredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002).

By contrast, courts have held that such a private action does exist for violations of § 1681s-2(b) (the duty to undertake an investigation). *See, e.g., Gibbs*, 336 F. Supp. 2d at 11; *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003), and cases cited. Defendant contends, however, that the factual allegations contained in the complaint cannot support a failure to investigate claim under § 2(b). The Court disagrees.

Section 1681s-2(b) provides that, upon receiving notice of a dispute from a consumer

---

[2] It is not entirely clear from the face of the complaint whether plaintiff is alleging violations of § 1681s-2(a) or (b). For present purposes, the Court will assume that the FCRA claims are brought pursuant to both sections.

reporting agency, a furnisher of information must "conduct an investigation with respect to the disputed information," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1). In the present action, the complaint alleges (1) that Capital One reported a debt, allegedly owed by plaintiff, to various consumer reporting agencies; (2) that plaintiff contacted the consumer reporting agencies, disputing the alleged debt; (3) that Capital One confirmed this debt with the agencies; and (4) that "[a]s a consequence of . . . Defendant's failure to remove the wrong information from his credit report, Mr. Dawe has suffered [harm]." (Compl. ¶ 31). Taking these allegations as true, and viewing them in the light most favorable to the plaintiff, the Court concludes that the complaint states a claim under § 1681s-2(b).

Alternatively, defendant contends that it is entitled to summary judgment on the § 2(b) claim because "plaintiff has not offered any admissible affidavits, deposition testimony, answers to interrogatories, admissions or any other evidence as to what Capital One did or did not do in connection with the plaintiff's credit report." (Pl.'s Reply at 3). As to this claim, however, summary judgment is not appropriate at this time.

Following an October 12, 2005 status conference, the parties determined that resolution of a narrow legal issue—whether the state court dismissal extinguished the alleged debt—might allow them to end this lawsuit without further discovery or trial. The parties then agreed, with the Court's indulgence, to hold off on further discovery and to move for partial summary judgment on that narrow issue. As noted above, the Court resolved this legal dispute in its October 4, 2006

4

memorandum and order. It then permitted the parties additional time to address the effect of its

ruling on the claims in this case.

The present issue—if there are genuine issues of material fact as to whether defendant

reasonably investigated the disputed debt and whether it thereafter corrected any inaccurate

information on Dawe's credit report—would seem to be beyond the scope of the narrow legal

issue described above. To grant summary judgment on this claim now, before the parties have

fully completed discovery, would appear to be potentially unfair to the plaintiff. Indeed, in its

motion for summary judgment, defendant states that

> [i]f Capital One's motion is denied, Capital One requests that the Court schedule a
> conference to establish a schedule for completing discovery, motions, and other
> pre-trial matters.

(Pl.'s Mem. Supp. Mot. Summ. J. at 1 n.1). Accordingly, the Court declines at this stage to grant

summary judgment as to Dawe's claim under § 1681s-2(b).

## II.    <u>State Law Claims</u>

Plaintiff's remaining claims, Counts 3 through 7, are brought under state law theories.

Specifically, the complaint alleges violations of Mass. Gen. Laws ch. 93A (Count 3); negligent

and intentional infliction of severe emotional distress (Counts 4 and 5 respectively); negligence

(Count 6); and defamation (Count 7).

It appears that all of plaintiff's state law claims are preempted by the FCRA's general

preemption provision, 15 U.S.C. § 1681t(b). Section 1681t(b) provides, in relevant part, that

> [n]o requirement or prohibition may be imposed under the laws of any
> State . . . with respect to any subject matter regulated under . . . section 1681s-2 of
> this title, relating to the responsibilities of persons who furnish information to
> consumer reporting agencies [with certain exceptions, not applicable here].

15 U.S.C. § 1681t(b)(1)(F).  "This section has been called 'the absolute immunity provision' which, if applicable, bars any state law claim based on conduct which is governed by § 1681s-2." *Gibbs*, 336 F. Supp. 2d at 13 (citing *Aklagi*, 196 F. Supp. 2d at 1194); *see also Leet v. Cellco Partnership*, No. 06-40096, 2007 WL 927232, at *5-6 (D. Mass. Mar. 27, 2007).  Thus, it appears that Dawe's state law claims are preempted and should be dismissed.

*     *     *

The Court will not immediately dismiss plaintiff's § 1681s-2(a) claim or his state law claims *sua sponte*.  Instead, plaintiff will be given an opportunity to respond and show cause as to why these claims should survive dismissal.  *See Literature, Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir. 1973) ("[A] district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint.  Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.").

## III.    Motion to Strike

In light of the foregoing, defendant's motion to strike will be denied as moot.  This dismissal is without prejudice to renewal of the motion at an appropriate time.

## IV.    Conclusion

For the reasons stated above,

1.    defendant's motion for summary judgment is DENIED as moot; and

2.    defendant's motion to strike is DENIED as moot.

Plaintiff Michael Dawe shall have 30 days from the date of this order to show cause as to why the federal law claim, to the extent it is brought pursuant to 15 U.S.C. § 1681s-2(a), and the

state law claims should not be dismissed for failure to state a claim upon which relief can be granted.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: April 13, 2007