IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION AT WORCESTER

MICHAEL DAWE,                  :          No. 04-40192-FDS
    Plaintiff              :
                               :
    v.                     :
                               :
CAPITAL ONE BANK,              :
    Defendants             :
_____

Plaintiff's Memorandum in Response to the Order to Show Cause
_____

Plaintiff Michael Dawe concedes that no private right of action exists under FCRA section 1681s-2(a) and seeks liability only pursuant to section 1681s-2(b). See Plaintiff's Memo Opp. MSJ, p. 5 ("Consequently, there remains the jury question as to whether Defendant conducted a reasonable investigation as required FCRA section 1681s-2(b).")[1]

In regard to preemption, Chapter 93A applies through M.G.L. 93 s. 54A(a), which is explicitly exempt under section 1681t(b)(1)(F)(i). As noted by the Court in <u>Leet v. Cellco Partnership, d/b/a Verizon Wireless</u>, "It is therefore possible that Congress has excepted § 54A(a) from preemption without

---

[1] While there exists no private cause of action, the requirements of section 1681s-2(a) are incorporated by reference in 1681s-2(b)(1)(B).

page 1

providing for a mechanism by which it can be enforced." No. 06-40096-FDS, Slip op. 16 n.7 (D. Mass. Mar. 27, 2007) (attached). Such an interpretation, however, should be avoided. See Islam v. Option One Mort. Corp., 432 F. Supp.2d 181, 189 (D. Mass. 2006).

Massachusetts is not preempted from enforcing section 54A(a). Section 1681t must be read in continuity:

> "No requirement or prohibition may be imposed under the laws of any State--
> "(1) with respect to any subject matter regulated under--
> ...
> "(F) section 1681-s of this title... except that this paragraph shall not apply--
> "(i) with respect to section 54A(a)...."

Consequently, Massachusetts may impose prohibitions or requirements with respect to the "subject matter" of section 54A(a). Since "subject matter" is a blanket prohibition, (see Leet, Slip op. at 9 n.2), any exception carved out for section 54A(a) must be as broad. Congress allowed Massachusetts to regulate the "subject matter" under 54A(a), including the provision of private causes of action.

Congress is presumed to have been aware of the entirety of Chapter 93 when it passed the section 54A(a) exception. Pursuant to section 68, "Failure to comply with the provisions of sections fifty through sixty-seven shall constitute an unfair trade practice under the provisions of clause (a) of section two

of chapter ninety-three A." Consequently Chapter 93A, an important part of Massachusetts consumer law, imposes further prohibitions and requirements upon the "subject matter" of section 54A(a).[2]

Given Congress' exception to preemption, the Court should not dismiss Mr. Dawe's Chapter 93A claim. In regard to the other state law causes of action, Mr. Dawe is aware of the Court's finding in Leet that there exists no tension between section 1681h and 1681t. Since other trial courts find to the contrary and since no Court of Appeals has addressed the issue, Mr. Dawe respectfully argues that the tension exists and that the state claims which contain a component of malice or willful intent to injure, i.e. Chapter 93A, intentional infliction of emotional distress, and defamation, not be dismissed. Likewise, Mr. Dawe's negligence and negligent infliction of emotional distress claims, explicitly premised upon Defendant's collection attempts, should not be dismissed. See Islam, 432 F. Supp. 2d at 197.

---

[2] M.G.L. ch. 93 ss. 63 & 64 are applicable, as well as section 54A(g), and are a part of Mr. Dawe's Chapter 93A claim.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

### Certificate of Service

I certify that a copy of the foregoing Plaintiff's Memorandum in Response to the Order to Show Cause has been served by electronic means upon Defendant's counsel at 47 Church St., Ste 301, Wellesly, MA 02482-6326, this 25th day of April, 2007.

/s/ Jason David Fregeau
_____
Jason David Fregeau, Esq.