UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| MICHAEL DAWE,<br>　　　　Plaintiff | \|<br>\|<br>\| |
| v. | \| C.A. No. 04-40192<br>\| |
| CAPITAL ONE BANK,<br>　　　　Defendant. | \|<br>\| |

### DEFENDANT'S MEMORANDUM IN REPLY TO
### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
(Leave to File Granted on April 26, 2007)

Defendant Capital One Bank ("Capital One") submits this brief memorandum in reply to the memorandum filed by plaintiff Michael Dawe ("Dawe") in response to the Court's order dated April 13, 2007, to show cause as to why the plaintiff's federal law claim, to the extent it is brought pursuant to 15 U.S.C. § 1681s-2(a), and the plaintiff's state law claims should not be dismissed for failure to state a claim upon which relief can be granted. For the reasons stated in the Court's Memorandum and Order on Defendant's Motion for Summary judgment and Motion to Strike dated April 13, 2007 (the "Court's Memorandum"), these claims should be dismissed.

### The Federal Law Claim

In his memorandum, the plaintiff concedes that his federal law claim cannot survive to the extent that it is brought pursuant to 15 U.S.C. § 1681s-2(a) because no private right of action exists under that section of the Fair Credit Reporting Act ("FCRA"). He asserts, however, that his claim against Capital One was brought pursuant to §1681s-2(b) of FCRA, which imposes a duty on a furnisher of information, upon "receiving a notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of information" furnished to the consumer reporting agency, to "conduct an investigation with respect to the disputed information…." 15 U.S.C. § 1681s-2(b); *see Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D.

Mass. 2004). The plaintiff's assertion is disingenuous at best given that he did not allege anywhere in his complaint either that Capital One ever received a notice of dispute from a consumer reporting agency or that it failed to undertake an investigation,[1] and, to the extent that the Court assumes that the plaintiff's federal claim was brought pursuant to section 2(b) (*see* Court's Memorandum at 3, n. 2), it also is subject to dismissal because the plaintiff has not alleged that Capital One ever received a notice from a consumer reporting agency that the credit information was disputed. *See Gibbs, supra* at 11-12, *citing Aklagi v. NationsCredit Fin. Services Corp.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) ("courts have 'uniformly' concluded that § 2(b) 'provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed"); *see also Leet v. Cellco Partnership d/b/a Verizon Wireless*, --- F.Supp.2d ----, 2007 WL 927232 (D. Mass. 2007).

### The State Law Claims

All of the plaintiff's state law claims relate to the subject matter of § 1681s-2 and therefore are preempted by the plain language of § 1681t(b)(1(F). For the reasons expressed by this Court in *Leet, Gibbs,* and *Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 193

---

[1] Until the plaintiff's recent pronouncement that his is a "failure to investigate" claim, the plaintiff has prosecuted this case based upon the narrow – and now-discredited - premise that it was unlawful for Capital One to attempt to collect the subject debt because the dismissal of Capital One's state court lawsuit extinguished the otherwise undisputed debt. The narrow scope of the complaint is underscored by the parties' mutual focus on this narrow legal issue as reflected in, for example, their Joint Motion for Extension of Discovery Cutoff (Docket No. 26) ("The parties agree that this case turns upon a narrow legal issue, i.e., whether the state court's judgment extinguished a debt allegedly owed by Plaintiff to Defendant.") and their Joint Motion to Reschedule Status Conference (Docket No. 33). Even the plaintiff's responses to Capital One's discovery requests, in which he repeatedly asserted that "[w]hether Mr. Dawe owed the alleged debt is not at issue. Rather, the issue is the litigation against Mr. Dawe and the legal effect of the judgment dismissing Defendant's claim," confirm that this case is not, and never has been about a failure to investigate. *See, e.g.,* Capital One's Motion to Compel and other documents filed in connection therewith (Docket Nos. 16-18, 21 and 22).

(D. Mass. 2006), there is no "tension" created by § 1681(h(e) in this case, as the plaintiff suggests.[2]

Moreover, plaintiff's Chapter 93A claim is not saved by his assertion that "Chapter 93A applies through M.G.L. 93 s. 54A(a), which is explicitly exempt under section 1681t(b)(1(F)(i). First, unlike the plaintiffs in *Leet* and *Islam*, Dawe has not asserted a claim under § 54A(a). Second, even if he had, it would be preempted because, although FCRA exempts § 54A(a) from the so-called "absolute immunity provision" in §1681t(b)(1)(F), it does not exempt § 54A(g) of the state statute, by which a private cause of action for violations of § 54A(a) was created. *See Leet, supra; Gibbs, supra* at 13; *Islam, supra* at 186-89. Insofar as Chapter 93A is a "requirement imposed by state law" and the plaintiff's Chapter 93A claim directly relates to the subject matter of § 1681s-2, the claim is preempted by FCRA § 1681t(b)(1)(F).

Respectfully submitted,

**CAPITAL ONE BANK**

By its attorney,

/s/ Bruce D. Berns
Bruce D. Berns (BBO# 551010)
Abendroth, Berns & Warner LLC
47 Church Street, Suite 301
Wellesley, MA 02482
(781) 237-9188

Date: May 4, 2007

---

[2] To the extent that any of these claims are premised upon Capital One's collection attempts, as the plaintiff contends, they should be dismissed for the reasons set forth in Capital One's motion for summary judgment based upon the Court's determination that the dismissal of the state court action did not extinguish the plaintiff's otherwise undisputed debt as a matter of law.

3

**Certificate of Service**

I certify that the above document was filed electronically on May 4, 2007, which transmission constitutes, pursuant to LR. D. Mass., 5.4(c), service of the foregoing document upon registered ECF users, including counsel for the plaintiff.

      /s/ Bruce D. Berns
      Bruce D. Berns (BBO# 551010)