<strong>UNITED STATES DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS</strong>

|  |  |
|---|---|
| ) | |
| **MICHAEL DAWE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-40192-FDS |
| ) | |
| **CAPITAL ONE BANK,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER FOR PARTIAL DISMISSAL

**SAYLOR, J.**

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681u, and various state law theories. Plaintiff Michael Dawe alleges that defendant Capital One Bank improperly continues to collect on a debt and report the debt to consumer credit agencies after collection proceedings on the same debt were dismissed by the Worcester District Court in 2003.

On April 13, 2007, this Court issued a Memorandum and Order on Defendant's Motion for Summary Judgment and Motion to Strike, directing plaintiff to show cause why his claim under 15 U.S.C. § 1681s-2(a) (the duty to provide accurate information)[1] and his state law claims alleging violations of Mass. Gen. Laws ch. 93A, negligent and intentional infliction of severe emotional distress, negligence, and defamation should not be dismissed *sua sponte* for the reasons stated therein. Plaintiff filed a response to the order to show cause on April 25, 2007, and

---

[1] From the face of the complaint, it was unclear whether plaintiff was bringing his FCRA claims under § 1681s-2(a) (the duty to provide accurate information) or § 1681s-2(b) (the duty to undertake an investigation). In its April 13 Memorandum and Order, this Court addressed both of the possible claims.

defendant replied to plaintiff's response on May 4, 2007.

**I.    Federal Law Claim**

In his show cause response, plaintiff conceded that there is no private right of action under 15 U.S.C. § 1681s-2(a) and clarified that he only seeks FCPA liability pursuant to § 1681s-2(b). For the reasons stated in the Court's April 13 Memorandum and Order, plaintiff's claims under § 1681s-2(b) (Counts 1 and 2) are not subject to dismissal.

**II.    State Law Claims**

In its April 13 Memorandum and Order, this Court noted that plaintiff's state law claims appear to be preempted by the FCRA's general preemption provision, 15 U.S.C. § 1681t(b). Section 1681t(b) provides, in relevant part, that

> [n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws . . .

15 U.S.C. § 1681t(b)(1)(F)(i).

**A.    Violation of Mass. Gen. Laws ch. 93A**

In his show cause response, plaintiff contends that "Chapter 93A applies through [Mass. Gen. Laws ch. 93] § 54A(a)" and that the exception in § 1681t(b)(1)(F)(i) should be read broadly to allow the enforcement of a Massachusetts provision for private right of action. In arguing against preemption, plaintiff combines the following two claims: (1) the claim of engaging in unfair and deceptive practices (Mass. Gen. Laws ch. 93A) and (2) the claim of violating the Massachusetts Credit Reporting Acting ("MCRA") (Mass. Gen. Laws ch. 93, § 54A). Plaintiff's complaint alleges only violations of Chapter 93A (Count 3), not violations of the MCRA,

however in the interest of efficiency, the Court addresses both claims.

To the extent that plaintiff's claim against defendant is for engaging in unfair trade practices, violating Chapter 93A, that claim is preempted by the FCRA. As this Court held in the case of *Leet v. Cellco Partnership*, "Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on [defendant]'s reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681s-2." 480 F. Supp. 2d 422, 434 (D. Mass. 2007). Here, plaintiff's Chapter 93A claim is based on defendant's alleged actions related to its reporting of information to consumer credit agencies (the subject matter of § 1681s-2), therefore plaintiff's Chapter 93A claim is preempted.[2]

If this Court considers Count 3 of the complaint to be a claim that defendant violated the Massachusetts Credit Reporting Act ("MCRA") (Mass. Gen. Laws ch. 93, § 54A), that claim is similarly preempted by the FCRA. As the Court has held in a comparable case, "while the FCRA expressly exempts § 54A(a) from its preemptive reach, it includes no such exemption for § 54A(g)—the provision that creates a private cause of action for violations of § 54A(a). In the Court's view, the absence of express language exempting § 54A(g) from the FCRA's preemption provision is fatal." *Leet*, 480 F. Supp. 2d at 433; *see also Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 186-89 (D. Mass. 2006)*; Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 13 (D. Mass. 2004). Accordingly, plaintiff's claim under Mass. Gen. Laws ch. 93A (Count 3) is preempted and therefore dismissed.

---

[2] To the extent that plaintiff alleges a violation of Chapter 93A based on defendant's response to plaintiff's demand letter, that allegation is subject to dismissal for failure to state a claim because a failure to respond or an inadequate response to a demand letter is not itself a violation of Chapter 93A. *See Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 627 (1978); *Castanouribe v. McBride*, 2001 WL 920697, at *3 (Mass. App. Div. Aug. 7, 2001).

**B.    Other State Law Claims**

In response to this Court's suggestion that plaintiff's remaining state law claims—negligent and intentional infliction of severe emotional distress, negligence, and defamation—are similarly preempted by the FCRA's general preemption provision, plaintiff contends that "tension exists" between the 15 U.S.C. §§ 1681h and 1681t, so his state claims that "contain a component of malice or willful intent to injure" should not be dismissed.  Further, plaintiff contends that his negligence and negligent infliction of emotional distress claims should similarly not be dismissed.  The Court is not persuaded by plaintiff's bare contentions.

As was the case in *Leet v. Cellco Partnership*, § 1681h is not implicated in the case at bar, so only § 1681t applies. 15 U.S.C. §§ 1681h(e), 1681t(b); *Leet,* 480 F. Supp. 2d at 430; *see also Islam*, 432 F. Supp. 2d at 193-94.  Because each of plaintiff's state law claims stems from or relates to the subject matter of the FCRA's § 1681s-2—responsibilities of furnishers of information to consumer reporting agencies—each falls squarely within the plain language of    § 1681t(b)(1)(F) and is therefore preempted. 15 U.S.C. §§ 1681s-2, 1681t(b)(1)(F); *see also Islam*, 432 F. Supp. 2d at 194 (holding negligence claim was preempted by the FCRA to the extent it relied on defendant's alleged negligence in reporting information to credit agencies).  Accordingly, plaintiff's claims for negligent and intentional infliction of severe emotional distress (Counts 4 and 5 respectively), negligence (Count 6), and defamation (Count 7) will be dismissed.

**III.    Conclusion**

For the foregoing reasons, and for the reasons previously outlined in the April 13, 2007 Memorandum and Order, the Court finds plaintiff's show cause response to be insufficient to state a claim for violations of Mass. Gen. Laws ch. 93A, negligent and intentional infliction of severe

4

emotional distress, negligence, or defamation. Accordingly, it is hereby ORDERED that Counts 3-7 of plaintiff's complaint are dismissed for failure to state a claim upon which relief can be granted.

**So Ordered.**

                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
                                            United States District Judge

Dated: October 24, 2007